| Case No. | CR 09-933 CAS | | Date | July 6, 2011 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| ISABEL MARTINEZ | LAURA ELIAS | DAVID HERZOG<br>KAREN MEYER<br>PATRICIA DONAHUE |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN | X | X | | Daniel Davis | X | | X |

**Proceedings:** **GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S COMMISSION OF OTHER OFFENSES OF SEXUAL ASSAULT AND CHILD MOLESTATION PURSUANT TO FRE 413, 414 & 404(b)** (filed 1/14/11)

## I.   INTRODUCTION

Defendant is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct, pursuant to 18 U.S.C. § 2423 (b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places, pursuant to 18 U.S.C. § 2423(c); and one count of Commission of a Felony Offense by a Registered Sex Offender, pursuant to 18 U.S.C. § 2260(A). First Superseding Indictment, December 3, 2010. The charges arise from alleged illicit sexual acts undertaken by defendant with a girl in Cambodia, identified as S.L.

## II.   DISCUSSION

The government seeks to admit evidence of prior sexual offenses pursuant to Rules 413 and 414. Mot. at 1. The government further argues that the evidence sought to be introduced is also admissible pursuant to Rule 404(b) "because this evidence demonstrates defendant's intent, identity, knowledge, and modus operandi in committing the charged offenses." Id. at 3. "Specifically, the government seeks to introduce testimony from victims K.S. and S.C., who were 16 years old when defendant raped them in Orange County, California, in the early 1990s, as well as the conviction documents from defendant's resulting 1994 conviction on eighteen

counts of unlawful sexual intercourse with a minor, in violation of California Penal Code Section 261.5, and four counts of oral copulation with a person under 18 years of age, in violation of California Penal Code Section 288a(b)(1). [1] The government will also introduce testimony from three minor girls, whose initials are K.L., TyP, and TaP, regarding defendant's illicit sexual conduct with them in Cambodia from 2002 to 2006." [2] Id. at 2.

The government contends that the evidence sought to be introduced is admissible under rules 413 and 414 because the charged conduct is both a sexual assault and an act of child molestation, and the proffered evidence is evidence of prior acts of sexual assault (with respect to the California victims) and of sexual assault and child molestation (with respect to the alleged additional victims in Cambodia). Id. at 24-25. The government asserts that Rules 413 and 414 therefore allow admission of this evidence to prove defendant's propensity to commit the instant offense. "[I]n addition to the non-character purposes allowed under Rule 404(b), evidence of a defendant's other sexual assault of child molestation offenses may be admitted under Rules 413 and 414 to show his propensity to commit the charged sexual offenses. In addition, Rules 413 and 414 operate under a presumption that evidence of prior sexual assault and child molestation offenses is admissible, and no time limit on a defendant's conduct bars this presumption of admissibility." Id. at 1. The government contends that the Court should undertake the following inquiry to determine whether to admit evidence under Rules 413 and 414: "(1) whether the defendant is accused of an offense of child molestation or sexual assault; (2) whether the proffered evidence is proof of another child molestation or sexual assault; and (3) whether the proffered evidence is relevant." Id. at 23-24, citing United States v. McHorse, 179 F. 3d 889, 897-98 (10th Cir. 1999). As to the third factor to be considered under McHorse, the government argues that the evidence is highly relevant "because it demonstrates [defendant's] overwhelming need to satisfy his sexual interest in young girls. Specifically, this evidence is probative of defendant's propensity to force young girls to copulate him orally until he ejaculates in their mouths, and to bite their legs and feet." Id. at 27.

---

[1] In the government's supplemental brief, it added an additional alleged victim from California, V.R., whose testimony it sought to introduce.

[2] In reply, the government limits its request for live testimony only from K.L., TaP, and TyP. With respect to defendant's prior convictions, the government requests admission of "certified conviction documents establishing defendant's 1994 California conviction, without live testimony from defendant's California victims, provided that the Court orders defendant not to make any reference to the facts underlying that conviction." Reply at 2. "Should defendant make reference to the facts underlying his 1994 conviction, he will have opened the door to a full exploration of all the facts through the live testimony of his California victims." Id. at 4.

Moreover, the government argues, the prejudice attendant to the admission of the evidence does not far outweigh its probative value, and therefore the evidence need not be excluded pursuant to Rule 403. Id. at 27. The government contends that the Court should consider the following factors in making this determination: "(1) the similarity of the prior act to the act charged; (2) the closeness in time of the prior act to the act charged; (3) the frequency of prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity for the evidence beyond the testimony already offered at trial." Id. at 29, citing United States v. LeMay, 260 F. 3d 1018, 1027-28 (9th Cir. 2001). With respect to the first factor, the government argues that the acts at issue are significantly similar. "In each case, defendant's victims were children or minor females–girls he could either manipulate (in California) or purchase (in Cambodia) for the purpose of engaging in illegal sexual acts with them." Mot. at 30. Moreover, the government argues, "defendant's charged conduct includes both forcing a young girl to copulate him orally until he ejaculated into her mouth, and biting her feet as part of his sexual gratification. His conduct with regard to his prior victims was at times nearly identical." Id. at 29. With respect to the second factor, the government argues that the acts are sufficiently close in time. The charged conduct allegedly took place in 2008 and 2009. Id. at 30. The alleged molestation of the additional victims in Cambodia took place between 2002 and 2006. Id. The sexual assaults for which defendant was convicted in California took place between 1991 and 1994. Id. The government asserts that this gap "is within the range approved by the Ninth Circuit." Id. at 30-31. With respect to the third and fourth factors, the government argues that the prior offenses were frequent and there have been no relevant intervening circumstances. Id. at 32.

The government further argues that, with respect to the final LeMay factor, the evidence is necessary because "[w]ithout this evidence, the government's principal evidence will be the testimony of a single child victim, S.L." Id. at 33. Moreover, the government argues, in connection with the admission of images of child pornography found on defendant's computer, "a child sexual abuse expert will testify that foot and leg fetishes constitute 'partialism,' a condition associated with pedophilia in which the offender receives sexual gratification from focusing on a non-genital part of his victims' body. But the testimony of these experts will be relevant only insofar as the jury hears the testimony of the victims that defendant molested them and bit their legs and feet." Id. at 34.

In opposition, defendant outlines a number of inconsistencies in statements given by S.L., as well as the additional victims from Cambodia, as well as other arguments that go to the credibility of these alleged victims. For example, with respect to the three potential witnesses from Cambodia, defendant argues that the proferred testimony is "inherently problematic" because "[a]ll of the reports involving the girls against Boyajian were prepared and produced [] after he was first arrested on February 19, 2009. Each of them alleged the acts took place, however, years before they were brought into this case. Furthermore, there are no

contemporaneous records or reports of their allegations against Boyajian made at the time of their claimed victimization." Opp. at 10. Defendant further argues that "[a]ll three girls are veteran witnesses in cases against foreigners accused of child sexual exploitation in Cambodia," and that there are reasons to believe that they were influenced by various NGOs in that country to give the testimony they now offer.[3] Id. at 11.

With respect to the California witnesses, defendant argues that "[t]he government's proffer of anticipated testimony from the California witnesses was almost entirely taken from a presentencing report prepared by the Orange County Probation Department . . . . That source may neither be appropriate or sufficiently accurate." Id. at 34. Moreover, defendant argues that the government mischaracterizes the acts for which he was convicted with respect to these witnesses, which he contends are significantly different from those at issue in the instant case. Id. at 35. Specifically, he contends that the witnesses from California were in their teens at the time of the conduct for which he was previously convicted, and that, with respect to these victims, he did not "intentionally use physical force," nor did the victims "resist his sexual advances." Id. at 38.

Defendant argues that the evidence should therefore be excluded. "In simplest analysis, permitting six (6) witnesses to testify about prior offenses would be mathematically excessive and unnecessary, as well as prejudicially cumulative. For all the evidence available to the prosecution immediately associated with 'SL's' claims, this is a case where the sheer numerical 'piling on' proposed by the prosecution would be manifest error." Id. at 45. Defendant argues that the circumstances surrounding the conduct for which he was convicted with respect to the California witnesses were entirely different from those at issue in the charged conduct. Id. at 45-46. Moreover, defendant argues the prior convictions were remote in time. Id. at 46.

---

[3] If the Court permits the testimony of these alleged victims, defendant requests that "their statements and interviews in those other cases" be produced. Opp. at 13. Defendant further requests that if the testimony is admitted, that "the government not be permitted to refer to those witnesses and their proffered testimony in opening statement, and not until an appropriate time after completion of testimony by complaining witness 'SL'; [] [t]hat, after the conclusion of SL's testimony, hearing be had to determine whether, or to what extent, any of the proffered Cambodian witnesses might be permitted to testify; and [] [t]hat before any such proffered other offense evidence be presented, the Court first instruct the jury in advance about the applicable law and limited purpose for such testimony." Id. at 49-50. In reply, with respect to the first of these requests, the government represents that it "has produced (or is obtaining translations and will produce) statements in the government's possession, custody, or control that have been given by defendant's Cambodia victims, including K.L.'s statement in the Fahlberg case, and TaP and TyP's statements in the Henning case." Reply at 20.

Additionally, defendant contends that "[d]irect and cross-examination of the three proffered California witnesses, adult women now in their thirties, would prove to be not only immensely time-consuming but also provocative, emotional and hostile." Id. at 47. With respect to the additional witnesses from Cambodia, defendant argues that their testimony should not be permitted "because their alleged sexual acts with Boyajian are significantly different than the otherwise simple act of oral copulation purportedly involved with 'SL.' Furthermore, the government has substantial other evidence to support their count of having sex with SL and traveling with the intent to sexually exploit children." Id. at 49.

The Court concludes that the evidence is admissible under Rules 413 and 414. Moreover, the Court finds that it should not be excluded under Rule 403, particularly in light of congressional intent in implementing Rules 413 and 414. While the earlier convictions are somewhat remote in time, they are not so remote as to preclude admission. The Court further finds that the government's admission of certain conviction documents, rather than live testimony, with respect to defendant's earlier convictions, addresses any concerns raised by defendant that the admission of this evidence would be unduly time-consuming. The Court finds that it is proper to so limit the evidence and instructs both parties not to make any further argument or inquiry with respect to the California victims, nor to use the term "rape."

As to questions of the credibility of the accusations of S.L., K.L., TaP, and TyP, the Court finds that there is a sufficient proffer to present the evidence to the jury, and these issues are properly addressed on cross-examination. Therefore, the Court GRANTS the government's motion. With respect to defendant's request for production of documents related to prior statements made by K.L., TaP, and TyP, it appears to the Court that the documents requested have been produced or will be produced forthwith. To the extent the government has not produced all of the documents at issue in their possession, it is instructed to do so by September 1, 2011. The Court declines to prohibit the government from making accurate reference to this evidence in its opening statement. The Court will instruct the jury as to the limited purpose of the admission of the evidence addressed herein, prior to the admission of such evidence.

IT IS SO ORDERED.

| | 00 | : | 40 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |