UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**'O'**

| Case No. | 2:09-CR-00933-CAS | Date | August 4, 2014 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Laura Elias | Patricia Donahue |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN | | X | | ANNE HWANG, DFPD | | X | |
| | | | | THOMAS SLEISENGER | | X | |

**Proceedings:** DEFENDANT'S MOTION TO PRODUCE EX PARTE JUDICIAL COMMUNICATIONS (Dkt. #563, filed June 30, 2014)

## I. INTRODUCTION AND BACKGROUND

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423 (c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A. See First Superseding Indictment, Dec. 3, 2010. The charges arise from defendant's alleged illicit sexual acts with a minor girl in Cambodia, identified as S.L. Further background and facts are known to the parties and set forth in the Court's orders dated November 3, 2011; July 6, 2011; September 17, 2012; and October 9, 2012. Dkt. #254, 237, 127, 111. Here, the Court sets forth the background facts relevant to the present motion.

From September 2009 until February 2012, defendant was represented in this matter by retained counsel Daniel G. Davis. Thereafter, from February 2012 until May 2013, defendant was represented in this matter by the firm of Lightfoot Steingard & Sadowsky LLP ("LSS"). In two motions filed in the early part of 2013, defendant moved to discharge LSS as his counsel. By order dated April 8, 2013, the Court granted in part and denied in part defendant's motions. Dkt. #404. In that order, the Court found as follows: (1) LSS was not burdened by a conflict of interest; (2) no significant dispute existed between LSS and defendant regarding litigation

strategy; and (3) a complete breakdown in communication between defendant and LSS had occurred, but this breakdown was due to "defendant's unreasonableness and obstinance." Dkt. #404. Based on these findings, the Court concluded that defendant's Sixth Amendment rights would not be violated if he were required to proceed to trial with LSS as his counsel. Id. However, the Court nonetheless provided defendant with a continuance in order to attempt to obtain new trial counsel, in recognition of defendant's legitimate interest in proceeding to trial with counsel whom he prefers. Id.

Subsequently, after LSS sought to be relieved as counsel, the Court relieved LSS as defendant's counsel of record. Dkt. #414. On or about May 14, 2013, the Court appointed the Federal Public Defender ("FPD") to represent defendant because defendant did not have the funds to retain private counsel. Dkt. #414. By order dated August 28, 2013, the Court continued the trial in this matter until June 3, 2014. Dkt. #427. At that time, defendant sought to have the Court order LSS to return the retainer paid by him to LSS. In an order dated June 10, 2013, the Court denied this request, finding that there "appear[ed] to be no basis on which a federal court would exercise jurisdiction over defendant's claim." Dkt. #421. Defendant subsequently moved to discharge the FPD as his counsel. The Court denied that motion by order dated March 20, 2014. Dkt. #'s 498, 500. That order is currently on appeal before the Ninth Circuit.

Since the FPD was appointed, defendant has engaged in continued efforts to secure the return of the retainer paid to LSS, and has stated his intention to use those funds, if recovered, to retain private counsel.[1] On November 7, 2013, Parker Shumakker Mills ("PSM") purported to appear specially to persuade the Court that it had jurisdiction to compel the return of the retainer paid to LSS. Because David B. Parker of PSM had previously represented this judicial officer and her professional corporation prior to her being appointed to the Court, the Court determined that it should decline to hear the renewed request for the return of the LSS retainer. On November 18, 2013, the Court recused as to that issue. Dkt. #444. The matter was then referred to the Honorable Terry J. Hatter, Jr. Dkt. #449. By order dated December 9, 2013, Judge Hatter found that the Court lacked jurisdiction to adjudicate claims related to the return of the retainer paid to LSS. Dkt. #450. Defendant filed a renewed motion before Judge Hatter on March 4, 2014. Dkt. #474. Judge Hatter denied that motion by order dated March 10, 2014, stating that "the Court declines ancillary jurisdiction and all is now before Judge Snyder." Dkt. #488.

---

[1] Defendant objected to the appointment of the FPD in a submission dated May 21, 2013, and requested that another district judge investigate the possibility that LSS should be required to return all or some of its retainer. The Court denied defendant's request to refer the fee dispute to another district judge on June 10, 2013. Dkt. #421.

On June 30, 2014, defendant filed a motion, styled as a "motion to produce ex parte judicial communications." Dkt. #563. The government filed an opposition on July 22, 2014, dkt. #573, and plaintiff replied on August 4, 2014, dkt. 580. The Court held a hearing on August 4, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Through this motion, defendant seeks to obtain a memorandum prepared at the direction of another district judge of this Court. This memorandum summarizes the circumstances in which retainers are refundable or not refundable. In passing, at a previous hearing in this matter, this Court stated that it had received this memorandum.

The Court has concluded that, at this stage, this memorandum should not be provided to defendant. First, since the Court determined that it had no jurisdiction to determine whether the retainer paid to LSS was refundable, the Court has not relied on the memorandum for any purpose.

Moreover, even if the Court had considered the memorandum, defendant would not be entitled to compel production of same. In this regard, defendant argues that this memorandum should be provided to him because it represents an impermissible "ex parte" communication between the undersigned judge and another judge of this Court. This argument fails because "judge-to-judge contacts are not subject to the same general ban as contacts between judge and one side's counsel in the absence of the other." Obert v. Republic W. Ins. Co., 398 F.3d 138, 145 (1st Cir. 2005); see also Code of Conduct for United States Judges, Canon 3(A)(4), Comment (stating that a "judge may consult with other judges . . . in carrying out adjudicative responsibilities"). Thus, even if the Court had relied on this memorandum, it would not be subject to disclosure as an improper "ex parte" communication.

## III. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion to produce ex parte judicial communications.

IT IS SO ORDERED.

00 : 35

Initials of Deputy Clerk RGN