STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PATRICIA A. DONAHUE (California Bar No. 132610)
DAVID M. HERZOG (California Bar No. 224594)
Assistant United States Attorneys
    312 North Spring Street, 13th/15th floor
    Los Angeles, California 90012
    Telephone:    (213) 894-0600/0600
    Facsimile:    (213) 894-6436/3713
    E-mail:  patricia.donahue@usdoj.gov
           david.herzog@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,  | No. CR 09-933(A)-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO STRIKE SPECIFIED "IN PRO PER" FILINGS; Memorandum of Points and Authorities |
| v. | |
| RONALD GERARD BOYAJIAN, aka "John," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, hereby moves the court to strike "In Pro Per" filings by defendant Ronald Gerard Boyajian ("defendant").

///

///

///

///

///

///

This motion is based on the attached Memorandum of Points and Authorities, the files and records of this case, and any additional information that the Court may request from the government.

Dated: August 28, 2014            Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


          /s/
PATRICIA A. DONAHUE
DAVID M. HERZOG
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant is represented in this case by appointed counsel. Defendant nonetheless has filed pleadings "in Pro Per." (CR 597, 602). Defendant is not entitled to both appointment of counsel and self-representation. His pro se pleadings should be stricken from the record, and defendant should be prohibited from further pro se filings. In addition, there is no need for the Court to conduct a hearing on either of these pro se filings.

A criminal defendant has the constitutional right under the Sixth Amendment to be represented by counsel, or to represent himself. Faretta v. California, 422 U.S. 806, 807 (1975). Nothing in this right indicates defendant is entitled to both forms of representation. The Ninth Circuit has stated that "[a] criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981). "While effective legal counsel is an essential legal right found in the Sixth Amendment, and the right to appear pro se is guaranteed by [federal statute and case law], the two rights are disjunctive." Id. See United States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir. 1994) (a defendant does not have a constitutional right to "hybrid" representation).

Consistent with the law that the rights to counsel and to self-representation are disjunctive, the Local Rules for the Central District of California prohibit pro se actions by represented parties without leave of court. The local rules state, "Whenever a party has appeared by an attorney, the party may not thereafter appear or act pro se, except upon order made by the Court after notice to such

attorney and to any other parties who had appeared in the action." L.R. 83-2.3.1.[1]

The law and these rules apply to defendant. Through his own contumaciousness, defendant has attempted to create an environment in which the rules appear not to apply to him and to this case. Defendant has had several retained attorneys appear on his behalf simultaneously with his representation by appointed counsel. Defendant has a private attorney, who is not counsel of record, electronically filing pleadings that are labeled pro se. He addresses the Court directly, at length, when he is simultaneously represented by counsel. The fact is that defendant is represented by appointed trial (and appointed appellate) counsel. He does not represent himself. Should defendant seek to represent himself, the Court will have to conduct the proper inquiry under Faretta. At this point, however, defendant is represented by counsel and should not be permitted to file pleadings in pro per or to address the court directly, rather than through counsel. If defendant seeks to provide information to the court, he must do so through his appointed counsel in this case, the Office of the Federal Public Defender ("FPD"). Indeed, the Court has previously rejected a number of defendant's pro se filings on this specific basis, in which the Court's notice rejecting the documents indicated that defendant "filed in pro se and [was] currently represented by counsel." (CR 433, 458.)

---

[1] The Local Civil Rules also govern the conduct of criminal proceedings. See L. Cr. R. 57-1 ("When applicable directly or by analogy, the Local Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified.") The Local Criminal Rules do not specify otherwise regarding the rule that represented parties may not appear or act pro se absent leave of court.

1    In addition, two pleadings recently filed by defendant (CR 597,
2 602) should be stricken.  Defendant did not obtain leave of court to
3 file these pleadings, which are styled "In Pro Per," signed by
4 defendant, and electronically filed, though not signed, by attorney
5 Michael Dempsey.  Mr. Dempsey is not counsel of record for defendant
6 in this case.  Indeed, defendant has sworn to the Court that he is
7 indigent and thus entitled to appointment of counsel.  It appears Mr.
8 Dempsey is retained for the purpose of electronically filing
9 documents drafted and signed by defendant.  Only attorneys are
10 authorized to file documents electronically; pro se litigants must
11 file documents in paper.  See L. Cr. R. 49-1.2(a); Electronic Filing
12 and Case Management, www.cacd.uscourts.gov/efiling.  Thus, if
13 defendant did represent himself, his pleadings would be filed
14 manually.  Since he is represented, his pleadings are to be filed by
15 his counsel of record.  Absent specific authorization from the Court,
16 they should not be electronically filed by outside counsel.[2]
17 Accordingly, the government requests that the Court strike the
18 pleadings filed at CR 597 and 602 without conducting a hearing and
19 require that all subsequent defense filings be made through counsel
20 of record.

---

[2] As the pleading filed by Mr. Dempsey on February 21, 2014 (CR 464), and the Court's comments at the February 28, 2014 hearing make clear, Mr. Dempsey represented defendant in connection with his conflict of interest allegations against the FPD and his opposition to a government taint team reviewing materials in connection with that motion.  The Court has resolved those issues, and there appears to be no ongoing basis for Mr. Dempsey to electronically file "pro se" pleadings on behalf of a defendant who is represented by appointed counsel.

3