UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
*AMENDED

# CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR 09-933(A)-CAS | | Date | November 3, 2014 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | *Debbie Hino-Spaan | David Herzog<br>Patricia Donahue |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,<br>Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN | X | X | | ANNE HWANG, DFPD<br>KIM SAVO, DFPD<br>THOMAS SLEISENGER | X<br>X<br>X | X<br>X<br>X | |

**Proceedings:** DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF § 1291 AND/OR WRIT OF MANDAMUS (Dkt. No. 626, filed October 5, 2014)

## I.     INTRODUCTION AND BACKGROUND

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423(c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A. Dkt. No. 38 (First Superseding Indictment). The charges arise from defendant's alleged illicit sexual acts with a minor female in Cambodia, identified as S.L. Further background and facts are known to the parties and set forth in the Court's orders dated November 3, 2011; July 6, 2011; September 17, 2012; October 9, 2012; and April 8, 2013. Dkt. Nos. 111, 127, 237, 254, 404. A jury trial is set to commence on January 20, 2015.

On May 14, 2013, the Court relieved Lightfoot, Steingard, and Sadowsky, LLP ("LSS") as defendant's counsel of record and appointed deputy counsel from the Federal Public Defender's Office ("FPD"). Dkt. No. 414. On May 22, defendant moved for an order designating a different District Judge to hear his claim that a portion of the fees he had paid to LSS should be returned so that defendant could retain new private counsel of his choosing. Dkt. No. 417. The Court denied this motion on June 10, 2013, finding that there was "no basis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

on which a federal court would exercise jurisdiction over defendant's claim." Dkt. No. 421. Defendant raised the issue of the LSS fee dispute in several subsequent motions. On March 10, 2014, the Honorable Judge Terry J. Hatter, Jr., presiding after the undersigned recused herself for the purposes of certain LSS fee-related motions only, declined to exercise ancillary jurisdiction over the fee dispute. Dkt. No. 488. On April 9, 2014, defendant filed a motion requesting that the Court "resolve the ancillary jurisdiction attorney fee dispute," and "permit defendant assistance of counsel" as to that dispute. Dkt. No. 515. On April 16, 2014, the Court denied that motion, explaining that Judge Hatter had already ruled that exercising ancillary jurisdiction would be inappropriate and declining to revisit that ruling. Dkt. No. 536. Defendant did not file a notice of interlocutory appeal or a petition for a writ of mandamus as to any of the orders related to the fee dispute.

On March 4, 2014, defendant filed an in camera motion seeking the discharge of the FPD and other relief. Dkt. No. 474. After holding a hearing, the Court denied that motion in a March 20, 2014 order filed under seal. Dkt. No. 500. A more comprehensive version of that order was made in camera and provided to defendant but not the government. Id. On April 1, 2014, the Court granted defendant's ex parte application to appoint counsel for the limited purpose of reviewing and consulting with defendant regarding his appellate rights regarding the Court's ruling on his motion to discharge the FPD. Dkt. No. 506. On April 20, 2014, defendant filed a notice of interlocutory appeal of the Court's order denying his motion to discharge the FPD. Dkt. No. 539.

On June 17, 2014, the Court of Appeals for the Ninth Circuit issued an order to show cause why defendant's appeal should not be dismissed for a lack of jurisdiction. Defendant did not file a petition for a writ of mandamus as to the order denying his motion to discharge the FPD. On October 5, 2014, defendant filed a motion to stay proceedings pending resolution of his interlocutory appeal "and/or writ of mandamus." Dkt. No. 626. On October 14, 2014, the government filed an opposition. Dkt. No. 638. On October 28, 2014, the Ninth Circuit granted the government's motion to dismiss defendant's appeal for lack of jurisdiction, explaining:

> To the extent appellant seeks to appeal the district court's March 20, 2014 order denying his motion to discharge appointed counsel, that order is not an appealable order. [Citation.] To the extent appellant seeks to appeal the district court's orders declining to exercise ancillary jurisdiction over a fee dispute with prior counsel, this court lacks jurisdiction because the orders are not final judgments or orders that come within the collateral order doctrine. [Citations.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

See Dkt. No. 659. On November 3, 2014, the Court held a hearing on defendant's motion. After considering the parties' arguments, the Court concludes that defendant has presented no grounds justifying a stay, and therefore DENIES the motion.

## II.     ANALYSIS

"A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.' " Nken v. Holder, 556 U.S. 418, 433 (2009) (internal citations omitted) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). The discretionary decision of whether to issue a stay is guided by the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 433–34. "The first two factors . . . are the most critical." Id. at 434.

Because the Ninth Circuit has dismissed defendant's interlocutory appeal, this motion is moot insofar as it is premised on that appeal. Defendant has not even filed a petition for a writ of mandamus, and the Court is disinclined to issue a stay based on hypothetical appellate proceedings. Nevertheless, because defendant's counsel averred at oral argument that he intends to file such a petition, the Court analyzes below the motion for a stay based on the possibility of mandamus relief, and concludes that a stay is unwarranted on that basis as well.

### A.     Likely Success on the Merits

Under Nken, "it is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting Nken, 556 U.S. at 434). Although the petitioner need not show that success is "more likely than not," he must show "at a minimum" that there is a "substantial case for relief on the merits." Id. (quoting Leiva-Perez v. Holder, 640 F.3d 962, 966–68 (9th Cir. 2011) (per curiam)).

Mandamus is a " drastic and extraordinary remedy reserved for really extraordinary causes" and "only exceptional circumstances amounting to a judicial usurpation or a clear abuse of discretion" justify its invocation. Cheney v. U.S. Dist. Court, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). Courts in the Ninth Circuit considering a writ for mandamus analyze: (1) whether the petitioner "has no other adequate means, such as a direct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

appeal, to attain the relief he or she desires," (2) whether the "petitioner will be damaged or prejudiced in a way not correctable on appeal," (3) whether "[t]he district court's order is clearly erroneous," (4) whether the "district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules," and (5) whether the "district court's order raises new and important problems, or issues of law of first impression." Bauman v. U.S. Dist. Court, 557 F.2d 650, 654–55 (9th Cir. 1977). The Bauman factors are "to be weighed together, as is appropriate, based on the facts of the individual case. Usually, the absence of factor three—clear error as a matter of law—will always defeat a petition for mandamus." DeGeorge v. U.S. Dist. Court, 219 F.3d 930, 934 (9th Cir. 2000) (internal citations and quotation marks omitted).

In his brief and at oral argument, defendant argued that he is likely to be granted mandamus relief under Christensen v. U.S. Dist. Court, 844 F.2d 694 (1988). In that case, a civil litigant filed a petition for writ of mandamus after the district court disqualified a law firm from representing him based on the finding that a "substantial relationship" existed between the firm's prior representation of a corporation and its subsequent representation of the litigant, an outside director sued by the corporation. See id. at 697. The Ninth Circuit found that the first two Bauman factors favored mandamus because "[a]n order disqualifying counsel is not a collateral order subject to immediate appeal" and post-trial relief would be ineffective because the litigant "[sought] to be represented by his chosen counsel at trial," and "[o]nce a new attorney is brought in, the effect of the order is irreversible." Id. (emphasis in original). The court also noted that the fifth Bauman factor weighed "heavily in favor of issuance of the writ because this court has not addressed whether a law firm that represented a corporate entity in connection with its prior and ongoing relationship with its management should be disqualified in subsequent litigation between the management client and the corporation." Id.

The Christensen court stressed that the "key factor" in granting mandamus is whether the Court of Appeals is " 'firmly convinced that [the] district court erred in deciding' to disqualify Wyman from representing Christensen." Id. (quoting In re Cement Antitrust Litig. (MDL No. 296), 688 F.2d 1297, 1306–07 (9th Cir. 1982), aff'd mem. sub. nom. Arizona v. U.S. Dist. Court, 459 U.S. 1191 (1983)). The Ninth Circuit found this "key factor" satisfied in Christensen, adopting the rule that the "substantial relationship test is inapplicable when the former client has no reason to believe that information given to counsel will not be disclosed to the firm's current client," and finding that due to the "unique relationship" between the parties and law firm, there were no " 'confidences' that could be inappropriately disclosed." Id. at 699. Here, by contrast, defendant has articulated no reason that would convince the Court that its previous orders denying defendant's motion to disqualify the FPD and declining to exercise ancillary jurisdiction over the LSS fee dispute were wrongly decided, let alone clearly erroneous. Therefore, the third Bauman factor is lacking, which alone "[u]sually . . . always

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

defeat[s] a petition for mandamus." DeGeorge, 219 F.3d at 934; see also Perry v. Schwarzenegger, 591 F.3d 1147, 1156 (9th Cir. 2010) ("[T]he absence of the third factor, clear error, is dispositive." (internal quotation marks omitted)).

Furthermore, Christensen was a civil case, and the Ninth Circuit has indicated that different standards apply to piecemeal review of orders involving choice of counsel in the criminal context. For example, the Christensen court cited In re Coordinated Pretrial Proceedings, 658 F.2d 135, 1357 (9th Cir. 1981), for the proposition that "[o]nce a new attorney is brought in, the effect of the order is irreversible." Christensen, 844 F.2d at 697. The In re Coordinated Pretrial Proceedings court, in turn, held that an order granting disqualification in a multidistrict antitrust case was appealable under the collateral order doctrine. 658 F.2d at 1358. The court cited (and did not question) Ninth Circuit precedent holding that "an order disqualifying defense counsel in a criminal case is not appealable under the collateral order exception to the final judgment rule." Id. (citing United States v. Greger, 657 F.2d 1109, 1112 (9th Cir. 1982)). The Ninth Circuit explained that "[d]istinct reasons for a different result apply in this civil case":

> The special policies which counsel against piecemeal appeals in criminal cases have no counterpart here. [Citation to Greger.] An appeal of a disqualification order in a civil case does not necessarily disrupt the litigation because activity must be postponed in any case while new counsel is obtained. Furthermore, in a civil case an order disqualifying attorneys for nonparties is effectively unreviewable by appeal from a final judgment. Finally, in a civil case, the presumption of prejudice which would mandate a new trial if error were established under the criminal law does not exist.

Id. The absence of these policy considerations in this case suggests that the Ninth Circuit is unlikely to extend Christensen to defendant's criminal case. This suggestion is further supported by the Ninth Circuit's decision in United States v. Beltran Valdez, 663 F.3d 1056 (9th Cir. 2011), which the Ninth Circuit cited in dismissing defendant's interlocutory appeal. In Beltran Valdez, the Ninth Circuit held that the denial of a criminal defendant's motion to appoint replacement counsel is not an appealable interlocutory order because "[p]ost-conviction review of asserted Sixth Amendment deprivations such as denial of a right to represent oneself, denial of appointment of counsel, or denial of counsel's request to be replaced because of a conflict of interest, is fully effective." Id. at 1058. The court further noted that it had "considered whether [defendant's] appeal should be construed as a petition for mandamus" and declined to do so "[b]ecause it is clear that the order denying appointment of replacement counsel can be reviewed effectively after trial." Id. at 1059. Thus, the second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Bauman factor—whether the "petitioner will be damaged or prejudiced in a way not correctable on appeal"—does not favor defendant as it did the petitioner in Christensen.

Additional distinctions between this case and Christensen highlight defendant's failure to show a likelihood of success on the merits. Christensen involved an actual petition for a writ, whereas here, defendant has not filed a petition even though the orders of which he complains were issued over half a year ago. Moreover, Christensen involved a district court's disqualification of a litigant's chosen attorney. Here, by contrast, the protested orders declined to exercise jurisdiction over a retainer fee dispute and denied a motion to disqualify defendant's counsel. Cf. In re Coordinated Pretrial Proceedings, 658 F.2d at 1357 (noting that the rationale for interlocutory review of an order granting a disqualification motion was stronger than the rationale for review of an order denying a disqualification motion).

For all of these reasons, defendant has made no showing that, if he does file a petition for a writ of mandamus, he is likely to obtain such an "extraordinary remedy," and the first Nken factor weighs strongly against granting a stay.

### B. Irreparable Injury to the Party Requesting a Stay

Under the second factor, the party requesting a stay must show "that there is a probability of irreparable injury if the stay is not granted." Lair, 697 F.3d at 1214 (emphasis in original). Defendant has failed to make such a showing because "[p]ost-conviction review of asserted Sixth Amendment deprivations such as denial of a right to represent oneself, denial of appointment of counsel, or denial of counsel's request to be replaced because of a conflict of interest, is fully effective." Beltran Valdez, 663 F.3d at 1058 (citing United States v. Flanagan, 465 U.S. 259, 267–68 (1984). See also United States v. Johnson, 525 F.3d 648, 649 (8th Cir. 2008) (noting that an "order denying substitution of appointed counsel is subject to reconsideration by the district court as the prosecution proceeds, and is effectively reviewable on appeal after final judgment"). Indeed, the authorities cited by defendant to support his argument that immediate relief is needed to avoid Sixth Amendment violations are all post-conviction cases. See, e.g., United States v. Gonzalez-Lopez, 548 U.S. 140 (2006) (reversing a conviction for erroneous disqualification of chosen counsel); Daniels v. Woodford, 428 F.3d 1181 (9th Cir. 2005) (granting a writ of habeas corpus); United States v. Nguyen, 262 F.3d 998 (9th Cir. 2001) (reversing a conviction for erroneous disqualification of chosen counsel); United States v. Adelzo-Gonzalez, 268 F.3d 772 (9th Cir. 2001) (appeal from conviction following a guilty plea); United States v. Williams, 594 F.2d 1258 (9th Cir. 1979) (appeal from conviction). Therefore, the second critical Nken factor also militates against a stay pending any mandamus petition defendant eventually files.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

### C. Substantial Injury to Other Parties and the Public Interest

The last two factors—whether issuance of the stay will substantially injure the other parties interested in the proceeding and the public interest—"merge when the Government is the opposing party." Nken, 556 U.S. at 435. Because the Court has determined that defendant has not satisfied either of the "most critical" factors, a detailed analysis of the third and fourth factors is unnecessary. See id. ("Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." (emphasis added)). The Court notes briefly, however, that these factors militate strongly against a stay. The original indictment in this case was filed over five years ago, and trial has already been continued several times, including once so that defendant could retain new representation after the Court granted defendant's motion to replace his first retained counsel, see Dkt. No. 160, and again when the Court determined that defendant's Sixth Amendment rights would not be violated were he forced to proceed to trial with LSS as counsel, but ordered a continuance to allow him to retain new counsel anyway, see Dkt. No. 404. Further delay would prejudice the government's ability to prosecute its case and harm the interests of the alleged victims and society at large in the speedy resolution of criminal charges.

### III. CONCLUSION

Defendant has not filed a petition for a writ for mandamus, and even assuming that he promptly does so, the considerations guiding a district court's determination of whether to grant a stay all militate against issuing one in this case. Therefore, the Court DENIES defendant's motion to stay proceedings.

IT IS SO ORDERED.

|  | 00 | : | 36 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |