UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR 09-933(A)-CAS | Date | November 18, 2014 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | Patricia Donahue, Not Present<br>David Herzog, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Boyajian: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN | NOT | X | | ANNE HWANG, DFPD<br>KIM SAVO, DFPD | NOT<br>NOT | | X<br>X |

| Proceedings: | (IN CHAMBERS): DEFENDANT'S PRO SE MOTION TO DISMISS OR FOR RELIEF FROM FIFTH AND SIXTH AMENDMENT VIOLATIONS (Dkt. No. 640, filed October 17, 2014) |
|---|---|

## I.  INTRODUCTION AND BACKGROUND

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423(c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A. Dkt. No. 38 (First Superseding Indictment). The charges arise from defendant's alleged illicit sexual acts with a minor female in Cambodia, identified as S.L. Further background and facts are known to the parties and set forth in the Court's orders dated November 3, 2011; July 6, 2011; September 17, 2012; October 9, 2012; and April 8, 2013. Dkt. Nos. 111, 127, 237, 254, 404. A jury trial is set to commence on January 20, 2015.

From September 2009 until February 2012, defendant was represented in this matter by retained counsel Daniel G. Davis. Thereafter, from February 2012 until May 2013, defendant was represented by the firm of Lightfoot, Steingard, and Sadowsky, LLP ("LSS"). On May 14, 2013, the Court relieved LSS as defendant's counsel of record and appointed deputy counsel from the Federal Public Defender's Office ("FPD"). Dkt. No. 414. On October 17, 2014, defendant filed a pro se motion to dismiss all charges against him, or in the alternative for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

Court to craft another "meaningful remedy,"[1] based on asserted Fifth And Sixth Amendment violations related to his representation by the FPD. On November 7, 2014, the Court held an <u>in camera</u> hearing on the matter. After considering defendant's arguments, the Court finds and concludes as follows. A more detailed version of this order is being issued *in camera* and under seal.

## II. ANALYSIS

Defendant styles his motion as a series of objections to purported recent developments with his defense team, grouped into several categories. The Court addresses each category of alleged constitutional deprivations in turn.

### A. Right to Testify in Own Defense

First, defendant argues that the FPD has failed to engage in meaningful discussion or reasoning about whether defendant should testify on suppression issues, or in his own defense at trial. Defendant states that the subject of testifying in suppression hearings "has not been discussed with lawyers from" the FPD.

To the extent that these objections are based on a purported failure of defendant's counsel to discuss defendant's option to testify at trial, the Court notes that defendant retains this right, which cannot be waived by counsel. Cf. <u>United States v. Gillenwater</u>, 717 F.3d 1070, 1073 (9th Cir. 2013) ("[O]nly the defendant, not counsel, can waive the constitutional right to testify."). On the record before it, the Court sees no basis for dismissing the indictment or granting other relief on these grounds.

### B. Right to a Personal Defense

Defendant also represents that he "thinks he may have a defense that he can put on," but has not had an attorney who is "both adequately prepared and willing to communicate with him long enough on the subject matter," so that he has not yet "broach[ed] the subject." Defendant "asks the Court to address the fact that under the current circumstances no counsel has been around long enough to talk to defendant about many matters but especially about . . . defendant's right to a personal defense." The Court is unable to intelligently address defendant's request for relief without any further specifics. The Court notes, however, that

---

[1] Defendant appears to suggest that the Court should exercise ancillary jurisdiction over his fee dispute with former counsel LSS—which the Court has explained in numerous prior orders it will not do—or assign CJA panel counsel.

defendant's numerous motions to replace and discharge counsel have contributed significantly to the "revolving door" of attorneys of which he complains.

### C.     Participation in Rule 15 Depositions

Defendant argues that he was not kept abreast of depositions conducted in Cambodia pursuant to Criminal Rule of Procedure 15, and was denied the right to participate in those depositions in contravention of court order, despite filing objections identifying "ongoing problems" with the depositions as they proceeded.  Defendant objects that a "key impeachment witness," was deposed without defendant's knowledge or participation, and that defendant was not transported to a facility to participate in the deposition via Skype as ordered.  Defendant also objects that he was not permitted to see or review documents referred to in the deposition of a government witness.  Defendant further contends that he has not been provided with videotapes of the depositions.  Finally, defendant maintains that defense counsel failed to proceed with the depositions of "about 12 of the 18 witnesses whose Rule 15 foreign depositions the Court had ordered."

To the extent defendant advances arguments made in other motions that his prosecution without the ability to compel the attendance of foreign witnesses at trial or deposition violates his Fifth and Sixth Amendment rights, the Court reiterates that the constitutional right to compulsory process applies "only where it is within the power of the federal government to provide it."  United States v. Greco, 298 F.2d 247, 251 (2d Cir. 1962) (rejecting a defendant's argument that his Sixth Amendment rights were violated where "an essential element of the crimes charges was the theft which occurred in Canada and he did not have an absolute right to compel the attendance of Canadian witnesses"); see also United States v. Zabaneh, 837 F.2d 1249, 1259–60 (5th Cir. 1988) ("It is well-established . . . that convictions are not unconstitutional under the Sixth Amendment even though the United States courts lack power to subpoena witnesses . . . from foreign countries.").

To the extent that defendant was not permitted to participate in a Rule 15 deposition, his right to do so was violated.  But on the record before the Court, it is not clear that defendant has suffered serious prejudice thereby, so as to justify dismissing any counts of the superseding indictment.  In fact, defendant indicated at the November 7 hearing that he considered "important" evidence obtained from the deposition in which he was prevented from participating.  Therefore, although the prosecution and U.S. Marshalls are admonished to make every effort to comply with the agreed-upon procedures in any future depositions, defendant has not presented grounds for dismissing any counts against him for reasons related to the foreign depositions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

### D. Access to Discovery

Defendant maintains that he has "received less than 5% of the over 100,000 pages of discovery," and has been denied access to the video interviews of the alleged minor victims, among others. He argues that the FPD's unwillingness or inability to produce discovery has prevented him from making his own assessment of the government's case and has deprived him of effective assistance of counsel.[2]

In briefing and at a hearing on defendant's separately filed motion to compel Brady evidence, government counsel maintained that the government has produced all discoverable evidence in its possession. In the absence of proof to the contrary, it would be inappropriate for the Court to compel further discovery or dismiss the indictment. If defendant can show at a later juncture that the government has indeed withheld evidence, he may file a motion to dismiss the indictment for prosecutorial misconduct.

### E. Departure of Sean Kennedy

Next, defendant objects to the departure of Sean Kennedy ("Kennedy") from his defense team. Defendant asserts that Kennedy gave him personal assurances that he would represent defendant and has abandoned defendant by leaving his defense team.

The Court appointed the *Office* of the Federal Public Defender as defendant's counsel, not Kennedy, and defendant has no right to insist that any particular member of the office serve as his trial counsel. Therefore, there is no basis for dismissing any counts against defendant on the basis of Kennedy's alleged abandonment of him.

---

[2] Defendant cites to and attaches a petition for a writ of mandamus or prohibition in the case of United States v. Villegas, No. 2:13-CR-355-GMN-CWH (D. Nev.), that was denied by the Ninth Circuit. See Mot. Ex. A. The attached petition requested relief from a district court's decision that the federal public defender's office in that case was "incapable of providing effective counsel financially" because it was unable to comply with a protective order relating to redacting voluminous discovery and ensuring that defendant did not obtain copies or notes taken from the produced discovery. Id. Defendant appears to be citing the brief filed by the public defender in that case, and the Ninth Circuit's denial of the writ, for the proposition that the FPD's inability to produce documents in the manner defendant desires justifies discharge of the FPD and appointment of replacement counsel. The Court has reviewed defendant's Exhibit A and does not find that it supports granting any relief in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

### F.     Inadequate Preparation of Current Counsel

Defendant objects to the purportedly inadequate preparation of Deputy Public Defender Savo, who has filed recent pretrial motions on his behalf.  Defendant asserts that Savo has had inadequate time to learn the details of his case and digest discovery, and has told defendant that she has a "conflict," which defendant does not identify.

Defendant's FPD counsel has repeatedly represented that they will be ready for trial.  As the Court has previously indicated, defendant does not have the right to compel that his counsel prepare his case in precise accordance with his personal views.  Moreover, the Court cannot discharge the FPD for an unidentified conflict of which it has not been apprised.  Finally, as stated in previous orders, the Court does not find the alleged conflicts with the FPD of which the Court has been made aware to justify relieving the FPD as counsel.

### G.     Counsel's Failure to Correct Purported Prosecutorial Misstatements

Finally, defendant objects that his counsel failed to correct "misleading or incorrect misstatements" made by the prosecution at a September 18, 2014 status conference.  Defendant objects that the government incorrectly asserted, without correction from defense counsel, that Rule 15 depositions went forward as ordered by the Court, including that defendant was transported to a facility to participate in the depositions via Skype.  Defendant states that in reality, most of the depositions ordered to be taken were not conducted and defendant was denied full participation in some depositions that were conducted, as detailed above.

As indicated above, the Court takes seriously defendant's right to participate in ordered Rule 15 depositions.  However, having considered defendant's moving papers and oral argument, the Court does not find that defendant has presented any grounds to dismiss the indictment, discharge the FPD, or grant any other relief at this time for defense counsel's alleged failure to correct prosecutorial misstatements.

## III.    CONCLUSION

In accordance with the foregoing, defendant's *pro se* motion to dismiss or for other relief is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |