UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL  'O'

| Case No. | CR 09-933(A)-CAS | Date | December 22, 2014 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Patricia Donahue, Not Present<br>David Herzog, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Boyajian: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN, PRO SE | NOT | X | | GEORGE BUEHLER, STANDBY COUNSEL | NOT | | X |

**Proceedings:** **(In Chambers)** DEFENDANT'S RENEWED REQUEST FOR SETTING PROCEEDINGS FOR RELEASE OF FUNDS WITHHELD BY FORMER COUNSEL OR, IN THE ALTERNATIVE, FOR A STAY (Dkt. No. 746, filed December 19, 2014)

   Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423 (c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A. See First Superseding Indictment, Dec. 3, 2010. The charges arise from defendant's alleged illicit sexual acts with a minor girl in Cambodia, identified as S.L.  Further background and facts are known to the parties and set forth in the Court's orders dated November 3, 2011; July 6, 2011; September 17, 2012; and October 9, 2012. Dkt.  Nos. 254, 237, 127, 111.

   On May 14, 2013, the Court relieved Lightfoot, Steingard, and Sadowsky, LLP ("LSS") as defendant's counsel of record and appointed deputy counsel from the Federal Public Defender's Office ("FPD").  Dkt. No. 414.  On May 22, defendant moved for an order designating a different District Judge to hear his claim that a portion of the fees he had paid to LSS should be returned so that defendant could retain new private counsel of his choosing.  Dkt. No. 417.  The Court denied this motion on June 10, 2013, finding that there was "no basis on which a federal court would exercise jurisdiction over defendant's claim."  Dkt. No. 421.  Defendant raised the issue of the LSS fee dispute in several subsequent motions.  On March 10, 2014, the Honorable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**     **'O'**

Judge Terry J. Hatter, Jr., presiding after the undersigned recused herself for the purposes of certain LSS fee-related motions only, declined to exercise ancillary jurisdiction over the fee dispute. Dkt. No. 488. On April 9, 2014, defendant filed a motion requesting that the Court "resolve the ancillary jurisdiction attorney fee dispute," and "permit defendant assistance of counsel" as to that dispute. Dkt. No. 515. On April 16, 2014, the Court denied that motion, explaining that Judge Hatter had already ruled that exercising ancillary jurisdiction would be inappropriate and declining to revisit that ruling. Dkt. No. 536.

The instant motion renews defendant's request for the Court to begin proceedings on the LSS fee dispute pursuant to the Court's ancillary jurisdiction. For the reasons set forth in the aforementioned prior orders, the Court declines to do so.

The Court also declines defendant's alternative request for the Court to stay criminal proceedings, resulting yet in another lengthy delay of trial, while defendant pursues the LSS fee dispute in state court. See Nken v. Holder, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926))). Accordingly, the Court DENIES defendant's motion in its entirety.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |