UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR09-933(A)-CAS | Date | January 23, 2015 |
|---|---|---|---|

Present: The Honorable    CHRISTINA A. SNYDER

Interpreter   N/A

| CATHERINE JEANG | Not Present | Patricia Donahue, Not Present<br>David Herzog, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Boyajian: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN | NOT | X | | GEORGE BUEHLER, STANDBY CO-COUNSEL | X | X | |

| Proceedings: | **(In Chambers)** GOVERNMENT'S MOTION *IN LIMINE* FOR AN ORDER PERMITTING AN ADULT ATTENDANT FOR CHILD WITNESS (Dkt. No. 685, filed November 17, 2014)<br><br>DEFENDANT'S REQUEST TO DELAY DEADLINE FOR SUBMISSION OF OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* FOR AN ADULT ATTENDANT FOR CHILD WITNESS (Dkt. No. 772, filed January 16, 2015) |
|---|---|

## I.    INTRODUCTION & BACKGROUND

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423 (c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A. See Dkt. No. 38 (First Superseding Indictment). The charges arise from defendant's alleged illicit sexual acts with a minor girl in Cambodia, identified as S.L.  Further background and facts are known to the parties and set forth in the Court's orders dated November 3, 2011; July 6, 2011; September 17, 2012; and October 9, 2012. Dkt.  Nos. 254, 237, 127, 111.

The prosecution filed this *in limine* on November 17, 2014.  Dkt. No. 685.  In a December 19, 2014 minute order following defendant's election to represent himself and the Court's appointment of standby counsel, the Court reset the hearing on motions including this one to January 8, 2015.  Dkt. No. 748.  Pursuant to that order, defendant's opposition to the instant motion was due on January 6, 2015.  Id.  Defendant did not file a separate opposition to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

'O'

motion by that date.  On January 5, 2015, defendant filed an *ex parte* application to continue the January 8, 2015 hearing, and to reset the briefing schedule for pending motions.  Dkt. No. 753.  Defendant's *ex parte* application indicated that defendant intended to oppose the motion *in limine* and set forth various objections, but no supporting legal authority.  The Court denied this *ex parte* application on January 6, 2015, stating that the Court would determine at the January 8 hearing which, if any, pending motions would proceed as scheduled.  Dkt. No. 756.  At the January 8 hearing, the Court granted defendant until January 15 to file an opposition to the motion *in limine* for an adult attendant, and defendant consented to the Court's ruling on the motion after January 15.

Defendant did not file an opposition by January 15.  On January 16, defendant filed another *ex parte* application seeking more time to brief the adult attendant motion.  Dkt. No. 772.  Defendant asserts that he needs additional time to access documents and conduct legal research in order to show that the Court should not permit any adult attendant.  Id. at 2.  Having considered this filing, as well as an *in camera* declaration in support thereof, the *ex parte* application is DENIED.  The Court has modified the briefing schedule for this motion twice since defendant elected to represent himself, and each time defendant has (1) failed to meet his deadline for filing an opposition and (2) submitted an *ex parte* request that set forth objections to the government's request.  The Court addresses herein the publicly filed arguments defendant has thus far made, and has considered the details contained in defendant's *in camera* declaration.  In light of clear authority supporting the government's request and the Court's discretion in adjudicating such a request, finds no good cause to further delay resolution of the motion.

## II.  DISCUSSION

The prosecution intends to call as a trial witness "S.L.," the minor with whom defendant is accused of engaging in illicit conduct while in Cambodia.  The government moves for an order allowing S.L. to be accompanied by an adult attendant pursuant to a federal statute that provides:

> A child testifying at or attending a judicial proceeding shall have the right to be accompanied by an adult attendant to provide emotional support to the child.  The court, at its discretion, may allow the adult attendant to remain in close physical proximity to or in contact with the child while the child testifies.  The court may allow the adult attendant to hold the child's hand or allow the child to sit on the adult attendant's lap throughout the course of the proceeding.  An adult attendant shall not provide the child with an answer to any question directed to the child during the course of the child's testimony or otherwise prompt the child. The image of the child attendant, for the time the child is testifying or being deposed, shall be recorded on videotape.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

'O'

18 U.S.C. § 3509(i).  Under this statute, "child" is defined as "a person who is under the age of 18, who is or is alleged to be (A) a victim of a crime of physical abuse, sexual abuse, or exploitation; or (B) a witness to a crime committed against another person."  Id. § 3509(a)(2) (some formatting omitted).  Courts have, citing this statute, approved the presence of adult attendants at trials involving alleged sexual abuse.  See, e.g., United States v. Grooms, 978 F.2d 425, 429 (8th Cir. 1992) (affirming a district court's decision to allow alleged victim's teacher, who was also a government witness, to serve as the minor's attendant pursuant to § 3509(i)); United States v. Samuel M., No. CR 13-0088 JB, 2013 WL 2284967, at *3 (D.N.M. May 3, 2013) (permitting an adult attendant to accompany an alleged victim during her testimony and repeat attorneys' questions to the witness); United States v. Duncan, CR No. 07-023-N-EJL, 2008 WL 3091878, at *5 (D. Idaho Aug. 5, 2008) (ordering that a minor victim would be allowed to have an adult attendant "beside her while she is testifying"); United States v. Brown, NMCCA 201100516, 2012 WL 5944972 (N-M. Ct. Crim. App. Nov. 28, 2012) (concluding that a military court had neither violated a defendant's constitutional rights or abused its discretion by allowing an adult attendant to accompany a seventeen-year-old alleged victim during her testimony); see also Sexton v. Howard, 55 F.3d 1557, 1559 (11th Cir. 1995) (noting in dicta that "Congress has explicitly authorized the use of adult attendants to accompany a child on the witness stand in federal trials.").

The government asserts that S.L. is now approximately fifteen years old, and will be testifying about alleged sexual abuse that she suffered at approximately nine years of age.  The government requests that the Court permit an adult "to accompany S.L. to the witness stand and to stand directly behind S.L. when S.L. testifies, and that the Court permit the adult attendant to place her hand on S.L.'s shoulder and/or provide her with a tissue if necessary."  Dkt. No. 685 at 2.  The government avers that this presence of an attendant in close proximity is "necessary to provide emotional support," and acknowledges that the attendant will not be permitted to prompt S.L. as to any aspect of her testimony.  Id.  The prosecution also represents that it will make arrangements to have the image of the attendant and child recorded as required by § 3509(i).

Defendant opposes the motion, arguing that no adult attendant should be permitted.  See Dkt. Nos. 753, 772.  But see 18 U.S.C. § 3509 ("A child testifying at or attending a judicial proceeding *shall have the right to be accompanied by* an adult attendant to provide emotional support to the child." (emphasis added)).  If any attendant is permitted, as the statute seems to require, defendant demands the following conditions:

• That the attendant be "completely ignorant of the case" and have had "no contact with the Government or with any of the Government's custodial agencies and prosecution partners," or with the witness herself.
• That the attendant "cannot be selected by the Government or its partners."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

‘O’

- That the attendant "cannot be permitted any physical contact with the witness."
- That the attendant "cannot bring or provide tissues for the witness."

Defendant asserts that the requested attendant would unduly prejudice him.  Specifically, defendant reasons that the tissues would be prejudicial and are not necessary because the witness in question is a "highly experienced witness" and "actor" with "five years of intensive trial preparation."   Defendant also objects that the government intends to designate as an attendant "someone SL knows very well," arguing that in Grooms, 978 F.2d at 429, the court only "permitted a teacher, someone who is a neutral disinterested professional."

But the attendant permitted in Grooms "was the girls' teacher and Brownie Troop leader," as well as "the government's first witness."  978 F.2d at 429.  Neither Grooms nor any other authority of which the Court is aware suggests that an attendant permitted pursuant to § 3509(i) must be unfamiliar to the alleged victim, disinterested, or selected by a third party.  Indeed, such limitations would make no sense given the plain text of the statute, which states that the attendant is intended "to provide emotional support to the child" and that the "court may allow the adult attendant to hold the child's hand or allow the child to sit on the adult attendant's lap throughout the course of the proceeding."  18 U.S.C.§ 3509(i).  Moreover, the statute expressly permits physical contact with the witness at the discretion of the Court.  Id.  Having carefully considered defendant's objections, the Court finds no merit in them, and concludes that the motion should be granted.

## III.  CONCLUSION

The government's request comports with the clear text of § 3509(i), and the Court finds it to be appropriate.  Therefore, the Court GRANTS the government's motion *in limine* for an adult attendant.  As required by statute, the attendant will not be permitted to prompt S.L. in any way, and the testimony must be videotaped.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |