UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**        'O'

| Case No. | CR 09-933(A)-CAS | | Date | February 5, 2015 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Patricia Donahue, Not Present<br>David Herzog, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN, PRO SE | NOT | | X | GEORGE BUEHLER, STANDBY COUNSEL | NOT | | X |

| Proceedings: | **(In Chambers)** GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM ARGUING HE WAS NOT A SEX OFFENSE REGISTRANT BECAUSE OF *HOFSHEIER* (Dkt. No. 687, filed November 17, 2014) |
|---|---|

## I.   INTRODUCTION

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423 (c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A.  See First Superseding Indictment, Dec. 3, 2010.  The charges arise from defendant's alleged illicit sexual acts with a minor girl in Cambodia, identified as S.L.  Further background and facts are known to the parties and set forth in the Court's orders dated November 3, 2011; July 6, 2011; September 17, 2012; and October 9, 2012.  Dkt. Nos. 254, 237, 127, 111.  A trial in this case is currently scheduled to begin on April 21, 2015.

On November 17, 2014, the government filed the instant motion seeking to preclude defendant from arguing to the jury that, because of the California Supreme Court's decision in People v. Hofsheier, 37 Cal. 4th 1185 (2006), he was not required to be registered as a sex offender at the time that he traveled to Cambodia in 2008.  Dkt. No. 687.  Defendant's former counsel, the Federal Public Defender's office ("FPD"), filed an opposition on defendant's behalf on November 24, 2014.  Dkt. No. 722.  In a January 5, 2015 filing addressing this and a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**            'O'

number of motions after defendant discharged the FPD and elected to represent himself, defendant disagreed with the manner in which the FPD had opposed the instant motion, and represented that he intends to prove to the jury that "he was *not registered under the law*" by presenting "fact witnesses, experts, and legal analyses." Dkt. No. 753 at 15 (emphasis in original). The motion was discussed at a hearing on January 8, 2015. Defendant filed a further opposition on January 29, 2015, which raised the additional issue of whether 18 U.S.C. § 2260 includes a knowledge requirement. Dkt. No. 787. The government replied on February 3, 2015. Dkt. No. 793. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

In 1995, defendant was convicted of unlawful oral copulation with a minor in violation of California Penal Code § 288a(b)(1). Dkt. No. 687 at 7; Dkt. No. 787 at 7. The court in that case required defendant to register as a sex offender pursuant to the mandatory registration provisions of California Penal Code § 290(c). See Dkt. No. 173 Ex. A. At 2370–71.

18 U.S.C. § 2260A, pursuant to which defendant is charged in Count Three, provides:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

18 U.S.C. § 2260A.

In an order dated September 17, 2012, the Court denied defendant's motion to dismiss Count Three on equal protection grounds. That order examined the California Supreme Court's holding in Hofsheier that imposing a mandatory lifetime sex offender registration requirement on a defendant convicted of oral copulation with a sixteen or seventeen-year-old pursuant to California Penal Code section 228a(b)(1) violated equal protection because a defendant convicted of engaging in sexual intercourse with a minor of the same age was not subject to the mandatory registration requirement. Id. at 16–17 (citing Hofsheier, 37 Cal. 4th at 1206–07). The order explained that, following Hofsheier, a defendant previously convicted of oral copulation with a sixteen or seventeen-year-old was not automatically freed from the registration requirement by operation of law, but could seek relief from that requirement by

filing a petition for writ of mandate. Id. (citing People v. Picklesimer, 48 Cal. 4th 330, 335 (2010) ("[I]n cases where mandatory sex offender registration has been shown to violate equal protection, the procedure . . . is not automatic removal of a sex offender from the state sex offender registry, but an after-the-fact discretionary determination whether removal is appropriate.")). This Court found that because defendant had not filed such a petition, his argument that Hofsheier meant he was not required to register as a sex offender "must be rejected." Id.

## III. ANALYSIS

### A. Whether Defendant May Argue Hofsheier to the Jury

The government contends that, given the Court's ruling on the aforementioned motion to dismiss, it would be improper to allow defendant to present legal argument based on Hofsheier to the jury. The prosecution argues that "[t]he applicability of constitutional provisions to the matter being tried is beyond the purview of the jury," because "the jury is the finder of fact rather than the arbiter of law." Dkt. No. 687 at 3.

Defendant argues that for the Court to grant the instant motion would be to decide "a question that must be submitted to the jury and proven beyond a reasonable doubt." Dkt. No. 787 at 3. Defendant correctly points out that "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." Cunningham v. California, 549 U.S. 270, 281 (2007); see also Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Defendant argues that preventing defendant from presenting Hofsheier-based argument or evidence would deprive him of his right to present a defense to the element of whether he was *required* to register" as a sex offender. Specifically, he reasons that because the sentencing judge in his prior case imposed the registration requirement pursuant to a later-invalidated mandatory registration provision, and not in an exercise of discretion, the "mandatory registration requirement . . . was unconstitutional and his registration therefore was not required by law." Dkt. No. 787 at 7.

In reply, the government concedes that the "§ 2260A count must be proven beyond a reasonable doubt to the jury," and that "defendant has the right to present a defense to that count." However, the prosecution "seeks to prevent defendant from introducing expert legal testimony and asking the jury to conduct a legal analysis of the effect of . . . Hofsheier . . . on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**        **'O'**

the requirement under Penal Code § 290 to register following a conviction under Penal Code § 288a(b)(1)." The government argues that although the "jury should decide, as a factual matter, whether defendant was required to register as a sex offender," defendant has no "right to have the jury conduct a legal analysis of California law." Dkt. No. 793 at 1.

The government is correct. Defendant's argument ignores "the most basic of principles regarding the respective roles of judge and jury: juries find the facts and judges determine the law." Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc., 106 F.3d 894, 901 (9th Cir. 1997); see Ninth Circuit Model Jury Instructions § 1.1A (2007) (explaining that it is the trial judge's duty to instruct the jury on the law, and the jury's duty to "apply the law as [the court] give[s] it to" the jury). In accordance with this principle, "[i]t is beyond question that 'it [is] for the judge, not counsel, to explain the law to the jury.'" United States v. Wables, 731 F.2d 440, 449 (7th Cir. 1984) (quoting United States v. Kramer, 711 F.2d 789, 794 (7th Cir. 1983)); see United States v. Smith, 296 F.3d 344, 348 (5th Cir. 2002) ("[T]he court . . . is the only source for instructions on the law."). Here, defendant believes that the Court has incorrectly decided the effect of Hofsheier on the California Superior Court's order that defendant register as a sex offender. Specifically, defendant disagrees with the Court's determination that Hofsheier did not automatically free any person from a legal duty to register, but instead gave a class of persons the right to seek relief from mandatory lifetime registration through a petition for writ of mandate.[1] "If counsel's view of the applicable law differs from that of the court . . . . the jury should hear a single statement of the law, from the court and not from counsel." United States v. Sawyer, 443 F.2d 712, 714 (D.C. Cir. 1971); see also United States v. Dilley, Case No. 1:08-CR-37 WCL, 2008 WL 5111345, at *2 (N.D. Ind. Dec. 3, 2008) (granting government motion *in limine* to prevent defendant from presenting previously rejected legal argument to jury). Therefore, the Court rejects defendant's position that he is entitled to argue the issue to the jury.[2]

---

[1]The Court reiterates that its previous order was based not only on Hofsheier itself, but also on the California Supreme Court's subsequent decision in Picklesimer, which made clear that, for individuals no longer in custody, relief from the mandatory registration requirement pursuant to Hofsheier could only be obtained by way of a petition for writ of mandate. 48 Cal. 4th at 336–38; id. at 343 ("We determined in Hofsheier . . . and reiterate today, that in cases where mandatory sex offender registration has been shown to violate equal protection, the procedure that most closely matches the legislative intent is not automatic removal of a sex offender from the sex offender registry, but an after-the-fact discretionary determination whether removal is appropriate.").

[2]Nor is defendant entitled to present legal argument on the issue through expert testimony. See Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1059 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**          'O'

      Defendant contends that "juries are frequently asked to find elements that encompass 'legal' questions." Dkt. No. 787 at 8. He points out that juries determine whether the jurisdictional element of an effect on interstate commerce has been proven, and whether an offense has occurred within the applicable statute of limitations. But as defendant's cited cases make clear, those are *factual* questions, and such examples provide no support for allowing defendant to argue to the jury about the correct interpretation of a California Supreme Court case. See United States v. Nukida, 8 F.3d 665, 672 (9th Cir. 1993) ("[T]he determination of whether Nukida's actions resulted in sufficient effects on interstate commerce is essentially factual." (collecting cases stating that effect on interstate commerce is a factual question)); United States v. Fuchs, 218 F.3d 957, 961–63 (9th Cir. 2000) (reversing conviction where the jury had not been instructed that in order to convict, it needed to "find that an overt act in furtherance of the conspiracy occurred within the statute of limitations"). These cases are simply not analogous to the instant situation, in which a defendant seeks to argue a legal theory that has already been rejected by the Court in a previous motion. In fact, Fuchs explained that "[j]urors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law," and are for that reason in need of jury instructions from the court. Fuchs, 218 F.3d at 962 (quoting Griffin v. United States, 502 U.S. 46, 59 (1991)).[3]

---

2008) (holding that a district court does not abuse its discretion in excluding expert testimony instructing the jury on legal issues, and explaining that expert testimony on legal conclusions "invade[s] the province of the trial judge"); Aguilar v. Int'l Longshoreman's Union, 966 F.2d 443, 447 (9th Cir. 1992) ("[M]atters of law for the court's determination . . . . [are] inappropriate subjects for expert testimony.").

    [3]Defendant's other cited authority is also inapposite. First, defendant cites United States v. Walizer, 487 F. App'x 374 (9th Cir. 2012), an unpublished decision vacating a conviction under § 2260A on the ground that "the district court erred by usurping the jury's role in determining that Walizer violated" § 2260A, and remanding for a jury trial on the § 2260A count only. Id. at 375–76. In that case, however, the Ninth Circuit determined only that a court may not itself find a violation of § 2260A, taking consideration of that count away from the jury entirely. Similarly, the court in United States v. Carver concluded that a district court could not conduct a bench trial on a § 2260A count where the defendant had not waived his right to a jury trial. 348 F. App'x 449, 452 (11th Cir. 2009). Finally, the court in United States v. Never Misses a Shot noted that "some courts consider it a violation of a defendant's constitutional rights if the penalty for violating § 2260A is imposed by the court without submitting the issue of whether the defendant violated § 2260A to the jury," and bifurcated a trial to avoid unfair prejudice on other counts from introduction of the defendant's sex offender registrant status. No. CR 13-30013-RAL, 2013 WL 3872837, at *2–3 (D.S.D. July 25, 2013). None of these cases addresses a defendant's right to argue legal issues to the jury in defense of a § 2260A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**          **'O'**

For these reasons, the Court **GRANTS** the government's motion to preclude defendant from arguing or offering evidence of Hofsheier to the jury.

### C. Whether Defendant May Argue to the Jury That He Did Not Know He Was a Required Sex Registrant

In his most recent opposition, defendant also argues that the government is "required to prove that [defendant] knew that he was required to register as a sex offender." Dkt. No. 787 at 5. Defendant reasons that, "even if an argument could be made that he was required to register notwithstanding the unconstitutionality of such a requirement, he did not know that he was required by law to register." Id. at 7. Defendant asserts that he "was aware of the Hofsheier case, consulted with highly competent counsel about his registration requirement, and understood that he was not legally required to register." Id. The government responds that § 2260A contains no requirement that the defendant knew he was required to register.

As defendant points out, the Supreme Court has stated that " '[t]he existence of a *mens rea* requirement is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.' " Staples v. United States, 511 U.S. 600, 605 (1994) (quoting United States v. U.S. Gypsum Co., 438 U.S. 422, 436–37 (1978)). But in that same case, the Court explained that whether a criminal statute includes a knowledge requirement "is a question of statutory construction." Id. at 604. The Court has also stated that "[t]he presumption in favor of scienter requires a court to read into a statute only that *mens rea* which is necessary to separate wrongful conduct from 'otherwise innocent conduct.' " Carter v. United States, 530 U.S. 255, 269 (2000) (quoting United States v. X-Citement Video, Inc., 513 U.S. 64, 72 (1994)). Applying these principles, the Court rejects defendant's interpretation of § 2260A.

In Dean v. United States, 556 U.S. 568 (2009), the Supreme Court considered whether a *mens rea* requirement should be read into a sentencing enhancement imposing a minimum prison term of ten years on "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries . . . or . . . possesses a firearm . . . if the firearm is discharged." 18 U.S.C. § 924(c)(1)(A)(iii). A defendant convicted of armed robbery and sentenced to the mandatory ten-year term because a firearm discharged during the crime's commission appealed on the ground "that the discharge was accidental, and that the sentencing enhancement . . . requires proof that the defendant intended to discharge the firearm." Id. at 571. The Court rejected this argument. Starting with the text of the statute, the Court noted: "The text of subsection (iii) provides that a defendant shall be sentenced to a minimum of 10

---

count, or in any analogous situation.

years 'if the firearm is discharged.' It does not require that the discharge be done knowingly or intentionally, or otherwise contain words of limitation." Id. at 572. This weighed against finding a *mens rea* requirement because the Court " 'ordinarily resist[s] reading words or elements into a statute that do not appear on its face.' " Id. (quoting Bates v. United States, 522 U.S. 23, 29 (1997)). The Court reasoned that "Congress's use of the passive voice further indicates that subsection (iii) does not require proof of intent." Id. Finally, rejecting an argument that declining to read an intent requirement into the statute would conflict with the presumption of *mens rea* expressed in Staples and other cases, the Court explained that "[i]t is unusual to impose criminal punishment for the consequences of purely accidental conduct. But it is not unusual to punish individuals for the unintended consequences of their *unlawful* acts." Id. at 575 (emphasis in original). Because a defendant who falls under § 924(c)(1)(A)(iii) "is already guilty of unlawful conduct twice over" (that is, an violent or drug trafficking case and using, carrying, or possessing a firearm in the course of that offense), the Court reasoned that the "fact that the actual discharge of a gun . . . may be accidental does not mean that the defendant is blameless"; therefore, no implied *mens rea* requirement was necessary. Id. at 576.

    Applying Dean and Carter, the Court concludes that § 2260A does not require the prosecution to prove that defendant knew he was required to register as a sex offender. As in Dean, the plain language of the statute does not require that the defendant knew he was required to register at the time of the predicate felony offense, or "otherwise contain words of limitation." Id. at 572. Rather, the statute covers "[w]hoever, being required by Federal or other law to register as a sex offender, commits" certain offenses. 18 U.S.C. § 2260A. Like the statute considered in Dean, the operative portion of § 2260A is written in the passive tense ("*being* required by . . . law"), further indicating that Congress intended no knowledge requirement. And as in Dean, a knowledge requirement is not required to prevent the statute from punishing innocent conduct, because any defendant falling under § 2260A will have been convicted of two illegal acts requiring *mens rea*: the initial offense that imposed the registration requirement and one of the predicate felonies listed in § 2260A. For these reasons, the Court rejects defendant's argument that a knowledge requirement must be read into the statute.[4]

---

[4]This conclusion accords with the only decision on this precise issue the Court could locate, in which a district court within this circuit rejected an argument that § 2260A includes a *mens rea* requirement because "[i]f Congress did not require any specific intent, then intent should not be read into the statute." United States v. Walizer, No. 2:10-cv-00124-PMP-RJJ, 2010 WL 5563506, at *3 (D. Nev. Dec. 30, 2010), subsequent decision vacated on other grounds, 487 F. App'x 374 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**  'O'

Defendant's citation to United States v. Elkins, 683 F.3d 1039 (9th Cir. 2011) is unhelpful because that case considered a different statute, 18 U.S.C. § 2250, which includes on its face a "knowingly" element. Id. at 1049–50; see 18 U.S.C. § 2250(a)(3). Defendant's citation to Lambert v. California, 355 U.S. 225 (1970) is similarly unavailing. In Lambert, the Court considered an ordinance that prohibited "[a]ny person . . . convicted of an offense punishable as a felony in the State of California" from remaining in Los Angeles for more than five days without registering. Id. at 226. The Court noted, "we deal with conduct that is wholly passive—mere failure to register," which is "unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed." Id. at 228. Because "[v]iolation of [the ordinance's] provision [was] unaccompanied by any activity whatever," and the petitioner's "default was entirely innocent," the Court held that "actual knowledge of the duty to register or proof of the probability of such knowledge" was necessary before penalties could be imposed." Id. at 229. This situation—in which a law "punished conduct which would not be blameworthy in the average member of the community"—is entirely different from the statute here, which increases the punishment for blameworthy conduct based on a registration requirement imposed on the basis of prior blameworthy conduct. In sum, defendant has offered no persuasive reason to read into § 2260A a knowledge requirement that Congress could have included, but did not.

## III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the government's motion *in limine* to preclude defendant from arguing or offering evidence that, because of Hofsheier, he was not required to register as a sex offender at the relevant time.[5] The Court also rejects defendant's

---

[5] On January 29, 2015, the California Supreme Court expressly overruled Hofsheier in the case of Johnson v. Dep't of Justice, No. S209167, --- P.3d ---, 2015 WL 363184 (Cal. 2015). The petitioner in Johnson was required to register as a sex offender when he pled guilty in 1990 to oral copulation with a minor, and relied on Hofsheier in filing a writ of mandate seeking removal from the sex offender registry. Id. at *2. The court held that Hofsheier had "mistakenly concluded that no rational basis exists for subjecting intercourse offenders and oral copulation offenders to different registration requirements." Id. at *1. The court applied its ruling retroactively to Johnson, but did not reach the question of whether the overruling of Hofsheier "should be given retroactive application in all cases." Id. at *11 & n.11. Because the general retroactivity of Hofsheier's overruling is not clear, the Court does not rely on Johnson in deciding this motion; still, the ruling further undercuts defendant's argument that he has a right to present argument or evidence of Hofsheier to the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**          **'O'**

argument that 18 U.S.C. § 2260A requires the government to prove that a defendant knew that he was required to register as a sex offender at the time of the charged offense.[6]

IT IS SO ORDERED.

|                          | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | CMJ |   |    |

---

[6] The Court also acknowledges defendant's statement that he "does ***not*** waive his right to a jury with respect to Count Three," and per his request, will disregard the contrary statement in the opposition previously filed by the FPD. Dkt. No. 787 at 2 n.1 (emphasis in original).