# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR09-933(A)-CAS | Date | February 13, 2015 |
|---|---|---|---|

Present: The Honorable **CHRISTINA A. SNYDER**

Interpreter   N/A

| Catherine Jeang | Not Present | Patricia Donahue, Not Present<br>David Herzog, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN, PRO SE | NOT | X | | GEORGE BUEHLER, STANDBY COUNSEL | NOT | X | |

**Proceedings:**   **(In Chambers)** DEFENDANT'S REQUEST TO SUPPLEMENT ARGUMENTS AND EVIDENCE (Dkt. No. 800, filed February 5, 2015)

## I.   INTRODUCTION AND BACKGROUND

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423(c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A.  Dkt. No. 38 (First Superseding Indictment).  The charges arise from defendant's alleged illicit sexual acts with a minor female in Cambodia, identified as S.L.  A jury trial is set to commence on April 21, 2015.

On October 5, 2012, defendant filed a motion to dismiss Counts One and Three of the superseding indictment pursuant to the doctrines of specialty and dual criminality.  Dkt. No. 250.  The government filed an opposition on November 5, 2012, and defendant replied on March 6, 2013.  Dkt. Nos. 280, 333.  The government filed a supplemental brief on October 14, 2014.  Dkt. No. 637.  The motion was discussed at a hearing on January 8, 2015, at which the Court granted defendant until January 22, 2015 to file a supplemental brief.  Dkt. No. 777.  On January 23, the Court granted defendant's *ex parte* application for additional time to file that brief, giving him until January 29, 2015 to do so.  Dkt. No. 779.  Defendant filed a supplemental brief on January 29, 2015.  Dkt. No. 788.  The Court denied defendant's motion in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

an order dated February 4, 2015.  At a hearing on February 5, 2015, defendant presented argument in response to the issuance of the motion.

Defendant has filed a request for additional time to supplement arguments and evidence in support of the motion.  Dkt. No. 800.  This request was dated January 30, 2015; however, it was not entered on the docket until February 5, 2015, after the Court had already ruled on the motion.  Having reviewed defendant's filing and its attached exhibits, the Court finds no grounds to vacate, alter, or otherwise reconsider its ruling on the motion to dismiss at this juncture.  In the event that defendant discovers new evidence that offers substantial support for the argument that he was extradited pursuant to an agreement that incorporated the doctrines of specialty and/or dual criminality, defendant may move for reconsideration, subject to this Court's standard for such motions.[1]

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

[1]Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.