UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR09-933(A)-CAS | Date | May 13, 2015 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | Patricia Donahue, Not Present<br>David Herzog, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN | | NOT | X | GEORGE BUEHLER, STANDBY COUNSEL | | NOT | X |

| Proceedings: | **(In Chambers)** DEFENDANT'S MOTION FOR ACQUITTAL OR RECONSIDERATION OF <u>HOFSHEIER</u>-BASED MOTIONS (Dkt. No. 824, filed March 16, 2015) |
|---|---|

## I.    INTRODUCTION AND BACKGROUND

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423(c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A. Dkt. No. 38 (First Superseding Indictment). The charges arise from defendant's alleged illicit sexual acts with a minor female in Cambodia, identified as S.L.

18 U.S.C. § 2260A, pursuant to which defendant is charged in Count Three, provides:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under [statutes including 18 U.S.C. § 2423] . . . shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision

18 U.S.C. § 2260A. In 1995, defendant was convicted of unlawful oral copulation with a minor in violation of California Penal Code § 288a(b)(1). Dkt. No. 687 at 7; Dkt. No. 787 at 7. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

'O'

sentencing court required defendant to register as a sex offender pursuant to the mandatory registration provisions of California Penal Code § 290(c).  See Dkt. No. 173 Ex. A. at 2370–71. This imposed sex registration forms the basis of the § 2260A charge against defendant.

In an order dated September 17, 2012, the Court denied defendant's motion to dismiss Count Three based on defendant's reading of People v. Hofsheier, 37 Cal. 4th 1185 (2006). Dkt. No. 237.  In an order dated February 5, 2015, the Court granted the government's motion *in limine* to preclude defendant from arguing he was not a required sex offense registrant at the time of the alleged crime because of Hofsheier.  Dkt. No. 801.

On March 16, 2015, defendant filed a motion for acquittal of Count Three or, in the alternative, reconsideration of the aforementioned prior orders.  Dkt. No. 824.  On March 17, 2015, defendant filed the declaration of William J. Kopeny in support of that motion.  On April 2, 2015, after the Court indicated that it did not require opposition briefing on defendant's motion for acquittal or reconsideration, defendant presented oral argument in support of the motion.  Having considered defendant's motion, the Kopeny Declaration, and the submitted exhibits, the Court finds and concludes as follows.

## II.    DISCUSSION

As an initial matter, the instant motion is not based upon a proper ground for reconsideration under this Court's Local Rule 7-18, which states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

The "new" grounds defendant presents are contained in a declaration by an attorney who represented him in state court proceedings over a decade ago, who provides his legal opinion on the application of Hofsheier (a case decided in 2006) to defendant's situation.  This declaration attaches documents from those state court proceedings, all of which are over a decade old.  Although defendant states that he did not obtain Kopeny's declaration until after the Court had decided the motions of which he seeks reconsideration, he provides no reason why he could not have obtained the declaration earlier.  Thus, defendant has not pointed to any new information

that could not have been discovered through the exercise of reasonable diligence. Nor has he shown the emergence of new material facts or law, or a failure of the Court to consider material facts in its prior decisions. Rather, defendant simply disagrees with the prior rulings, and repeats already-rejected arguments.

Even if the motion were procedurally proper, it would present no reason to alter the Court's prior orders or dismiss Count Three. Defendant and his declarant former attorney repeat the argument that Hofsheier made defendant's sex offender registration requirement *void ab initio*, so that he was not "required by law" to register as a sex offender at the time of the alleged acts in Cambodia. But neither defendant nor his declarant addresses People v. Picklesimer, 48 Cal. 4th 330 (2010). In that case, which postdated Hofsheier and involved a person previously convicted of oral copulation with a sixteen- or seventeen-year-old, the California Supreme Court held: "in cases where mandatory sex offender registration has been shown to violate equal protection, the procedure that most closely matches the legislative intent is not automatic removal of a sex offender from the state sex offender registry, but an after-the-fact discretionary determination whether removal is appropriate." Id. at 343. The court expressly stated that for those "who are no longer in custody and whose appeals are final, claims for Hofsheier relief—relief from mandatory sex offender registration based on equal protection—must be brought by way of a petition for writ of mandate in the trial court." Id. at 335 (emphasis added). "This is because defendants who assert a claim for Hofsheier relief and establish a right to relief from mandatory sex offender registration may still be subject to discretionary registration." Id. (emphasis in original).[1] Defendant has never argued that, after Hofsheier was decided, he filed a petition for writ of mandate and obtained relief as a result. For these reasons, his motion to dismiss Count Three or for reconsideration of the Court's prior order rejecting his Hofsheier-based argument for dismissal lacks merit.

To the extent that defendant continues to seek to present his contrary view of the law to the jury through expert testimony or otherwise, he continues to ignore the basic principle that

---

[1] The fact that the relevant state supreme court has expressly addressed and rejected defendant's argument distinguishes United States v. Jenkins, 772 F.3d 1092 (7th Cir. 2014), the only recent case Kopeny cites in support of his argument. See Kopeny Decl. ¶ 18. In Jenkins, the Seventh Circuit stated: "In Illinois, when a statute is held to be facially unconstitutional, it is deemed *void ab initio*," with the effect of rendering "void" the sentence of a defendant convicted under that statute. Jenkins, 772 F.3d at 1092 (emphasis added) (citing Illinois cases). This case presents no issue of Illinois law, and the California Supreme Court has expressly held that Hofsheier did not automatically free a person in defendant's position from the requirement to register as a sex offender. Therefore, even if Jenkins could be considered a material new development in law—which is doubtful as it was decided by the Seventh Circuit in December 1, 2014 and cited Illinois cases decided in 1999 and 2002—it is inapposite.

"instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court." Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) (quoting United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir. 1993)); see Weitzenhoff, 35 F.3d at 1287 ("The court's admission of expert testimony on contested issues of law in lieu of instructing the jury was manifestly erroneous."); United States v. Wables, 731 F.2d 440, 449 (7th Cir. 1984) ("It is beyond question that 'it [is] for the judge, not counsel, to explain the law to the jury." (quoting United States v. Kramer, 711 F.2d 789, 794 (7th Cir. 1983))). Accordingly, the Court also declines to reconsider its order granting the government's motion *in limine* to exclude argument or evidence on Hofsheier.

### III. CONCLUSION

In accordance with the foregoing, defendant's motion is **DENIED**.[2]

IT IS SO ORDERED.

|  |  |  |
|---|---|---|
|  | 00 : 00 |  |
| Initials of Deputy Clerk | CMJ |  |

---

[2] The California Supreme Court recently overruled Hofsheier in Johnson v. Dep't of Justice, 60 Cal. 4th 871 (2015). The court held that Hofsheier "mistakenly concluded that no rational basis exists for subjecting intercourse offenders and oral copulation offenders to different registration consequences," and that "unique potential, legislative concerns regarding teen pregnancy and the support of children conceived as a result of unlawful sexual intercourse provide more than just a plausible basis for allowing judicial discretion in assessing whether perpetrators of that crime should be required to register, while mandating registration for perpetrators of other nonforcible sex crimes." Id. at 875. The court also held that Johnson's overruling of Hofsheier applied retroactively "where a sex offender has taken no action in justifiable reliance on the overruled decision." Id. at 889. The Court does not believe that Johnson has any effect on its analysis in this or any prior order. However, to the extent Johnson has any relevance, it could only further undermine defendants' arguments.