UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 09-933(A)-CAS | Date | June 19, 2015 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | Patricia Donahue, Not Present<br>David Herzog, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN, PRO SE | NOT | | X | GEORGE BUEHLER, STANDBY COUNSEL | NOT | | X |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S MOTION FOR RECONSIDERATION AND AN EVIDENTIARY HEARING RE: EXTRADITION MOTION (Dkt. No. 900, filed April 6, 2015) |
|---|---|

## I.  INTRODUCTION AND BACKGROUND

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423(c), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A.  Dkt. No. 38 (First Superseding Indictment).  The charges arise from defendant's alleged illicit sexual acts with a minor female in Cambodia, identified as S.L.  A jury trial is set to commence on November 3, 2015.

On October 5, 2012, defendant filed a motion to dismiss Counts One and Three of the superseding indictment pursuant to the doctrines of specialty and dual criminality.  Dkt. No. 250.  That motion, which the parties have sometimes referred to as the "extradition motion," arose out of the manner in which defendant was transferred from Cambodia to the United States for prosecution.  The government filed an opposition on November 5, 2012, Dkt. No. 280, and defendant replied on March 6, 2013, Dkt. No. 333.  The government filed a supplemental brief on October 14, 2014.  Dkt. No. 637.  The motion was discussed at a hearing on January 8, 2015, at which the Court granted defendant until January 22, 2015 to file a supplemental brief and indicated that the motion had not been orally argued.  Dkt. No. 777; Jan. 8, 2015 Hr'g Tr. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

5:24–6:5. On January 23, the Court granted defendant's *ex parte* application for an additional week to file that brief. Dkt. No. 779. Defendant's standby counsel filed a supplemental brief on January 29, 2015. Dkt. No. 788.

On February 3, 2015, the Court denied the extradition motion. Dkt. No. 794. The Court first agreed with defendant that he was in fact extradited from Cambodia to the United States. Id. at 7–9. The Court then rejected the government's argument that dual specialty and dual criminality only apply when the defendant is extradited pursuant to a formal extradition treaty, concluding instead that "the doctrines of specialty and dual criminality are applicable when the United States has made a promise to abide by them."[1] Id. at 9–13 (emphasis added). On the evidence before the Court at that time—including diplomatic exchanges between United States and Cambodian officials and declaration testimony by a United States Department of State official that the two countries "entered into no agreement, exchange of notes or other correspondence that could . . . be interpreted as an explicit mutual agreement that the rule of specialty would apply in this case," Dkt. No. 350 ¶ 5—the Court then found that the "United States never agreed that it would abide by the rules of specialty or dual criminality" in defendant's case, and "never made any promise limiting the conduct for which defendant could be prosecuted." Id. at 13–16.[2] In light of this finding, the Court did not reach the government's alternative argument that even if the doctrines were found to apply, prosecution of defendant for Counts One and Three would not violate those doctrines.

On February 5, 2015, defendant's standby counsel offered oral argument responding to the Court's order, to which the government offered rebuttal. See Feb. 5, 2015 Hr'g Tr. at 22:9–26:16. The Court stated that it would "go back and look at it [the motion] one more time," id. at 25:1-2. Also on February 5, 2015, defendant filed a motion for an extension of time to file a supplemental brief and submit additional evidence in support of his motion. Dkt. No. 800. The Court reviewed defendant's motion and the attached exhibits, and denied the motion for an extension on February 13, 2015, without prejudice to a motion for reconsideration made on proper grounds. Dkt. No. 807. On April 6, 2015, defendant filed a motion for reconsideration of, and for oral argument and an evidentiary hearing on, the extradition motion. Dkt. No. 900. The government opposed the motion for reconsideration on May 19, 2015. Dkt. No. 294. On

---

[1] See United States v. Najohn, 785 F.2d 1420, 1422 (9th Cir. 1986) ("[P]reservation of the institution of extradition requires that the petitioning state live up to whatever promises it made in order to obtain extradition." (emphasis added))

[2] Cf. United States v. Lehder-Rivas, 668 F. Supp. 1523, 1528 n.6 (M.D. Fla. 1987) ("An extradition based on comity is not subject to specialty.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

June 18, 2015, the Court held a hearing at which defendant offered oral argument pertaining to his strong disagreement with the Court's prior ruling and his desire to offer additional evidence.

## II. LEGAL STANDARD

In this judicial district,

> [a] motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. Local R. 7-18; see also Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation, 331 F.3d at 1046.

## III. ANALYSIS

Defendant first argues that the Court erred in ruling on the extradition motion without affording him sufficient time to file a response to the government's supplemental brief. The Court disagrees. As noted, defendant was granted multiple extensions of time in which to file that response, and still failed to do so within the timeline established by the Court. Defendant's former counsel and his standby counsel filed three briefs on his behalf over the course of over two years of litigation, and defendant did not even file a timely request for yet more time to respond. The Court is also not persuaded by defendant's argument that he must be given a further opportunity to argue the legal issues relevant to his motion, especially in light of the significant oral argument offered by defendant's standby counsel on February 5, 2015, and by defendant himself on June 18, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

Nor does the Court find reconsideration required by its purported failure to consider Cambodian law regarding the doctrines of specialty and dual criminality. In its prior order, the Court considered that argument, and nevertheless found no sufficient showing that the United States had agreed to abide by those doctrines in his case.

Finally, the Court is not persuaded that an evidentiary hearing is required. Defendant asserts that he will at some future time be able to produce documents showing that the United States agreed to abide by the doctrines of specialty and dual criminality, and that a host of "percipient witnesses" would testify "that the Cambodian government extradited Mr. Boyajian pursuant to Cambodian law and that the U.S. government never formally notified the Cambodian government about, and that the Cambodian government never waived, the adding of new charges more than a year after Mr. Boyajian's extradition." Dkt. No. 900 at 10 (emphasis in original). These witnesses, who appear to be beyond the subpoena power of the Court, include Carol Rodley (former U.S. Ambassador to Cambodia), James Webb (former U.S. Senator), and Hillary Clinton (former Secretary of State). Id. In the absence of an actual showing that any material documentary evidence will be produced, or that any of these witnesses would testify and support defendant's position, the Court declines to reconsider its previous rulings.[3] However, as the Court has stated on multiple occasions, the Court will consider any actual evidence defendant is able to obtain and present that bears on the issue of whether the United States and Cambodian government entered into an agreement conditioning defendant's extradition on compliance with the doctrines of specialty or dual criminality.

---

[3] At the June 18, 2015 hearing, defendant stressed his submission of a newspaper article pertaining to the extradition of a different person from Cambodia to the United States in 2014, in which a Cambodia official states that his country and the United States "have an informal agreement for extradition." Dkt. No. 800-2 at 8. This article does not discuss defendant Boyajian, and postdates defendant's removal to the United States by several years. Additionally, the article does not state or imply that any "informal agreement" between the two countries includes the doctrines of dual criminality and specialty. Defendant has also declared that while he was imprisoned in Cambodia, he saw television coverage depicting "meetings between what appeared to be US officials and Cambodian government officials," which fellow inmates translated as relating to the United States government's execution of a "memorandum of understanding with the Cambodia [sic] government for bringing back American 'criminals.'" Dkt. No. 800-1 ¶ 17. Again, this statement—which contains multiple levels of hearsay—is devoid of any information that would suggest that the United States agreed to only prosecute defendant for certain crimes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

## IV.   CONCLUSION

In accordance with the foregoing, the motion for reconsideration is **DENIED**, without prejudice to a renewed motion for reconsideration supported by a non-speculative showing of new material facts relevant to the extradition motion. Defendant is reminded that, under the Local Rules, a motion for reconsideration may not "repeat any oral or written argument made in support of or in opposition to the original motion."

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |