EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
PATRICIA A. DONAHUE (Cal. Bar No. 132610)
DAVID M. HERZOG (Cal. Bar No. 224594)
VANESSA BAEHR-JONES (Cal. Bar No. 281715)
Assistant United States Attorneys
     United States Courthouse
     312 North Spring Street, 13th/15th floors
     Los Angeles, California 90012
     Telephone:  (213) 894-0640/0600/0511
     Facsimile:  (213) 894-6436/3713
     E-mail:   Patricia.Donahue@usdoj.gov
               David.Herzog@usdoj.gov
               Vanessa.Baehr-Jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RONALD GERARD BOYAJIAN, <br>   aka "John," <br><br> Defendant. | **No. CR 09-933(A)-CAS** <br><br> [PROPOSED] **ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT** <br><br> **Briefing Schedule** <br> **Filing Deadline For Motions:** <br> **November 23, 2015** <br><br> **Filing Deadline for Oppositions:** <br> **December 21, 2105** <br><br> **Hearing on Motions:** <br> **January 11, 2016 at 1:30 p.m.** <br><br> **Trial** <br> **January 26, 2016 at 9:30 a.m.** <br><br> **Court: Hon. Christina A. Snyder** |

Having heard from plaintiff, the United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, and having heard from

defendant Ronald Boyajian ("defendant"), who represents himself pro se in this matter, during proceedings in open court and in camera on September 30, 2015, and in open court on October 15, 2015, and having read and considered filings defendant made on September 21, 2015 (CR 983), October 2, 2015 (CR 994), and October 13, 2015 (CR 999), the Court construes defendant's statements and filings as a request by defendant for a trial continuance.  Having determined that good cause exists, the Court hereby FINDS AS FOLLOWS:

1.   The Indictment was filed on September 15, 2009.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 1, 2009.  The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required that the trial commence on or before November 24, 2009.

2.   Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately four weeks.

3.   On September 21, 2009, the Court set a trial date of November 10, 2009, and a status conference date of October 19, 2009.  The Court subsequently continued the trial date as follows:

   from November 10, 2009, to May 18, 2010;
   from May 18, 2010, to September 28, 2010;
   from September 28, 2010, to November 2, 2010;
   from November 2, 2010, to March 15, 2011;
   from March 15, 2011, to November 1, 2011;
   from November 1, 2011, to January 12, 2012;
   from January 12, 2012, to March 27, 2012;
   from March 27, 2012, to June 12, 2012;
   from June 12, 2012, to October 16, 2012;
   from October 16, 2012, to October 30, 2012;

    from October 30, 2012, to February 5, 2013;

    from February 5, 2013, to April 2, 2013; and

    from April 2, 2013, to April 23, 2013;

    from April 23, 2013, to June 11, 2013;

    from June 11, 2013, to a status on conference August 12, 2013;

    from August 12, 2013, to June 3, 2014;

    from June 3, 2014, to January 20, 2015;

    from January 20, 2015, to April 21, 2015; and

    from April 21, 2015, to November 3, 2015;

and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

    4.  On September 30, 2015, and October 15, 2015, this Court held status conferences in this matter.  Defendant, who is representing himself, appeared in person during both status conferences, and appeared with his standby counsel of record, George Buehler, on October 15, 2015.  Based on defendant's statements during those proceedings, as well as defendant's filings as set forth above, which the Court construes as written requests by defendant for a trial continuance, the Court finds that defendant requested a continuance of the trial date, which is currently set for November 3, 2015, and waived his right to proceed to trial on that date.  The Court stated in open court its intention to continue this trial to January 26, 2016, to which defendant did not object. This order incorporates and supplements the findings made by the Court on October 15, 2015.

    5.  The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney

for the government, or failure on the part of the attorney for the government to obtain available witnesses.

6. The ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

7. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice, or deny continuity of counsel.

8. Failure to grant the continuance would unreasonably deny defendant and standby defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from November 3, 2015, to January 26, 2016, at 9:30 a.m.

2. No further continuances of the trial date will be granted.

3. The Court hereby sets the following briefing schedule. All motions, including motions in limine, shall be filed on or before November 23, 2015. Oppositions shall be filed on or before December 21, 2015. The hearing on motions shall take place on Monday, January 11, 2016, at 1:30 p.m.

4. The time period of November 3, 2015, to January 26, 2016, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv).

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

October 20, 2015
_____          _____
DATE                                      HONORABLE CHRISTINA A. SNYDER
                                          UNITED STATES DISTRICT JUDGE

Presented by:

    /s/
_____
DAVID M. HERZOG
Assistant United States Attorney