## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL                    'O'

| | | | |
|---|---|---|---|
| Case No. | CR 09-933(A)-CAS | Date | November 16, 2015 |

Present: The Honorable   CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Interpreter   N/A

| CONNIE LEE | LAURA ELIAS | DAVID HERZOG VANESSA BAEHR-JONES |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| | | | | Ronald Boyajian, Pro Se | X | | |
| Ronald Gerard Boyajian | X | X | | George Buehler | X | X | |

**Proceedings:** MOTION TO DISMISS INDICTMENT, OR IN THE ALTERNATIVE TO VACATE ALL PRIOR RULINGS AND EXCLUDE FROM TRIAL ALL WITNESSES EXPOSED TO DEFENDANT WHILE SHACKLED; OR IN THE ALTERNATIVE TO ISSUE STANDING ORDER REGARDING COURTROOM SECURITY PROHIBITING SHACKLING OF DEFENDANT RONALD BOYAJIAN AND PERMIT APPEARANCE IN CIVILIAN CLOTHES [1015]

On October 23, 2015, defendant Ronald Gerard Boyajian ("defendant"), proceeding *pro se*, filed the instant motion entitled "Motion to Dismiss the Indictment; or in the Alternative to Vacate all Prior Rulings and Exclude From Trial all Witnesses Exposed to Defendant While Shackled; or in the Alternative to Issue Standing Order Regarding Courtroom Security Prohibiting Shackling of Defendant Ronald Boyajian and Permit Appearance in Civilian Clothes." Dkt. 1015. In brief, defendant contends that he has improperly been required to wear shackles during numerous pre-trial proceedings. According to defendant, the Court was required to make a "particularized showing of need" prior to requiring defendant to appear in shackles. A hearing on defendant's motion was held on November 16, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**        **'O'**

    In support of this motion, plaintiff relies principally on a recent Ninth Circuit decision, United States v. Sanchez Gomez, 798 F.3d 1204 (9th cir. 2015). In that case, several criminal defendants filed a challenge to a blanket policy of the Southern District of California requiring criminal defendants to wear "five point restraints" in most non-jury proceedings.[1] Id., at 1206. The Ninth Circuit held that, while "a policy that permits routine use of shackles is not 'forbidden' in non-jury proceedings under the Fifth Amendment's Due Process Clause . . . such a generalized shackling policy must rest on an 'adequate justification of its necessity.' " Id. at 1207 (citing United States v. Howard, 480 F.3d 1005, 1008 (9th Cir. 2007). Applying this principle to the Southern District's policy, the Ninth Circuit found that the judges of the Southern District had provided an insufficient justification for their policy and therefore declared the policy unlawful. Id. 1209.

    According to defendant, the Ninth Circuit in Sanchez-Gomez, "repudiated shackling of defendants in any judicial proceeding without a particularized showing of need." Mot., at 3. Defendant contends that the Court has "never conducted the kind of hearing that is now clearly required [by Sanchez-Gomez]" and, therefore, the Court has failed "to do a sufficient fact-finding to actually sustain the shackling order." Id. at 5. Defendant's reliance on Sanchez-Gomez is misplaced.

    First, and foremost, in Sanchez-Gomez the Ninth Circuit held only that "an adequate justification of need" is necessary before imposing a shackling *policy*. Sanchez-Gomez, 798 F.3d at 1209. ("We hold only that in this case, judges should have provided greater justification for adopting such a *policy*.") (emphasis added). It did not hold that a particularized showing of need is necessary before requiring individual defendants to appear in non-jury proceedings with physical restraints. In fact, the Ninth Circuit has declined to hold that such an individualized determination is necessary. See Howard, 480 F.3d at 1013 ("[Defendants] argue that due process requires that there be no restraint whatsoever without an individualized determination. This may go farther than due process requires. But we do not have to reach this question."). And, in Sanchez-Gomez, the Ninth Circuit cited with approval the Second Circuit's decision in United States v. Zuber, 118 F.3d 101 (2d. Cir. 1997), in which the court expressly held that trial

---

[1] "Five point restraints," as the Ninth Circuit explained, "consist of leg shackles and handcuffs connected to a belly band by a chain approximately 15 inches long." Sanchez-Gomez, 798 F.3d at 1206. In the Central District it is the general practice for most criminal defendants to appear in most pre-trial proceedings wearing five point restraints. Accordingly, in many hearings before the Court, defendant has appeared wearing five point restraints, although the Court has often instructed the United States Marshals to release his hands during the course of these proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                                    **'O'**

courts are not required to conduct an individualized hearing every time a prisoner is brought into court.  Sanchez-Gomez, 798 F.3d at 1209 (citing Zuber, 118 F.3d at 104 ("It has never been suggested — and it is not the rule — that every time a person in custody is brought into a courtroom in restraints, a hearing on the record with counsel is required, much less an evidentiary hearing and factfinding by the district judge.")).  Accordingly, to the extent defendant contends that the Ninth Circuit's decision in Sanchez-Gomez requires the Court to conduct an individualized hearing regarding the need for him to wear physical restraints while appearing in non-jury proceedings, he misreads that decision.

Second, even assuming that defendant had been unlawfully required to wear restraints during non-jury proceedings, nothing in Sanchez-Gomez suggests that the appropriate remedy for such a violation would be to dismiss defendant's indictment, let alone to vacate dozens of the Court's prior rulings over the course of defendant's six-year long case.

Accordingly, the Court finds that defendant's cited authority does not justify the relief he requests.  It has always been this Court's policy to defer to the suggestions of the United States Marshals regarding appropriate safety precautions and concerns unique to particular defendants.  Nothing in the cited authority prohibits the Court from continuing this policy.  See also Zuber, 118 F.3d at 104 ("Either directly or through courtroom deputies, law clerks or secretaries, district judges regularly consult with the Marshals Service regarding precautions to be taken at hearings involving persons who are in custody . . . Not surprisingly, in most such cases, a district judge will defer to the professional judgment of the Marshals Service regarding the precautions that seem appropriate or necessary in the circumstances.").

In accordance with the foregoing, defendants' motion is DENIED.

IT IS SO ORDERED.

|                | 00 | : | 30 |
|----------------|----|---|----|

Initials of Deputy
Clerk                    CL

cc: