RONALD GERARD BOYAJIAN
Register number 33900-112
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, CA 90053

In *Pro Per*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 09-933(A)-CAS |
| Plaintiff, | |
| v. | OBJECTION AND REQUEST TO STRIKE OR MODIFY ORDER RE SUBMISSION OF PRETRIAL MOTIONS |
| RONALD GERARD BOYAJIAN, | |
| Defendant. | |
| | Judge: Hon. Christina A. Snyder |
| | Dept.: 5 - 2nd Floor |
| | Trial Date: January 26, 2016, 9:30 .m. |

At a hearing on November 16, 2015, defendant Ronald Boyajian, appearing in *pro per*, raised with the Court that, due to the severe limitations on his ability to prepare his defense, he would not be able to submit all his motions by the Court-imposed motions cut-off of November 23, 2015. The Court did not extend the motions cut-off date, but instead ruled that it would allow Mr. Boyajian to submit a list and brief summary of the motions by November 23, 2015, and that any motion included on the list would be deemed timely filed and preserved for appellate review.

On November 16, 2015, sometime after the conclusion of court proceedings at 3:00 p.m., the government filed an ex parte request for an order modifying the order made by

the Court at the hearing. The government disguised the ex parte request by labeling it a "Submission" and included a proposed order with its filing. The government did not (1) advise defendant or his defense team that they were filing this request; (2) did not include defendant's position regarding the ex parte request as per Local Rule 7-19; and (3) did not provide defendant's defense team with a courtesy email copy of the filing after it was made. The government's filing was entered into PACER sometime on November 17, 2015. The only one who would have received automatic notification of the filing would have been standby counsel who did not advise anyone on the defense team when and if he received such notice.

The government's proposed order included additional restrictions beyond what was discussed at the hearing – requiring Mr. Boyajian to justify all his motions in two sentences or less, allowing the government to respond, and only allowing substantive briefing or argument if the Court subsequently orders it. On November 17, 2015, this Court filed its Order Regarding Submission of Pretrial Motions (Doc. 1031), adopting the proposed order submitted by the government, with only slight revisions. Mr. Boyajian did not see the government's proposed order before the Court signed it, and the Court's order has only now come to Mr. Boyajian's attention.

Mr. Boyajian, objects to the order and requests that the Court strike the order or, if not stricken, modify the order to eliminate the limitations on Mr. Boyajian's ability to present his motions that are unduly restrictive and were not discussed at the hearing. As a threshold matter, Mr. Boyajian maintains his position that he should simply be given more time to submit his motions because he *still* does not have access to all his defense materials and is otherwise handicapped by the lack of paralegal support and adequate facilities.

Further, the "list" method now proposed by the government is inadequate and prejudicial to Mr. Boyajian. The order requires Mr. Boyajian to justify his motions, and gives the government the opportunity to shoot down his motions, before he has briefed the motions. This truncation of briefing is not called for by any rule, and it violates Mr. Boyajian's rights to due process and to present a complete defense. In addition, the improper ex parte "submission" of the government's order denied Mr. Boyajian any

opportunity to contest the restrictions that have now been placed on his right to brief his motions.

Even if it could be permissible to require Mr. Boyajian to justify his motions before being permitted to brief them, the four sentences allowed under the Court's order is unreasonable. Since the summary Mr. Boyajian submits to the Court may be the only opportunity he has to brief the merits of the motions, he should not have some arbitrary restriction on the number of sentences he can use to summarize his motions.

Accordingly, Mr. Boyajian respectfully requests that the Court vacate its order and grant Mr. Boyajian's request for an extension of the motions cut-off date. In the alternative, Mr. Boyajian requests that the Court:

1. Strike the four-sentence limitation;
2. Strike all references to establishing a "good faith basis," and
3. Strike the final two sentences of the order.

Dated: November 20, 2015.

Respectfully submitted,

*Ronald Boyajian*
Ronald Boyajian
Defendant and pro se counsel