UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL         'O'

| Case No. | CR 09-933-CAS | Date | December 17, 2015 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT COURT |
|---|---|
| Interpreter | N/A |

| CONNIE LEE | N/A | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian | Not | | | | | | |

| Proceedings: | (IN CHAMBERS)<br><br>DEFENDANT'S MOTION FOR A BILL OF PARTICULARS (Dkt. 1052, filed November 23, 2015)<br><br>DEFENDANT'S MOTION TO SUPPRESS GPS SEARCH (Dkt. 1039, filed November 23, 2015)<br><br>DEFENDANT'S MOTION FOR COURT TO ORDER DE-SHACKLING AND PRE-TRAIL APPEARANCE IN CIVILIAN CLOTHES (Dkt. 1054, filed November 24, 2015)<br><br>DEFENDANT'S MOTION TO DEEM CHILD TESTIMONY INADMISSIBLE (Dkt. 1056, filed November 24, 2015) |
|---|---|

## I.   INTRODUCTION

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b) ("Count One"), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in violation of 18 U.S.C. § 2423(c) ("Count Two"), and one count of Commission of a Felony

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**             **'O'**

Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A ("Count Three"). Dkt. 38. The charges arise from defendant's alleged illicit sexual acts with a minor girl in Cambodia, identified as S.L. Further background and facts are known to the parties and set forth in the Court's prior orders. A jury trial is set to commence on January 26, 2016. On December 10, 2015, the Court held a hearing on the motions discussed below. After considering the parties' arguments, the Court finds and concludes as follows.

## II. MOTION FOR A BILL OF PARTICULARS

On November 23, 2015, defendant filed a motion for a Bill of Particulars. Dkt. 1052. On December 4, 2015, the Government filed an opposition to defendant's motion. Dkt. 1088. Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." A bill of particulars "is appropriate where a defendant requires clarification in order to prepare a defense." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). More specifically, its purposes are (1) to "inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial," (2) "to avoid or minimize the danger of surprise at the time of trial," and (3) to enable a defendant "to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." Long, 706 F.2d at 1054 (citing Will v. United States, 389 U.S. 90, 99 (1967)).

Defendant argues that a bill of particulars is necessary because the allegations in the First Superseding Indictment are insufficient for him to prepare an adequate defense. Dkt. 1052, at 2. Defendant principally argues that, due to the significant amount of discovery in this case, coupled with the fact that he is now proceeding *pro se*, it not "feasible for him to wade through the mounds of discovery in this case to attempt to ferret out the government's theory." Id. However, it is not the role of the Government, nor is it the purpose of a bill of particulars, to wade through the evidence to formulate a defendant's case. See United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (the purposes of a bill of particulars "are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense."); United States v. Ortiz, 2013 WL 6842541, at *6 (N.D. Cal. Dec. 27, 2013) ("[A] defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence.") (citing United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979)); United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (a bill of particulars "is not intended to provide the defendant with the fruits of the government's investigation.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL          'O'

Furthermore, the Court has already found that the allegations in the First Superseding Indictment provide sufficient details regarding the theory of the Government's case and the charged offenses. In an order dated November 26, 2014, the Court denied a motion for a bill of particulars brought by defendant's former counsel. Dkt. 732. Specifically, the Court stated that "[g]iven the extensive discovery produced, defendant has not made a showing that he has or will suffer prejudice of the type that a bill of particulars is designed to remedy." Id. at 15.

The Court also noted several arguments advanced by the Government that the Court found persuasive. For example, the Government contended that the discovery it has produced "makes clear its theory of the case: 'during the time period charged . . . [defendant] . . . engaged in illicit sexual conduct with child victim S.L. in Svay Pak." Id. at 15. Furthermore, the Government explained that, while the indictment charges defendant with acts over a time frame of several months, as opposed to specific dates, this practice is common in child abuse prosecutions where "courts have recognized that minor victims of sexual abuse are not always capable of remembering precise dates." Id. at 15 (citing Valentine v. Konteh, 395 F.3d 626, 632 (6th Cir. 2005) ("This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements." (citing Court of Appeals cases approving windows from four months to three years)). And the Government noted that "previously and contemporaneously filed motions, and other actions taken by defendant's attorneys" over the many years this case has been pending "belie defendant's argument that the bare indictment has prevented him from effectively preparing a defense." Dkt. 732, at 14. Each of these arguments carries the same weight today as it did more than a year ago when the Court denied defendant's previous motion for a bill of particulars. Accordingly, the Court finds that a bill of particulars is not warranted under the circumstances of this case and DENIES defendant's motion.[1]

---

[1] In the instant motion, defendant for the first time contends that Count Three of the indictment is insufficient because it does not specify which count or counts of the indictment upon which it is predicated. However, a plain reading of the indictment clearly indicates that Count Three is predicated on *both* Counts One and Two of the indictment. See Dkt. 38, at 4 ("The Grand Jury further alleges that defendant . . . being required by the laws of the State of California to register as a sex offender, committed the felony offenses involving a minor charged in Counts One **and** Two of this First Superseding Indictment") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                                                   'O'

### III.   MOTION TO SUPPRESS GPS EVIDENCE

On November 23, 2015, defendant filed a motion to suppress evidence obtained as a product of a Global Positioning System ("GPS") tracker placed on his motor bike while it was parked at the International Guesthouse in Phnom Penh, Cambodia. Dkt. 1039. On December 4, 2015, the Government filed an opposition to defendant's motion. Dkt. 1088.

According to defendant, in February of 2009, he was staying at the International Guesthouse in Phnom Penh, Cambodia. Dkt. 1039, at 4. On February 13, 2009, defendant contends that an undercover informant, working for the Government, entered the guesthouse International Guesthouse, walked past the security and reception areas, and continued into the rear of the guesthouse, where defendant had parked his motorbike in a "back room." Id. at 5. The confidential informant then affixed a GPS tracker to defendant's motorbike by attaching it under a cowling. Id. Defendant argues that placing the GPS tracker on his motorbike violated his rights under the Fourth Amendment. Therefore, he contends that the GPS data recovered from this devise, and any evidence derived from that data, should be suppressed. In support of this argument, defendant relies on United States v. Jones, 132 S. Ct. 945, 949 (2012), in which the Supreme Court held that placing a GPS devise on a suspect's vehicle and monitoring the vehicle's movements constitutes a search within the meaning of the Fourth Amendment.

However, to the extent Jones may suggest that placing a GPS tracker on defendant's motorbike in 2009, violated the Fourth Amendment, that opinion is of no consequence in this case, because Jones, which was decided in 2012, does not apply retroactively. In Davis v. United States, 131 S. Ct. 2419, 2423-23 (2011), the Supreme Court held that "[s]earches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." Accordingly, the relevant inquiry is whether in 2009, when the GPS devise was attached to defendant's motorbike, binding appellate precedent would have considered this conduct a search.

Prior to Jones, appellate precedent in this circuit held that affixing an electronic tracking device to a vehicle was neither a search nor a seizure under the Fourth Amendment. See United States v. Pineda-Moreno, 688 F.3d 1087, 1090 (9th Cir. 2012) ("But Jones had not been decided when those searches occurred. And when the agents attached and used the mobile tracking devices that yielded the critical evidence, they did so in objectively reasonable reliance on then-binding precedent. In 2007, circuit precedent held that placing an electronic tracking device on the undercarriage of a car was neither a search nor a seizure under the Fourth Amendment.") (citing United States v. McIver, 186 F.3d 1119, 1126–27 (9th Cir. 1999)). Furthermore, prior to Jones, Ninth Circuit precedent held that the Government does not violate the Fourth Amendement when it uses a GPS tracking devise to monitor the movements of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL                                    'O'

vehicle along public roads.  United States v. Hufford, 539 F.2d 32, 34 (9th Cir. 1976); see also United States v. Miroyan, 577 F.2d 489, 492 (9th Cir. 1978) (stating that "the monitoral use of [an electronic] tracking device cannot constitute a search" under the Fourth Amendment) (emphasis omitted).  The Government was entitled to rely on these precedents when it affixed a GPS tracking devise on defendant's motor bike in 2009.

     Defendant also contends that he had a reasonable expectation of privacy within the International Guesthouse, where he was residing in 2009 and where the Government affixed the GPS devise to his motor bike.  The Fourth Amendment prohibits unreasonable searches and seizures in those areas in which a person has a "reasonable expectation of privacy."  Katz v. United States, 389 U.S 347, 360 (1967) (Harlan, J., concurring).  However, the case law is legion that there is no reasonable expectation of privacy in the common areas of shared houses or hotels, such as the International Guesthouse.  See United States v. Nohara, 3 F.d 1239, 1242 (9th Cir. 1993) ("Most other circuits agree a tenant does not have a reasonable expectation of privacy in an apartment building hallway or other common area.") (collecting cases); United States v. Roby, 122 F.3d 1120, 1125 (8th Cir. 1997) (hotel guest did not have a reasonable expectation of privacy in the hallway outside his hotel room); United States v. Vasquez, 706 F. Supp. 2d 1015, 1028 (C.D. Cal. 2010) ("It is therefore unreasonable that Defendants had any expectation of privacy in the common areas of the house.") (citing United States v. Briones–Garza, 680 F.2d 417, 421 (5th Cir. 1982) (no reasonable expectation of privacy in common areas of an alien stash house because "[i]t was more akin to a hotel lobby through which a constant stream of shifting people pass, rendering normal expectations of privacy virtually nonexistent."))

     Here, defendant contends that he had parked his motor bike in a "back room" that was "deep" within the guesthouse.  However, regardless of where within the International Guesthouse this room was located, defendant has alleged no facts indicating that this room was anything other than a common area within the guesthouse.  Rather, defendant appears to contend that the entire guesthouse should be treated as his "residence" by virtue of his staying there.  This argument is untenable under the above-cited case law.  Accordingly, the Court finds that plaintiff did not have a reasonable expectation of privacy in the "back room" of the International Guesthouse and, therefore, his motion is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**  'O'

## IV.  MOTION TO ORDER DE-SHACKLING

On November 24, 2015, defendant filed a motion challenging the United States Marshal's requirement that he wear shackles during pretrial proceedings. Dkt. 1054. Defendant contends that it is impermissible for the Court to require him to appear in shackles without first holding a hearing and making an individualized finding that shackles are necessary in defendant's case.

However, the Court has already considered defendant's objections and found that they are unsupported by relevant case law in the Ninth Circuit. Dkt. 1032. In United States v. Howard, 480 F.3d 1005, 1013 (9th Cir. 2007), the defendants argued that due process requires that there be no physical restraints on a criminal defendant without an individualized determination of need. The Ninth Circuit stated: "This may go farther than due process requires. But we do not have to reach this question." Id. Furthermore, in Sanchez-Gomez, the Ninth Circuit cited with approval the Second Circuit's decision in United States v. Zuber, 118 F.3d 101 (2d. Cir. 1997), in which the court expressly held that trial courts are not required to conduct an individualized hearing every time a prisoner is brought into court. 798 F.3d 1204, 1209 (9th Cir. 2015) (citing Zuber, 118 F.3d at 104 ("It has never been suggested — and it is not the rule — that every time a person in custody is brought into a courtroom in restraints, a hearing on the record with counsel is required, much less an evidentiary hearing and factfinding by the district judge.")).

When defendant's case proceeds to trial, the Court will take all reasonable precautions to ensure that his in-custody status does not prejudice him before the jury. In fact, the Government has already requested that defendant appear without shackles in the presence of the jury. Dkt. 1051, Government's Submission Regarding Trial Procedures, at 10-11 ("The Government proposes that both defendant's hands and feet remain unshackled at all times in front of the jury . . . Additionally, defendant should be provided with proper civilian courtroom attire to wear during trial. These steps will ensure the presumption of innocence in front of the jury."). However, for the time being, defendant has cited no authority requiring the Court to make an individualized finding of need, let alone hold an evidentiary hearing, before he is required to appear in shackles during pretrial proceedings. The Court again notes that it has always been this Court's policy to defer to the suggestions of the United States Marshals regarding appropriate safety precautions and concerns unique to particular defendants, and nothing in defendant's cited authority prohibits the Court from continuing this policy. See also Zuber, 118 F.3d at 104 ("Either directly or through courtroom deputies, law clerks or secretaries, district judges regularly consult with the Marshals Service regarding precautions to be taken at hearings involving persons who are in custody . . . Not surprisingly, in most such cases, a district judge will defer to the professional judgment of the Marshals Service regarding the precautions that seem appropriate or necessary in the circumstances.").

Accordingly, defendant's motion is DENIED.

**V.    MOTION TO DEEM CHILD TESTIMONY INADMISSIBLE**

On November 24, 2015, defendant filed a motion to deem child testimony inadmissible. Dkt. 1056. Defendant requests that the Court exclude the testimony of several of the victim-witnesses in this case because he believes their testimony is unreliable, involuntary, and ineligible due to their age, competence, drug use, and mental illness. Id. at 1

The Federal Rules of Evidence begin with a general presumption that all witnesses are competent to testify. Fed. R. Evid. 601 ("Every person is competent to be a witness unless these rules provide otherwise."). Moreover, by statute, this presumption extends to children. 18 U.S.C. § 3509(c)(2) ("A child is presumed to be competent."). In his motion, defendant focuses almost exclusively on the testimony of victim-witness S.L. Defendant identifies "a litany of events and factors" which he believes warrant the exclusion of S.L's testimony. Dkt. 1056, at 14. For example, he contends that she has been diagnosed with Post-Traumatic Stress Disorder ("PTSD") and a substance abuse problem. Id. at 2. He also contends that she has been "coach[ed] and influence[d] by the adults surrounding her." Id. at 3. Defendant believes that S.L. has been subjected to various forms of brainwashing by either government officials in the United States and Cambodia or non-governmental organizations ("NGOs") in close connection with these officials. Id. at 4, 7. And defendant claims that during interviews with government officials shortly after his arrest, S.L. gave inconsistent and objectively false answers. Id. at 2, 7. For example, he states that during these interviews she simply answered "true" to all of the questions asked of her. Id. at 2. Nonetheless, the Court finds that the "events and factors" identified by defendant speak to the weight to be afforded S.L.'s testimony and not it's admissibility.

In United States v. IMM, 747 F.3d 754 (9th Cir. 2014), IMM, a juvenile, was convicted of sexually abusing his six year old cousin. At trial, the Court permitted IMM's younger brother, who was seven years old at the time of trial, to testify as a witness. Id. at 769. On appeal, IMM contended that this was error by the trial court. Id. at 770. The Ninth Circuit disagreed:

> Although the child's testimony suggested many reasons to seriously doubt his understanding or recollection of the events in question, notably including his statements that he did not recall what had happened and that he had been told what to say at trial by his mother, the district judge correctly concluded that those considerations affected the weight his testimony merited rather

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL            'O'

than his competence under Rules 601 and 603 to offer that testimony at all.

Id.

Similarly, in this case, the factors defendant raises may cause the jury to seriously doubt the accuracy of S.L.'s testimony. However, they do not justify the exclusion of her testimony, or the exclusion of any of the other victim-witnesses. And, unlike the witness in IMM, here it appears that the victim-witnesses may no longer be young children. Defendant himself acknowledges that seven years have passed since these witnesses were allegedly sexually abused and he states that S.L. may now be as old as seventeen. Dkt. 1056, at 1, 3. Accordingly, at this juncture, the Court declines to exclude the testimony of these witnesses and DENIES defendant's motion.[1]

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CL |

---

[1] If, at trial, the Court is confronted with compelling reasons to question the competency of any child witnesses, the Court may conduct a competency examination outside the presence of the jury. 18 U.S.C. § 3509(c) governs the procedure for conducting competency examinations of child victims and witnesses. Pursuant to this statute, "examination of a child related to competency shall normally be conducted by the court on the basis of questions submitted by the attorney for the Government and the attorney for the defendant." Id. § 3509(c)(7). Furthermore, while the court may permit an attorney to examine the child, it *may not permit* "a party acting as an attorney pro se to examine a child directly on competency." Id. Finally, the focus of such an examination is only to test "the child's ability to understand and answer simple questions, his understanding of the difference between truth and falsity, and his comprehension of the importance of telling the truth." IMM, 747 F.3d at 770; see also 18 U.S.C. § 3509(c)(8) ("The questions asked at the competency examination of a child . . . shall focus on determining the child's ability to understand and answer simple questions."). As already stated, the evidence plaintiff identifies speaks primarily to the accuracy of the victim-witnesses statements and the weight to be afforded their testimony. Accordingly, it appears that much of the evidence defendant identifies would have little to no relevance in a competency examination, which tests only the child's ability to answer questions and appreciate the importance of telling the truth.