UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL                    'O'

| Case No. | CR 09-933-CAS | Date | December 17, 2015 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| CONNIE LEE | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape No. | Assistant U.S. Attorney |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian | Not | | | | | | |

Proceedings:

(IN CHAMBERS)

DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR LACK OF SUBJECT MATTER JURISDICTION (Dkt. 1044, filed November 23, 2015)

DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT (Dkt. 1055, filed November 24, 2015)

DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE INDICTMENT OR PRESENT DEFENSES AT TRIAL BASED ON REQUISITE KNOWLEDGE AND FOREIGN RESIDENCY (Dkt. 1067, filed November 25, 2015)

DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR PROSECUTORIAL MISCONDUCT (Dkt. 1057, filed November 25, 2015)

## I.  INTRODUCTION

Defendant Ronald Gerard Boyajian is charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b) ("Count One"), one count of Engaging in Illicit Sexual Conduct with a Minor in Foreign Places in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**  'O'

violation of 18 U.S.C. § 2423(c) ("Count Two"), and one count of Commission of a Felony Offense Involving a Minor While Required to Register As Sex Offender pursuant to 18 U.S.C. § 2260A ("Count Three"). First Superseding Indictment. The charges arise from defendant's alleged illicit sexual acts with a minor girl in Cambodia, identified as S.L. Further background and facts are known to the parties and set forth in the Court's prior orders. A jury trial is set to commence on January 26, 2016. Defendant has filed four separate motions to dismiss the First Superseding Indictment either in its entirety or individual counts within the indictment. On December 10, 2015, the Court held a hearing on these motions. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On November 23, 2015, defendant filed a motion to dismiss the First Superseding Indictment for lack of subject matter jurisdiction. Dkt. 1044. Defendant contends that the statutes under which he is charged, 18 U.S.C. §§ 2423(b) and (c) and 18 U.S.C. § 2260A, are facially unconstitutional because Congress lacked the authority to enact these statutes under the Foreign Commerce Clause.

However, in United States v. Clark, the Ninth Circuit held that the enactment of section 2423(c) was within Congress's power under the Foreign Commerce Clause. 435 F.3d 1100, 1103, 1116-17 (9th Cir. 2006) ("Where, as in this appeal, the defendant travels in foreign commerce to a foreign country and offers to pay a child to engage in sex acts, his conduct falls under the broad umbrella of foreign commerce and consequently within congressional authority under the Foreign Commerce Clause.").

In reliance on Clark, the Court has, on two separate occasions, found that the enactment of section 2423 and 2260A was within Congress' authority under the Foreign Commerce Clause. Dkt. 90 ("With respect to the charges under section 2423(c), the alleged illicit sexual conduct as argued by the government was commercial in nature, and therefore the instant case is governed by Clark. With respect to the charge pursuant to section 2423(b), the Court finds it persuasive that every court that has considered Commerce Clause challenges to the statute has rejected them."); Dkt. 237 ("For purposes of the present indictment, a violation of § 2260A requires the government to prove (1) that defendant was obligated to register as a sex offender, and (2) a violation of § 2423. Because the elements of § 2423 are necessarily incorporated into § 2260A by way of reference, § 2260A as charged in this case does not violate the Foreign Commerce Clause.").

Defendant also raises several arguments that these statutes are unconstitutional as applied to his case. First, defendant argues that the section 2423(c) charge (illicit sexual conduct with a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL** 'O'

minor in foreign places) is unconstitutional because, at the time for which the offense is charged, he had permanently resettled in Cambodia. Second, defendant argues that, after traveling to Cambodia, he traveled between several foreign countries, and therefore the nexus between his conduct and foreign commerce has been severed. Third, defendant argues that section 2423(c) was amended in 2013, and that the amendment indicates that the prior version, under which he is charged, was not intended to cover the conduct of a person, like defendant, who primarily resides in a foreign country. In an order dated November 26, 2014, this Court rejected each of these arguments. Dkt. 732.

With regard to the contention that defendant had permanently resettled in Cambodia, the Court found that, even assuming that defendant indeed resided primarily in Cambodia, this argument was unavailing:

> Simply put, in enacting § 2423(c) to reach "[a]ny United States citizen or [permanent resident] who travels in foreign commerce, and engages in any illicit sexual conduct with another person," Congress did not limit the statute's applicability to citizens primarily residing in the United States. Cf. United States v. Pendleton, 658 F.3d 299, 304 (3d Cir. 2011) ("The crime of conviction thus comprises three elements: (1) being a United States citizen or permanent resident; (2) traveling in foreign commerce; and (3) engaging in illicit sexual conduct."). Here, defendant does not dispute—and in fact, his submitted evidence confirms—that he was a United States citizen at the time of the alleged acts, and that he traveled to and from the United States during the relevant time period. Again, defendant has presented nothing that meaningfully distinguishes his case from Clark or suggests that § 2423(c)'s unambiguous statutory language does not apply to the conduct alleged.

Id. at 19-20.[1] With regard to defendant's travel to other foreign countries, the Court stated:

---

[1] In the instant motion, defendant cites United States v. Al-Maliki, 787 F.3d 784 (6th Cir. 2015), a recent decision of the Sixth Circuit, for the proposition that section 2423(c) may exceed Congress' authority to the extent it punishes a citizen's conduct while the citizen resides in a foreign nation. Defendant's reliance on Al-Maliki is misplaced. First, in Al-Maliki, the Sixth Circuit made no holding regarding the constitutionality of enforcing section 2423(c) against a citizen who resides in a foreign nation. See id. at 792 ("We lean toward finding 'error' in enforcing § 2423(c) against al-Maliki for his noncommercial conduct while residing in Syria, but we need not—and do not—decide the issue today."). Moreover, even if the Sixth Circuit had held that section 2423(c) was unconstitutional as applied to cases similar to

> [D]efendant argues that three trips of three to five nights each from Cambodia to Thailand and China constituted "intervening events that terminated his foreign travel from the United States to Cambodia." The Court sees no reason why these brief trips should be construed to cut off defendant's "travel" in foreign commerce, and defendant cites no legal authority for his position. Cf. United States v. Weingarten, 632 F.3d 60, 71 (2d Cir. 2011) ("We do not suggest, of course, that the mere presence of an intermediate stop outside the United States on a multi-legged journey . . . will immunize a defendant from prosecution under § 2423(b)."). More fundamentally, defendant's argument misses the mark because as Clark and Jackson made clear, "the illicit sex act does not need to take place *during* the course of travel, but can occur thereafter." Jackson, 480 F.3d at 1023 (emphasis in original). Therefore, the Court rejects what defendant admits is a "novel" argument.

Id. at 18 (citations omitted). Finally, with regard to the 2013 amendment to section 2423(c), the Court explained:

> At the time of the alleged crimes, § 2423(c) provided: "Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years or both." 18 U.S.C. § 2423(c) (West 2006). After [the] March 2013 amendments, the statute now reads: "Any United States citizen or alien admitted for permanent residence who travels in foreign commerce *or* resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be [punished]." 18 U.S.C. § 2423(c) (West 2013) (emphasis added). . . . [G]iven that the amended statute is phrased in the disjunctive, the Court reads the amendment to indicate that prior to 2013, a U.S. citizen had to travel in foreign commerce after § 2423(c)'s enactment to fall under the statute's scope, whereas under the new version, a U.S. citizen who has not traveled in foreign commerce since the statute's original enactment in 2003 would still be covered based on his citizenship and illicit sexual conduct. That is the way the Ninth Circuit

---

defendant's, as explained supra, the Court has already determined that as a matter of Ninth Circuit precedent, which this Court is bound to apply, the statute is constitutional as applied to defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL  'O'

interpreted the statute in <u>Clark</u>, which was decided years before the 2013 amendment. Therefore, defendant's U.S. citizenship and admitted travel from the United States to Cambodia in 2008 brings him within the purview of § 2423(c), no matter where he resided at the time.

<u>Id.</u> at 19-20, n.8.

Accordingly, defendant has presented no new or persuasive arguments for revisiting the Court's numerous prior rulings on this subject; therefore, the Court finds that the statutes under which defendant is charged are not unconstitutional, either facially or as applied to defendant. Defendant's motion is therefore DENIED.

## III.   MOTION TO DISMISS COUNT ONE

On November 24, 2015, defendant filed a motion to dismiss Count One of the First Superseding Indictment. Dkt. 1055. Count One charges defendant with a violation of 18 U.S.C. § 2423(b), travel with intent to engage in illicit sex with a minor. Dkt. 38. As the basis for this motion, plaintiff contends that there is insufficient evidence that he traveled to Cambodia with the intent to engage in illicit sex with a minor. Defendant provides numerous alternative explanations for why he traveled to Cambodia, none of which involve illicit sex with minors. For example, he contends that he had permanently resettled in Cambodia and, therefore, his purpose in traveling to Cambodia was to return home. And he explains that he was involved in a number of business ventures throughout Southeast Asia and that he traveled to Phnom Phen, Cambodia because it was a convenient location from which to travel for his work.

At trial, defendant is free to present evidence to the jury regarding his intent in traveling to Cambodia. A jury may ultimately find that defendant's arguments are persuasive and conclude that defendant did not travel to Cambodia with the intent to engage in illicit sex with minors. However, in the instant motion, defendant is, in effect, requesting that the Court make a pretrial determination that the Government's evidence is insufficient to establish that plaintiff possessed the requisite intent for a violation of section 2423(b). At the pre-trial stage, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." <u>United States v. Jensen</u>, 93 F.3d 667, 669 (9th Cir 1996) (citations omitted) (holding that the trial court "erred in considering the documentation provided by the defendants" and "[b]y basing its decision on evidence that should only have been presented at trial."); <u>see also</u> <u>United States v. Critzer</u>, 951 F.2d 306, 307 (11th Cir.1992) (per curiam) ("There is no summary judgment procedure in criminal cases. Nor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**  'O'

do the rules provide for a pre-trial determination of the evidence.").[2]

Accordingly, defendant's motion is premature and is therefore DENIED. Defendant may renew his objection to the sufficiency of the Government's evidence at the conclusion of his trial.

### IV. MOTION TO DISMISS COUNT THREE OR PRESENT DEFENSES AT TRIAL BASED ON REQUISITE KNOWLEDGE AND FOREIGN RESIDENCY

On March 24, 2015, defendant filed a motion to dismiss Count Three of the First Superseding Indictment or, in the alternative, present to the jury the defense that he was not required to register as a sex offender at the time of the alleged offenses because he was residing in Cambodia. Dkt. No. 843. The government filed an opposition to that motion on May 28, 2015. Dkt. No. 932. On July 6, 2015, defendant file a request to withdraw this motion without prejudice. Dkt. 947. The Court granted defendant's request on July 7, 2015. Dkt. 951.

On November 25, 2015, defendant filed a motion to dismiss Count Three of the First Superseding Indictment or, in the alternative, present to the jury defenses based on his requisite knowledge and foreign residency. Dkt. 1067. With regard to defendant's purported residence in Cambodia, the instant motion is substantively identical to defendant's previously withdrawn motion. Accordingly, in ruling on the instant motion, the Court considers the Government's opposition to defendant's earlier motion which addresses all of the issues discussed herein.[3]

---

[2] In support of his motion, defendant also cites a portion of a transcript from a recent decision in a criminal case in this district, United States v. Abramov, 2:14-cr-00241-ODW-1. In the portion of the transcript cited by defendant, after the jury found the defendant guilty of violating section 2423(b), the court vacated the jury's verdict and stated, on the record: "I don't believe that given the fact that the gentleman resides in Russia, I don't believe that a case can be made that he traveled to Russia for the purpose of engaging in this activity." Dkt. 1055, at 1. Defendant argues that, because he claims to have permanently resettled in Cambodia, his case is similar to Abramov and, therefore, he should not be found guilty of violating section 2423(b). However, defendant has provided only a small portion of the transcript in Abramov; therefore, the Court is unable to make an adequate comparison between this case and the Abramov case. Furthermore, the decision in Abramov only underscores the Court's reasoning here. In Abramov, the court vacated the section 2423(b) charge only *after* hearing all of the evidence at trial and after the jury reached a verdict, not on a pretrial motion to dismiss.

[3] Defendant raises one additional argument in the instant motion that was not raised in his earlier motion. Specifically, defendant argues that he should be permitted to offer, as a defense

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**          'O'

      Count Three of the First Superseding Indictment charges defendant with a violation of 18 U.S.C. § 2260A. Section 2260A provides a 10-year mandatory consecutive sentencing enhancement for a defendant who, "being required by Federal or other law to register as a sex offender, commits a felony offense against a minor." In 1995, defendant was convicted of unlawful oral copulation with a minor in violation of California Penal Code section 288a(b)(1). Dkt. 687, at 7; Dkt., 787 at 7. The sentencing court required defendant to register as a sex offender pursuant to the mandatory registration provisions of California Penal Code section 290(c). This imposed sex registration requirement forms the basis of the § 2260A charge against defendant.

      Pursuant to California Penal Code § 290(b), persons convicted of certain sex-related offenses are required to register as sex offenders for the rest of their lives "while residing in California, or while attending school or working in California." Defendant contends that, at the time of the alleged offense, he resided in Cambodia, not California, and therefore he was not required to register as a sex offender. Dkt. 1067, at 7. Based on this contention, defendant argues that the Court should either (1) dismiss Count Three of the First Superseding Indictment, or (2) rule that defendant may present a defense to the jury based on his purported Cambodian residency.

---

to Count Three, that he lacked knowledge that he was required to register as a sex offender under California law. However, the Court has already ruled that section 2260A does not require the Government to prove that defendant knew he was required to register as a sex offender. Dkt. 801, at 7-8 ("In sum, defendant has offered no persuasive reason to read into § 2260A a knowledge requirement that Congress could have included, but did not."). Therefore, whether defendant had knowledge that he was required to register as a sex offender is irrelevant to whether he can be charged with a violation of section 2260A. Accordingly, to the extent defendant seeks to present a defense based on his knowledge of California's sex offender registration requirements, his motion is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                  'O'

### A. Motion to Dismiss

On a pretrial motion to dismiss an indictment, a court "must presume the truth of the allegations in the charging instrument[]." Jensen, 93 F.3d at 669. "[T]he issue in judging the sufficiency of the indictment is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982). The prosecution "need not allege . . . supporting evidence, but only the 'essential facts necessary to apprise a defendants of the crime charged.' " Id. (quoting United States v. Markee, 425 F.2d 1043, 1047–48 (9th Cir. 1970)). Morever, a defendant " 'may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.' " Jensen, 93 F.3d at 669 (quoting United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975)). Accordingly, the court " 'should not consider evidence not appearing on the face of the indictment.' " Id. (quoting United States v. Marra, 481 F.2d 1196, 1199–1200 (6th Cir. 1973)).

Count Three of the First Superseding Indictment alleges that defendant, "being required by the laws of the State of California to register as a sex offender, committed the felony offenses involving a minor charged in Counts One and Two of the First Superseding Indictment." Dkt. No. 38 at 4. Defendant does not contend that these allegations are insufficient to state a violation of 18 U.S.C. § 2260A; rather, he argues that evidence shows he was not required to register under California law at the time of the alleged offenses. This argument is simply not cognizable on a pretrial motion to dismiss an indictment.

For example, in Jensen, the defendants moved before trial to dismiss criminal charges based on the argument that venue was improper in the Western District of Washington "because, at the time the crimes were alleged to have been committed, the vessels were either in Alaskan waters or on the high seas." 93 F.3d at 669. The district court granted that motion to dismiss, basing its decision on "evidence provided by defendants as to the location of the vessels" at the relevant time. Id. The Ninth Circuit reversed, holding that the trial court had "erred in considering the documentation provided by the defendants" and "basing its decision on evidence that should only have been presented at trial." Id. The court explained that " '[t]here is no summary judgment procedure in criminal cases,' " and the Federal Rules of Criminal Procedure do not " 'provide for a pre-trial determination of the evidence.' " Id. (quoting Critzer, 951 F.2d at 307).

**CRIMINAL MINUTES - GENERAL** 'O'

Defendant argues that the question of his purported Cambodian residency is "one of fact" and has previously submitted declarations attesting to his residence in Cambodia. As Jensen shows, it would be error for the Court to "in effect grant[] summary judgment for the defendant[]," id., by dismissing Count Three based on defendant's submitted declarations and factual arguments. Accordingly, this motion is DENIED insofar as it seeks a pretrial dismissal of Count Three of the Superseding Indictment.[4]

### B. Motion to Present Defense to the Jury

In the alternative, defendant argues that he should be permitted to present the "factual defense" of his Cambodian residency to the jury. Dkt. 1067 at 11-12. The government opposes that request on the grounds that defendant misstates the applicable sex registration law, and that the facts he wishes to present to the jury are therefore irrelevant. Dkt. 932 at 5–23.

As stated, Count Three of the First Superseding Indictment alleges that defendant was "required by the laws of the State of California to register as a sex offender" when he "committed the felony offenses involving a minor charged in Counts One [18 U.S.C. § 2423(b)] and Two [18 U.S.C. § 2423(c)] of this First Superseding Indictment." Dkt. 38 at 4. The government first argues that evidence that defendant established residency in Cambodia after arriving there in September 2008 is irrelevant to the § 2260A charge to the extent it is predicated on the alleged violation of § 2423(b).

Multiple appellate courts have made clear that the "substantive criminal act" punished by § 2423(b) "is not . . . a sexual act with a juvenile," but rather "travel with the intent to commit

---

[4] To the extent defendant argues separately that "there is no jurisdiction for his prosecution under [§] 2260A" because California law does not apply extra-territorially, Dkt. 1067 at 8, that argument does not warrant dismissal of Count Three. Section 2260A applies whenever a person, "being required by Federal or other law to register as a sex offender," commits a felony offense involving a minor under criminal statutes including those under which Counts One and Two are charged. 18 U.S.C. § 2260A. The Ninth Circuit recently stated in an unpublished opinion that "other law" in that statute "most obviously refers to the States' sex-offender registry laws." United States v. Walizer, 600 Fed. App'x 546, 547 (9th Cir. 2015). By including all of 18 U.S.C. § 2423 in the list of predicate crimes for § 2260A, Congress clearly intended that the statute apply extraterritorially to the extent the predicate crime does. It is thus immaterial to "jurisdiction" whether California law has "extra-territorial effect"; the question of whether California sex registration law reached defendant at the time of the alleged acts instead goes to the relevancy of the Cambodian residency evidence defendant seeks to introduce.

such an act itself." United States v. Bredimus, 352 F.3d 200, 208 (5th Cir. 2003); see United States v. Han, 230 F.3d 560, 563 (2d Cir. 2000) ("[Section] 2423(b) criminalizes crossing state lines with a criminal intent, without requiring commitment of a further criminal act."); United States v. Gamache, 156 F.3d 1, 8 (1st Cir. 1998) (holding that § 2423(b) punishes traveling with the requisite intent). "Thus, the *locus delecti*" of § 2423(b) is "where the intent to engage in the illicit conduct is formed." United States v. Pendleton, 658 F.3d 299, 304 (3d Cir. 2011).

California Penal Code section 290(b), by its terms, applies only while a convicted sex offender is residing, attending school, or working in California. See also People v. Wallace, 176 Cal. App. 4th 1088, 1107 (2009) (stating that the essentially identical former Penal Code section 290(a)(1)(A) was "limited to California residents"); People v. Roberts, No. E042192, 2008 WL 2333217, at *3 (Cal. Ct. App. June 9, 2008) (unpublished) ("But if defendant left the state of California, he does not violate section 290, subdivision (a)(1)(A) by failing to register in the city of his new residence or location because the statute only applies to persons residing in or located within California."). Therefore, assuming *arguendo* that defendant was a Cambodia resident at the time of the alleged illicit sexual acts, section 290(b) would not have applied to him, and evidence that defendant resided in Cambodia at the time would be relevant to defend against the § 2260A count to the extent it is premised on a violation of § 2423(c).

The government nevertheless argues that evidence of Cambodian residency is irrelevant because, even if defendant was a Cambodian resident, he would still have been required to register as a sex offender pursuant to a different provision of California law. Specifically, the government points to California Penal Code section 290.013, which at the time of the alleged charged offenses provided in relevant part:

> (a) Any person who was last registered at a residence address pursuant to the Act who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, shall, in person, within five working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plans he or she has to return to California.
>
> (b) If the person does not know the new residence address or location at the time of the move, the registrant shall, in person, within five working days of the move, inform the last registering agency or agencies that he or she is moving. The person shall later notify the last registering agency or agencies, in writing, sent by certified or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**          **'O'**

> registered mail, of the new address or location within five working
> days of moving into the new residence address or location, whether
> temporary or permanent.

Cal. Penal Code § 290.013 (effective Oct. 13, 2007). This provision, which by its terms applies when a California resident "changes his or her residence address . . . to a new jurisdiction . . . outside the state," is not (unlike section 290(b)) limited to persons who reside in California. See Wallace, 176 Cal. App. 4th at 1107 (analyzing essentially identical former Penal Code section 290(f)(1)) ("Had the Legislature intended to omit the residency requirement [from a different provision], we believe it would have made such an intention clear, as it did in former subdivision (f)(1), which requires notification of address changes 'whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state.' ").

     The government argues that section 290.013 is a "registration requirement" and can therefore form the basis of a Section 2260A violation. Dkt. 932 at 10–11. The government correctly points out that section 290.013 "imposes a continuing duty to give required notification of any change of address." Wright v. Superior Court, 15 Cal. 4th 521, 527 (1997) (interpreting former Penal Code section 290(f)); see People v. Davis, 202 Cal. App. 4th 429, 447 (2011) (explaining that section 290.013 imposes a continuing duty). It is also clear that section 290.013 applies to a defendant who moves out of California, even if he does not know his new address at the time of the move. See Wallace, 176 Cal. App. 4th at 1106 ("[T]he statute applies not just to registered sex offenders who have a new address, but also to those offenders who have moved or have a new transient location." (interpreting former Penal Code section 290(f)(1))). It is the government's position that defendant failed to notify Menlo Park authorities when he departed California for Cambodia in September 2008, and that he was therefore subject at the time of the alleged § 2423(c) offense to a continuing duty under section 290.013 to inform Menlo Park police of his new location.

     Assuming *arguendo* that defendant was required to and failed to notify Menlo Park authorities of any move, the question remains whether a person no longer residing in California (and therefore not subject to Penal Code section 290(b)), but subject to an unfulfilled duty under section 290.013's notification requirements, is "required by Federal or other law to register as a sex offender." 18 U.S.C. § 2260A. There is scant case law interpreting that provision of § 2260A, but courts look to state law to determine whether a sex offender registration requirement was in place. See United States v. Carver, 422 Fed. App'x 796, 803 (11th Cir. 2001) (unpublished) (denying appeal of a § 2260A conviction where the prosecution had "sufficiently proved that [Florida Statute] §943.0435 required [the defendant] to register as a sex offender").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                                                                                          'O'

      Arguing that section 290.013 is a registration requirement sufficient to trigger § 2260A, the government stresses that section 290.013 and its predecessor, former section 290(f)(1), have been described as part of the "sex offender registration law." People v. Franklin, 20 Cal. 4th 249, 252 (1999). The prosecution also cites a federal habeas case, Lopez v. Sanders, No. CV 08-8109, 2009 WL 1811533 (C.D. Cal. June 19, 2009), for the proposition that section 290.013 "is a sex offender 'registration requirement.'" Dkt. No. 932 at 14. But in that case, the petitioner had been convicted of "failing to update [his] registration annually" in violation of Penal Code section 290(a)(1)(D), the predecessor to section 290(b)—which, as stated previously, applies only to California residents. See Lopez, 2009 WL 1811533, at *1 & n.1. The Lopez court determined only that the petitioner's argument that he was "not a California resident" at the time of the charged offense was not cognizable on a federal habeas petition, which can be entertained "'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" Id. at *1 (quoting 28 U.S.C. § 2254(a)). That court only mentioned section 290.013 in noting the existence of "reporting requirements for persons moving out of state." Id. at *2 n.3 (emphasis added). Therefore, the government's only support for the proposition that section 290.013 is a requirement to "register as a sex offender" is the fact that it is included in California's "sex offender registration law."

      On the other hand, California courts appear to have drawn a distinction between the registration requirement set forth in section 290(b) and its predecessor, former section 290(a)(1), and the notification requirement set forth in section 290.013 and its predecessor, former section 290(f). For example, in Wallace, the court found erroneous a jury instruction on section 290(f)(1) because "a more accurate instruction would have referred to the duty to notify rather than the duty to register (which is covered by former section 290, subdivision (a) . . .)." 176 Cal. App. 4th at 1099. The Wallace court also explained:

> The distinction between former section 290, subdivision (a)(1)(A), charged in count two, and former section 290, subdivision (f)(1), charged in count one, has been aptly described as follows. "Section 290, subdivision (a)(1)(A), requires certain sex offenders in California, including defendant, to register with the appropriate law enforcement authorities where they reside. Section 290, subdivision (f)(1), also requires those offenders, when they move, to inform the law enforcement agency where they last registered of their new address or location. These are separate, albeit closely related, requirements.

Id. at 1100–01 (citing People v. Britt, 32 Cal. 4th 944, 951 (2004)). Drawing on this distinction and an analysis of other subsections of former section 290, the Wallace court concluded that

"all of the statute's registration requirements . . . are limited to California residents." Id. at 1107 n.11. Referring to former section 290(f)(1), the court also explained that "notification, not registration, is required when a transient sex offender ceases to be a California resident." Id. (emphasis added); see also Roberts, 2008 WL 2333217, at *3 (unpublished) ("[D]efendant's duty to register as a sex offender arose when he entered a jurisdiction, and ended when he left the jurisdiction in California." (citing Davis, 102 Cal. App. 4th at 382)).[5]

The California Court of Appeal has explained that a sex offender's "duty to register . . . ends when he leaves the jurisdiction . . . . because the law enforcement in the original jurisdiction no longer has an interest in keeping the offender under surveillance when he is no longer located in his jurisdiction." Davis, 102 Cal. App. 4th at 382–83 (holding that a defendant's "duty to register . . . . ceased when he moved to Cleveland or Fairfield or Germany," but that a "new duty arose when Davis returned to Los Angeles"). The Court acknowledges that section 290.013 is closely related to California's sex offender registration requirement, and is intended to "ensure[] that, if a California registrant leaves the state, the local law enforcement agency in the state where the registrant relocates is at least alerted to the presence of a former sex offender within the jurisdiction, and has the opportunity to enforce that state's registration law, if it has one." People v. Annin, 117 Cal. App. 4th 591, 599 (2004). But because California courts have drawn a distinction between the duty to "register" under section 290(b)—which only applies to California residents—and the duty to "notify" or "inform" authorities when leaving California under section 290.013, the Court is not persuaded that a sex offender who no longer resides in California, but failed to notify authorities in the California jurisdiction in which he last registered of his change of residence, is "required by Federal or other law to register as a sex offender" within the meaning of § 2260A.

Accordingly, the Court finds that defendant may present, as a defense to Count Three, evidence that he was a resident of Cambodia at the time of the charged illicit sexual acts.

### C. CONCLUSION

Accordingly, insofar as defendant seeks to dismiss Count Three of the First Superseding Indictment, the motion is **DENIED**. Insofar as defendant seeks to introduce evidence that he

---

[5] For another California cases drawing a distinction between registration and notification of change of address, see People v. Meeks, 123 Cal. App. 4th 695, 704 (2004) ("Section 290, subdivision (f)(1), requires notification in the jurisdiction where the person last registered, and section 290, subdivision (a)(1)(A), requires registration in the jurisdiction to which the person moves.").

did not reside in California at the time of the charged illicit sexual acts, the motion is **GRANTED** subject to its admissibility under the Federal Rules of Evidence.

**V.  MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT**

On November 25, 2015, defendant filed a motion to dismiss the indictment on grounds of prosecutorial misconduct. Dkt. 1057. Defendant alleges four grounds for prosecutorial misconduct, which he contends warrants dismissal of the indictment: (1) "serial false affidavits"; (2) "rendition of Boyajian from Cambodia to US"; (3) "destruction and alteration or otherwise lost Brady evidence"; (4) "interference with defense and/or invasion of defense camp." Id. at 1.

In order to dismiss an indictment on due process grounds, "the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir. 1991) (citing United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.1983)). As numerous courts have recognized, "[t]his is an extremely high standard." United States v. Hullaby, 736 F.3d 1260, 1262 (9th Cir. 2013) (citations omitted). In the instant motion, defendant fails to meet this high burden.

First, several of defendant's alleged grounds have been the subject of previous orders by this Court. Specifically, the Court has already ruled that defendant's removal from Cambodia was not improper. Dkt. 798. And the Court has ruled that defendant has presented insufficient evidence that anyone, let alone the Government, has in fact "invaded" the defense camp in order to obtain confidential information regarding his trial preparations. Dkt. 1024.

Second, regarding defendants allegations that the Government has issued "serial false affidavits," he offers only his say-so that any of the government's affidavits were, in fact, false. These allegations, without more, are insufficient evidence of impropriety to rise to the level of gross misconduct.

Finally, with regard to the alleged Brady violations, defendant again provides only his say-so that the Government has destroyed or modified video evidence which he contends is exculpatory. In fact, in his motion, defendant concedes that "it is unclear whether the [Government] lost or destroyed this evidence." Dkt. 1057, at 5. Vague and unsupported allegations of this sort are insufficient to justify dismissal of the indictment on grounds of prosecutorial misconduct. Furthermore, in opposition to defendant's motion, the Government responds that it "has addressed and is continuing to address defendant's alleged Brady concerns on an ongoing basis" and notes that much of the video evidence defendant complains of has already been produced to him.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**          **'O'**

Accordingly, because none of defendant's alleged grounds for prosecutorial misconduct warrants dismissal of the indictment, defendant's motion is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | | CL |

cc: