UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL     'O'

| Case No. | CR 09-933-CAS | Date | January 5, 2016 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| CONNIE LEE | Not Present | Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape No. | Assistant U.S. Attorney |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian | Not | | | Not Present | | | |

(IN CHAMBERS)

| Proceedings: | EX PARTE APPLICATION FOR AN ORDER STAYING ALL PROCEEDINGS DURING PENDENCY OF INTERLOCUTORY APPEAL RE: SHACKLING OF PRO SE DEFENDANT IN PRE-TRIAL APPEARANCES [1129] |
|---|---|

## I.     INTRODUCTION & BACKGROUND

On November 24, 2015 defendant Ronald Gerard Boyajian, proceeding *pro se*, filed a motion requesting that he be unshackled during pretrial proceedings or, alternatively, for a hearing to challenge the Court's decision to defer to the judgment of the United States Marshals regarding the appropriate safety precautions to be taken in defendant's case.  Dkt. 1054.  This was the second time that defendant had filed a motion requesting that he be unshackled during pretrial proceedings.  See Dkt. 1015.  The Court denied both requests because it determined that plaintiff was relying on a misinterpretation of the relevant Ninth Circuit case law, and because it determined that an individualized hearing determining whether shackles were necessary in defendant's case was not required by the case law.  Dkt. 1032, 1104.  In both of these orders, the Court emphasized that, when defendant proceeds to trial, he will not be required to wear shackles.  See id.  And the Court has noted that it regularly requests that the Marshals free defendant's hands during court proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                    **'O'**

On December 31, 2014, defendant filed a notice of appeal indicating that he was seeking an interlocutory appeal of the Court's denial of his second request to be unshackled during pretrial proceedings. Dkt. 1128. On January 4, 2016, defendant filed the instant motion requesting an emergency stay pending the resolution of his interlocutory appeal. Dkt. 1129. The same day, the Government filed an opposition. Dkt. 1130. For the foregoing reasons the Court DENIES defendant's request for a stay.

## II.    ANALYSIS

"A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.' " Nken v. Holder, 556 U.S. 418, 433 (2009) (internal citations omitted) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). The discretionary decision of whether to issue a stay is guided by the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 433–34. "The first two factors . . . are the most critical." Id. at 434. In the instant matter, these factors caution strongly against granting a stay.

First, and foremost, defendant has not made a strong showing that he is likely to succeed on the merits. In both of the Court's prior orders, and in several hearings, the Court has explained to defendant that his request to be unshackled is based on a misapplication of Ninth Circuit precedent. Defendant has principally relied upon two Ninth Circuit cases, United States v. Howard, 480 F.3d 1005 (9th Cir. 2007) and United States v. Sanchez-Gomez, 798 F.3d 1204 (9th Cir. 2015), in which the Ninth Circuit addressed the constitutionality of general policies adopted by judicial districts requiring that defendants appear in shackles during all pretrial proceedings. However, those cases are inapposite because defendant does not challenge a general policy adopted by the judges of the Central District. Rather, he is challenging a specific decision of this Court to defer to the judgment of the United States Marshals regarding the appropriate safety precautions to be taken in his case. Moreover, neither of the cases defendant relies upon holds that a court must conduct an individualized hearing to determine whether shackles are necessary in a particular defendant's case. In fact, these cases suggest exactly the opposite. See Howard, 480 F.3d at 1013 (stating that requirement that there be no physical restraints on a defendant without an individualized determination of need "may go farther than due process requires"); Sanchez-Gomez, 798 F.3d at 1209 (citing with approval United States v. Zuber, 118 F.3d 101, 104 (2d. Cir. 1997) ("It has never been suggested — and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                  'O'

it is not the rule — that every time a person in custody is brought into a courtroom in restraints, a hearing on the record with counsel is required, much less an evidentiary hearing and factfinding by the district judge.")). Accordingly, the Court does not believe defendant has made a strong showing that he is likely to succeed on the merits.[1]

Second, the last two factors—whether issuance of the stay will substantially injure the other parties in the proceeding and the public interest—also weigh against granting defendant's request for a stay. See also Nken, 556 U.S. at 435 (stating that the third and fourth factors "merge when the Government is the opposing party."). This case has been pending for over six years. During this time, the Court has granted several continuances, including so that defendant could retain new counsel and so that defendant could prepare to defend himself *pro se*. Granting defendant's request for a stay, and permitting even further delay, is not in the public interest and will cause significant injury to the other parties in this case. For example, in many hearings the Government has explained that, due to the logistical and financial burdens of transporting the Government's witnesses, many of whom reside in Cambodia, to trial, further delay may prevent some of the Government's witnesses from testifying. Moreover, this case involves several minor victims, some of whom are expected to testify, and who have the right to proceedings free from unreasonable delay. See 18 U.S.C. § 3509(j) ("When deciding whether to grant a continuance [in a proceeding involving child testimony], the court shall take into

---

[1] Furthermore, even assuming the Ninth Circuit has appellate jurisdiction over defendant's pretrial shackling claim, the Court is satisfied that it may retain jurisdiction over defendant's case. Ordinarily, if a defendant's claim is immediately appealable, the district court is divested of jurisdiction. See United States v. Yellow Freight Sys., Inc., 637 F.2d 1248, 1252 (9th Cir. 1980). However, courts have recognized that if a rule automatically divesting courts of jurisdiction applied, "a defendant raising a meritless [interlocutory] claim could significantly delay and disrupt criminal trial court proceedings." United States v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991). Accordingly, the Ninth Circuit has found that a district court does not lose jurisdiction to proceed with a defendant's trial, where the court finds that the defendants motion is frivolous. Id. at 1109; see also United States v. Dunbar, 611 F.2d 985, 987-89 (5th Cir.) (en banc) ("[A]n appeal from the denial of a frivolous . . . motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous."). Here, for the reasons stated above, and for the reasons stated in the Court's prior orders, the Court does not believe defendant's request to be unshackled during pretrial proceedings is meritorious. Rather, the Court finds that defendant's motion is based on a significant overreading of the applicable case law and a misunderstanding of the circumstances under which a court may determine that pretrial shackling is required. Therefore, the Court finds that it is appropriate to retain jurisdiction and proceed with defendant's case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                                   'O'

consideration the age of the child and the potential adverse impact the delay may have on the child's well-being."). Finally, the Court notes that society at large has an interest in the speedy resolution of criminal charges. See also United States v. Samueli, 582 F.3d 988, 991 (9th Cir. 2009) ("[I]nterlocutory appeals can be fatal to the vindication of the criminal law because ensuing delays will threaten to prejudice the government's ability to prove its case and increase litigation and detention costs.") (citations omitted).

Accordingly, at least three of the Nken factors counsel strongly against granting a stay. The Court therefore DENIES defendant's request for a stay pending his interlocutory appeal.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CL | |

cc: