UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                                    **'O'**

| Case No. | CR 09-933-CAS | | Date | January 7, 2015 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|

| Interpreter | N/A |
|---|---|

| CONNIE LEE | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian | Not | | | Not Present | | | |

**Proceedings:**   (IN CHAMBERS) -  GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY (Dkt. 1048, filed November 23, 2015)

On November 23, 2015, the Government filed a motion requesting that the Court compel defendant to produce reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b) and to produce reciprocal <u>Jencks</u> statements.  Dkt. 1048.  For the following reasons, the Court GRANTS in part and DENIES in part the Government's motion.

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A), if a defendant requests discovery, and the government complies, "then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial."  Likewise, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(B), a defendant must permit the Government to inspect and make copies of the results or reports of physical or mental examinations and of scientific tests or experiments. And, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), a defendant must provide the Government with a written summary of any expert testimony the defendant intends to offer under Federal Rules of Evidence 702, 703, and 705.

Here, the Government states that it has fully complied with its discovery obligations under Federal Rule of Criminal Procedure 16.  Nonetheless, the Government contends that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                    **'O'**

despite "numerous requests of the defense to produce any and all reciprocal discovery to which the Government is entitled," such discovery has not been forthcoming.  Dkt. 1048, at 4.  Moreover, the Government notes that, at hearings in this case, defendant frequently refers to "experts" whom he has not designated and about whom he has produced no discovery.  Defendant may not receive the benefit of the Government's discovery without also complying with his obligations under the Federal Rules of Criminal Procedure.  Accordingly, the Government's request that the Court require defendant to comply with his reciprocal discovery obligations is GRANTED.  Defendant is hereby ORDERED to produce all discovery within his possession to which the Government is entitled under Federal Rule of Criminal Procedure 16(b).  See Fed. R. Crim. P. 16(d)(2)(A) ("If a party fails to comply with this rule, the court may: order that party to permit the discovery or inspection").  Defendant shall produce his reciprocal discovery no later than January 19, 2015.

       If defendant fails to comply with the terms of this order, any evidence that he has not provided to the Government **may be excluded** from his case in chief, unless he can demonstrate, either: (a) that the evidence is newly discovered, that it could not have been discovered earlier by the exercise of reasonable diligence, and that the defense notified the government and the Court as soon as it discovered the existence of this evidence; or (b) that the government introduced evidence in its case-in-chief that the defense could not in good faith have anticipated, and in fairness the defendant ought to be able to rebut that evidence by presenting his own evidence in the defense case-in-chief.  See Fed. R. Crim. P. 16(d)(2)(C) ("If a party fails to comply with this rule, the court may: . . . prohibit that party from introducing the undisclosed evidence"); United States v. Duran, 41 F.3d 540, 546 (9th Cir. 1994) (upholding district court's exclusion of defense evidence where, after defense counsel assured district court that it would timely produce all evidence, "without showing any cause, counsel failed to produce evidence").

       The Government also requests that defendant be required to produce his reciprocal Jencks material before trial.  The Government states that it has already produced Jencks material and, in some cases, has produced its Jencks material several years before the trial date.  Where the Government has agreed to produce its Jencks material before trial, some courts have, likewise, required the defendant to produce their Jencks material before trial.  See United States v. Sims, 808 F. Supp. 607, 619 (N.D. Ill. 1992) ("Since the government has agreed to produce its witnesses' statements 10 days prior to trial in the interest of the speedy administration of justice and defendants did not object to the government's motion, the defendants are ordered to produce the statements of witnesses other than the defendants who will testify on direct examination *before* trial.") (emphasis in original).  However, the Federal Rules of Criminal Procedure do not require a defendant to produce a witness's statement prior to trial.  Fed. R. Crim. P. 26(a); see also United States v. Felt, 502 F. Supp. 71, 73-74 (D.C. Cir. 1980) (despite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                    **'O'**

the Government's voluntary pretrial disclosure of witness statements, the Government was not similarly entitled to receive witness statements from defendant prior to trial).  Moreover, in this case, particularly given that defendant is proceeding *pro se*, the Court does not find that it is appropriate to require defendant to produce his Jencks material until he calls his witnesses to testify.  Accordingly, in so far as the Government requests that the Court require defendant to produce his reciprocal Jencks material before trial, the Government's motion is DENIED. Defendant shall produce his Jencks materials when he calls his witnesses to testify.

In accordance with the foregoing, the Government's motion is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|

Initials of Deputy
Clerk                              CL

cc: