UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR 09-933(A)-CAS | | Date | January 25, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian | Not | X | | George Buehler, Standby Counsel | Not | | X |

| Proceedings: | (IN CHAMBERS) - MOTION TO VACATE ORDER GRANTING ADMISSIBILITY OF TESTIMONY OF WITNESSES TYP AN TAP RE: "PRIOR" CONDUCT UNDER FEDERAL RULE OF EVIDENCE 414 (Dkt. 1138, filed January 6, 2015) |
|---|---|

  On June 6, 2011, the Court issued an order finding that the testimony of child victims TyP and TaP was admissible at trial pursuant to Federal Rules of Evidence 413 and 414. Dkt. 111. Pursuant to Federal Rules of Evidence 413 and 414, in a criminal case in which a defendant is accused of either sexual assault or child molestation, the court may admit evidence that the defendant committed any other sexual assault or child molestation. In addition, Rule 414(d)(1) defines "child" as "a person the below the age of 14." Accordingly, a prior act of child molestation is only admissible under Rule 414 if it occurred with a person below the age of 14.

  TyP and TaP are expected to testify that defendant sexually abused them in or around 2005 when they were minor girls. In the Court's prior order it determined that the Government had made "a sufficient proffer to present" the testimony of TyP and TaP to the jury pursuant to Rules 413 and 414. Dkt. 111, at 5. In addition, the Court found that this testimony should not be excluded under Rule 403. Id. Defendant now contends that the Court should vacate its earlier ruling with respect to the testimony of TyP and TaP, because he contends that they were over the age of 14 when he allegedly molested them. In support of his motion, defendant submits the statement of Lim Ny to the Chief of the Trial Counsel of the Supreme Court of the Kingdom of Cambodia, dated June 8, 2015. Dkt. 1138, Ex. A. In this statement, Lim Ny, who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

is the mother of TyP and TaP, states that her children were ages 15 and 16, respectively, when she was arrested in 2006. Id. Because defendant allegedly molested TyP and TaP sometime in or around 2005, he contends that this document demonstrates that TyP and TaP were ages 14 or older at the time he is accused of having molested them. Defendant therefore argues that the Court must vacate its prior order because his alleged conduct with TyP and TaP no longer qualifies as an act of "child molestation" within the meaning of Rule 414. The Court disagrees.

First, in its prior order the Court ruled that the testimony of TyP and TaP was admissible pursuant to *both* Rules 413 and 414. Unlike Rule 414, Rule 413 contains no limitation on the age of the alleged victim. Moreover, defendant has submitted no evidence to contradict the Court's prior findings that this evidence is both relevant and admissible under Rule 403. Accordingly, even if the testimony of TyP and TaP is not admissible under Rule 414, it would still be admissible under Rule 413.

Second, the Court finds that the Government has made a sufficient proffer that TyP and TaP were under the age of 14 when defendant allegedly molested them. In general, "conditional facts" under Rule 414 must be established by a "preponderance of the evidence." In United States v. Norris, the Ninth Circuit stated:

> The Supreme Court's decision in Huddleston v. United States, 485 U.S. 681(1988), which governs the admissibility of evidence under Rule 404(b), also controls the standard of proof required to admit evidence under Rules 413–415. In Huddleston, the Supreme Court held that the admissibility of other act evidence under Rule 404(b) is governed by Federal Rule of Evidence 104(b), the rule of conditional relevance. Id. at 689. When determining whether there is sufficient evidence to satisfy Rule 104(b), the court is not required to make any preliminary finding that the government has proved the conditional fact. Id. at 690. Instead, "[t]he court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." Id.

428 F.3d 907, 913-14 (9th Cir. 2005).

Here, the Government has submitted photographs of TyP and TaP purportedly taken on or about the date they first came into the care of Hagar International in 2005. Dkt. 1179, Exs. 1-4. The Government has also submitted the sworn declaration of Special Agent Jonathan Ruiz, who states that he is familiar with these photographs and recognizes them as photographs that were taken of TyP and TaP when they first came into Hagar International's care. Ruiz Decl. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

2. While it is difficult to determine the age of any person based solely on photographs, the photographs submitted by the Government clearly depict two very young girls. Based on the Court's examination of these exhibits, it appears that TyP and TaP were likely no older than 13 years old when these photographs were taken. In fact, the girls depicted in these photographs appear to be roughly 10 to 12 years old.

Additionally, the government states that in interviews with United States law enforcement officials, TyP and TaP identified their birth years based on the Chinese Lunar Calendar. Specifically, TyP stated that she was born in the year of the pig and TaP stated that she was born in the year of the rooster.[1] The year of the pig corresponds to a birth year of either 1995 or 1982, for TyP, and the year of the rooster corresponds to a birth year of either 1993 or 1981, for TaP. Dkt. 1179, Ex. 7, Chinese Lunar Calendar. Based on the photographs submitted by the Government, it is readily apparent that neither of these witnesses could have been born in the 1980s. Accordingly, if TyP was born in 1995, then she would have been between the ages of 9 and 11 in 2005. Similarly, if TaP was born in 1993, then she would have been between the ages of 11 and 13 in 2005. Both of these age ranges fall well within the age limitation of Rule 414.

Finally, the Government contends that there are strong reasons to doubt the veracity of the statements by TyP and TaP's mother, Lim Ny. Specifically, the Government states that this statement was made in connection with Lim Ny's prosecution in Cambodia for selling her children to a foreigner named "Hening." In addition, the Government notes that this document has not been properly authenticated as a foreign public record.

Accordingly, based on the photographs submitted by the government, the evidence regarding TyP and TaP's birth years, and the fact that there are reasons to doubt the truthfulness of the evidence submitted by defendant, the Court finds that, at a minimum, the government has established by a preponderance of the evidence that TyP and TaP were under the age of 14 in or around 2005, when defendant allegedly molested them. The Court therefore **DENIES**

---

[1] The Government has submitted the photo spreads in which TyP and TaP identified defendant in 2009. Dkt. 1179, Exs. 5-6. On the back of each of these photo spreads, ICE foreign national Sous Vansak has noted the years in which TyP and TaP stated they were born. Id. Further, in his declaration, Special Agent Ruiz states that he recognizes Vansak's handwriting on the back of these photo spreads and that, in speaking with Vansak, Ruiz learned that the notations on the back of the photo spread indicated the years in which TyP and TaP stated they were born. Ruiz Decl. ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

defendant's motion for reconsideration of the Court's prior ruling that TyP and TaP's testimony is admissible pursuant to Rule 414.

IT IS SO ORDERED.

|  | 00 | : | 00 |
| --- | --- | --- | --- |
| Initials of Deputy Clerk |  | CMJ | |