UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**'O'**

| | | | |
|---|---|---|---|
| Case No. | CR 09-933(A)-CAS | Date | January 25, 2016 |
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian | Not | X | | George Buehler, Standby Counsel | Not | X | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR INDEPENDENT MEDICAL EXAMINATION—FORENSIC PSYCHOLOGIST (Dkt. 1153, filed January 11, 2016)

DEFENDANT'S MOTION FOR INDEPENDENT MEDICAL EXAMINATION—FORENSIC GYNECOLOGIST (Dkt. 1155, filed January 11, 2016)

DEFENDANT'S MOTION FOR INDEPENDENT MEDICAL EXAMINATION—FORENSIC NEUROPSYCHIATRIST (Dkt. 1156, filed January 11, 2016)

DEFENDANT'S MOTION FOR DEFENSE FORENSIC TEST AND ANALYSIS OF BIOLOGICAL SAMPLES (Dkt. 1132, filed January 5, 2016)

## I. Requests for Examinations of Child-Victim S.L.

On January 11, 2016, defendant filed three motions requesting that the Court permit the defense to conduct various forms of psychological and physical examinations on the child victim in this case, S.L. Specifically, defendant requests that S.L. be examined by a forensic psychologist, Dkt. 1153, a forensic gynecologist, Dkt. 1155, and a forensic neuropsychiatrist, Dkt. 1156.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Recognizing the potential that testifying at trial may be a traumatic experience for children, particularly for children who have been victims of sexual assault, Congress enacted 18 U.S.C. § 3509, which governs the rights of child victims and witnesses.  <u>See also</u> United States Department of Justice, *Rights of Child Victims*, www.justice.gov/criminal-ceos/rights-child-victims ("Substantial progress was made to protect the rights and privacy of child victims and witnesses by the enactment of 18 U.S.C § 3509.  This statute provides federal prosecutors with various tools that can be used to lessen the potential harm occasioned a child when having to relive traumatic events").  Pursuant to section 3509(c)(9), "[p]sychological and psychiatric examinations to assess the competency of a child witness shall not be ordered without a showing of compelling need."

Here, defendant contends that both a psychological and psychiatric examination of S.L. is necessary to ensure that she is competent to testify at trial.  However, the Court finds that defendant has failed to make the requisite showing of "compelling need."  In his motion, defendant principally argues that, between 2009 and 2011, S.L.'s therapists prepared medical and mental health records for her and that, in these records, S.L.'s therapists reported that she was "severely cognitively disabled and exhibiting aberrant behaviors."  Dkt. 1153, at 4; Dkt. 1156, at 4.  However, even assuming that S.L. did suffer from psychological impairments between 2009 and 2011, the time period immediately after she was rescued from prostitution and placed in the care of the International NGO, Hagar International, defendant has submitted no evidence that these impairments persist today.  Moreover, to the extent defendant questions S.L.'s competence as a witness, he may ask her appropriate questions within the bounds of the Federal Rules of Evidence on cross-examination.  Accordingly, the Court finds that defendant has not demonstrated a "compelling need" to justify psychological and psychiatric examinations of S.L.

Defendant also requests permission to have S.L. examined by a forensic gynecologist.  Defendant states that "a gynecological examination is necessary to resolve whether in fact today S.L. is a virgin or not."  Dkt. 1155, at 5.  Section 3509 does not expressly address the circumstances under which a child-witness may be subjected to a medical examination.  However, the Court has serious reservations about permitting the child-victim in this case to be subjected to a gynecological examination to determine whether or not she is a virgin.  Such a highly intrusive examination would entirely violate S.L.'s privacy and could be potentially traumatic.  Moreover, such a request runs directly counter to the purposes behind section 3509,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

namely protecting child witnesses who are called to testify at trials.  Accordingly, the Court finds defendant's request to be highly improper and accordingly denies his request[1]

For the foregoing reasons, the Court **DENIES** defendant's requests to conduct psychological, psychiatric, and medical examinations of S.L.

## II.    MOTION FOR DEFENSE FORENSIC TEST AND ANALYSIS OF BIOLOGICAL SAMPLES FROM S.L.

On January 5, 2016, defendant filed a request for permission to inspect and conduct testing on the DNA evidence in this case, which was collected from S.L.  Dkt. 1132.  Defendant contends that this testing is necessary so that he can prepare an affirmative defense based on DNA evidence.  However, the DNA evidence in this case has already been examined and the parties agree that the DNA evidence collected from S.L. does not match defendant.

The DNA evidence that is the subject of this motion consists of three unmarked swabs that were collected from S.L. and submitted to Bode laboratory for testing.  Gov't. Opp. at 5.  The swabs arrived in a single box, which was marked: "oral," "breast," and "genital/penile"; however, the individual swabs were not marked.  Of the three swabs submitted, only one was susceptible to DNA testing.  Id. The DNA results for that swab indicated that there was one major female contributor and one minor contributor, gender unknown.  Id.  It was conclusively determined that defendant was no the minor contributor.  Id.  Accordingly, this DNA evidence is already exculpatory in that it shows that the DNA evidence collected from defendant does not match defendant.  Id.  The Government does not dispute this fact.

Nonetheless, defendant argues that additional testing will further exonerate him.  Specifically, defendant contends that additional testing will permit him to present the jurors

---

[1] In addition, the Court notes that, under the facts of this case, the question of S.L.'s virginity is of minimal to no relevance.  In its trial memorandum the Government describes S.L.'s anticipated testimony as follows: "The government expects that S.L. will testify that defendant engaged in illicit sexual conduct with her numerous times in Cambodia during the time prior to his arrest in February 2009.  S.L. will testify that defendant forced her to perform oral sex on him beginning when she was approximately seven or eight years old, and that defendant often ejaculated into the mouths—and onto the faces and bodies—of S.L. and his other child victims.  S.L. will also testify that defendant had a unique sexual interest in sucking and biting her feet and legs."  Gov't. Tr. Memorandum, at 4.  Accordingly, S.L.'s virginity is not relevant to the sexual acts defendant is accused of in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

with "the precise DNA profile for the alleged perpetrator"—i.e., the person who defendant believes actually assaulted S.L. However, defendant grossly overestimates the potential that additional testing will provide exculpatory evidence. First, it is possible that additional testing will result in a match with defendant's DNA. Such a result clearly would not satisfy defendant's need for exculpatory evidence. Second, defendant ignores the fact that many individuals in the world have not had their DNA tested and recorded into a searchable database. Accordingly, the likelihood that some third party who came into contact with S.L. in Cambodia could be identified as the minor contributor to the DNA evidence *and* could be matched through a searchable database, is likely very small. Moreover, even assuming that defendant could prove that someone else had engaged in a sexual act with S.L., that would not exonerate defendant because the Government only needs to prove that defendant engaged in illicit sexual acts with S.L. The fact that someone else may have also engaged in a sexual act with S.L. prior to when the DNA swab was collected, does not prevent the government from proving its case against defendant. Finally, defendant can already present the argument he is proposing to the jury based on the existing DNA testing. Specifically, defendant can already argue that the DNA of some unidentified person—i.e., the minor contributor—who is definitively not defendant, was found on S.L.'s mouth, breast, or genitals.

Accordingly, given that the DNA evidence in this case is already exculpatory to defendant, and because the likelihood that additional testing will further exonerate defendant is slim at best, the Court **DENIES** defendant's request.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |