UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 09-933(A)-CAS | Date | January 26, 2016 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr- Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian | Not | X | | George Buehler, Standby Counsel | Not | | X |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S OBJECTION TO LITIGATION AND TRIAL BASED ON DISTRICT COURT'S LACK OF COMPETENCY FOR FACT-FINDING AS TO MATTERS OCCURING ON FOREIGN SOIL; MOTION TO DISMISS INDICTMENT BECAUSE OF LACK OF DISTRICT COURT JURISDICTION IN VIEW OF RECENT TREND IN SUPREME COURT JURISPRUDENCE (Dkt. 1188, filed January 25, 2016)

DEFENDANT'S MOTION TO DISMISS ON GROUNDS OF DOUBLE JEOPARDY (Dkt. 1193, filed January 25, 2016)

DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT RULING ON 404(B) EVIDENCE RE CALIFORNIA PRIORS (Dkt. 1192, filed January 25, 2016)

On January 25, 2016, the day before trial in this matter was scheduled to begin, defendant filed two motions to dismiss the indictment and a second motion for reconsideration of one of the Court's prior evidentiary rulings. For the following reasons, the Court **DENIES** each of these motions.

**I.     MOTION TO DISMISS THE INDICTMENT FOR LACK OF DISTRICT COURT JURISDICTION**

Defendant argues that the Court lacks jurisdiction over this case because it will require the Court to "resolve factual issues of liability for injuries originating abroad." Dkt. 1188, at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Defendant contends that this argument is supported by recent trends in Supreme Court jurisprudence. However, all of the cases defendant cites involve the application of inapposite legal doctrines in civil cases and have no bearing on the validity of adjudicating defendant's criminal case in this Court. See OBB v. Personenverkehr AG v. Sachs, 136 S.Ct. 390 (2015) (applying the Foreign Sovereign Immunities Act); Kiobel v. Royal Dutch Petroleum Co., 133 S.Ct. 1659 (2013) (applying the Alien Tort Statute); Morrison v. National Australia Bank Ltd., 561 U.S. 247 (2010) (applying canon of statutory construction that, absent congressional intent, federal legislation is not intended to have extraterritorial effect); Daimler AG v. Bauman, 134 S.Ct. 746 (2014) (addressing the circumstances in which foreign corporations may be subject to the general jurisdiction of federal courts).

Moreover, the criminal statutes under which defendant is being prosecuted apply to conduct occurring in "foreign commerce" and, on numerous occasions, the Court has rejected arguments by defendant that these statutes are unconstitutional. Accordingly, the Court finds no basis for dismissing the indictment and defendant's motion is **DENIED**.

## II. MOTION TO DISMISS THE INDICTMENT ON GROUNDS OF DOUBLE JEOPARDY

Defendant contends that the indictment should be dismissed on grounds of double jeopardy. More specifically, he argues that he was tried by a panel of judges in Cambodia on the same offenses that are charged in the First Superseding Indictment. Defendant argues that his prior Cambodian trial has double jeopardy effect. However, this is not a basis for double jeopardy to apply. See Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) ("Chua argues that he was convicted in Malaysia for the same offense as in the instant case and that the fifth amendment bar against double jeopardy was thereby violated . . . Th[is] arguments [is] frivolous.") (citing United States v. Richardson, 580 F.2d 946, 947 (9th Cir.1978) ("A fortiori, prosecution by a foreign sovereign does not preclude the United States from bringing criminal charges.").

Defendant also argues that his trial in Cambodia "was purely a U.S. operation, and that the Cambodian government was merely a tool." Dkt. 1193, at 6. In other words, defendant argues that his Cambodian prosecution should be treated, for all intents and purposes, as a prosecution by the United States. The Ninth Circuit has suggested that where the law enforcement efforts of two countries are "so intimately entwined" it may be possible to bar a federal prosecution on the grounds that "the prior prosecution was a cover for what was in essence a federal prosecution." Richardson, 580 F.2d at 947. However, the Court has already rejected similar arguments by defendant and found that, while the United States and Cambodian governments cooperated in the arrest of defendant, there is insufficient evidence to conclude that the Cambodian prosecution was merely a "cover" for a federal prosecution. See also id.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

'O'

580 F.2d at 947 ("The facts indicate that United States officials and the government of Guatemala cooperated in apprehending these appellants, but that is a standard and an acceptable police practice.").

Accordingly, there is no basis to dismiss the indictment on grounds of double jeopardy, and the Court, therefore, **DENIES** defendant's motion.

### III. MOTION FOR RECONSIDERATION OF COURT RULING ON 404(B) EVIDENCE RE: CALIFORNIA PRIORS

On November 23, 2015, defendant filed a motion for reconsideration of the Court's prior order ruling that evidence of defendant's prior convictions for violations of California Penal Code § 261.5 was admissible pursuant to Federal Rule of Evidence 404(b). Dkt. 1038. The Court denied defendant's motion on January 19, 2016. Dkt. 1176. In the instant motion, defendant asks the Court to reconsider its denial of his earlier motion for reconsideration. As the basis for this motion, defendant contends that the Court failed to consider material new facts that he presented to the Court, namely that witness K.S. no longer intended to testify on behalf of the government. However, the fact that K.S. was no longer expected to testify at defendant's trial was the basis for defendant's earlier motion for reconsideration. As such, the Court has already addressed this fact and determined that it does not warrant reconsideration of the Court's earlier ruling. Accordingly, once again, the Court finds no grounds on which to reconsider its prior ruling regarding the admissibility of evidence pursuant to Rule 404(b) evidence and defendant's motion is, therefore, **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |