UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 09-933(A)-CAS | | Date | January 28, 2016 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | | X |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING COMPLETION OF MATTERS IN PROCESS IN CAMBODIA OR IN THE ALTERNATIVE A CONTINUANCE OF TRIAL (Dkt. 1209, filed January 28, 2016)<br><br>DEFENDANT'S NOTICE OF APPEAL TO APPELLATE COURT (Dkt. 1208, filed January 27, 2016) |
|---|---|

  On January 27, 2016, a trial began in this matter against defendant Ronald Gerard Boyajian.  On January 28, 2016, defendant filed a request for a stay of these proceedings or, in the alternative, a continuance of the trial.  Dkt. 1209.  As the basis for his request, defendant identifies several legal proceedings that he contends are currently pending in Cambodia.  These proceedings include: (1) a corruption investigation into one of the Government's witnesses, Colonel Keo Thea; (2) a criminal prosecution against Colonel Keo Thea; and (3) a "Request for Intervention to the Ministry of Justice for legal opinion and resolution of the Law and Agreements binding and limiting the prosecution of Ronald Boyajian by the United States Government," which defendant states he has submitted to the Cambodian government.  Id. at 2-3.  Defendant contends that the "processing" of these "proceedings is important to a fair and proper resolution" of his criminal trial.  Id. at 2.

  However, the Court finds that the resolution of these proceedings will not materially affect defendant's criminal trial.  Colonel Thea has been the subject of Cambodian legal proceedings regarding his alleged corruption for several years.  These proceedings have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

the subject of significant litigation in this Court. Dkt. 1207. The Court is unpersuaded that the resolution of Colonel Thea's current proceedings will result in the production of any new information or evidence that will materially affect defendant's trial. Furthermore, while it is not entirely clear what defendant has requested from the Cambodian government, the Court assumes that this is part of another effort by defendant to challenge the circumstances of his extradition from Cambodia. The Court has issued several rulings determining that defendant's extradition was proper and finding that the doctrines of speciality and dual criminality, which under other circumstances might have precluded the Government from prosecuting defendant for his conduct in Cambodia, do not apply in this case. Dkt. 794, 940.

Accordingly, the Court finds no basis for a continuance or a stay of these proceedings. Moreover, granting a continuance in this case, which has been pending for over six years, would cause significant hardship to the Government and to the child-victims in this case, who have a right to proceed to trial. See United States v. Garrett, 179 F.3d 1143, 1145 (9th Cir. 1999) (district court's denial of defendant's motion for continuance on eve of trial was not an abuse of discretion); see also 18 U.S.C. § 3509(j) ("When deciding whether to grant a continuance [in a proceeding involving child testimony], the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's well-being."). Defendant's motion for a stay of these proceedings or, in the alternative, a continuance is therefore **DENIED**.

In addition, on January 27, 2016, defendant filed a notice of appeal to the Ninth Circuit of this Court's ruling denying defendant's motion to dismiss his indictment on the basis of double jeopardy. Dkt. 1208. "Orders denying a motion to dismiss an indictment on double jeopardy . . . grounds are . . . immediately appealable." Flanagan v. United States, 465 U.S. 259, 266 (1984). Moreover, in the ordinary course, if a defendant's claim is immediately appealable, the district court is divested of jurisdiction. See United States v. Yellow Freight Sys., Inc., 637 F.2d 1248, 1252 (9th Cir. 1980). Nonetheless, the Court finds that it may retain jurisdiction in this case because defendant's appeal is frivolous. United States v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991) ("[I]f the claim [of double jeopardy] is found to be frivolous [by the district court], the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case.") (citing United States v. Dunbar, 611 F.2d 985, 988 (5th Cir. 1980)(en banc)).

In his motion, defendant argued that he had previously been tried by a panel of judges in Cambodia on the same offenses that are charged in the First Superseding Indictment. Defendant argued that his prior Cambodian trial should have double jeopardy effect and, therefore, preclude his current criminal trial. However, as the Court explained, this is not a basis for double jeopardy to apply. See Chua Han Mow v. United States, 730 F.2d 1308, 1313

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

(9th Cir. 1984) ("Chua argues that he was convicted in Malaysia for the same offense as in the instant case and that the fifth amendment bar against double jeopardy was thereby violated . . . Th[is] arguments [is] frivolous.") (citing United States v. Richardson, 580 F.2d 946, 947 (9th Cir.1978) ("A fortiori, prosecution by a foreign sovereign does not preclude the United States from bringing criminal charges.")). Accordingly, because defendant has no basis for asserting that double jeopardy should apply in this case, the Court finds that his appeal is frivolous. The Court may, therefore, retain jurisdiction over this case and proceed with defendant's trial.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |