UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 09-933(A)-CAS | | Date | February 2, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | | X |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE RETURN OF UNEARNED ATTORNEY FEES FROM MICHAEL LIGHTFOOT, STEVEN SADOWSKY, RICHARD STEINGARD (Dkt. 982, filed September 21, 2015) |
|---|---|

   On September 21, 2015, defendant filed a motion entitled: "Motion for Issuance of Order to Show Cause Re Return of Unearned Attorney Fees from Michael Lightfoot, Steven Sadowsky, Richard Steingard." Dkt. 982. In this motion, defendant requests that the court issue an order to show cause to defendant's former attorneys, the law firm of Lightfoot, Steingard, and Sadowsky, ordering them to respond regarding what defendant describes as "unearned attorneys' fees." Specifically, defendant contends that, after the court permitted Lightfoot, Steingard, and Sadowsky, to withdraw as counsel for defendant, the law firm retained fees which defendant believes it did not rightfully earn. Defendant now requests that the Court exercise jurisdiction over this fee dispute between defendant and his former attorneys.

   However, on several occasions throughout this case the Court has explained to defendant that it does not believe it is appropriate for the Court to exercise jurisdiction over a fee dispute between defendant and his former attorneys. Nonetheless, defendant has persisted in his request that the Court exercise jurisdiction over this ancillary matter. The Court now formally declines to exercise jurisdiction over defendant's fee dispute with his former attorneys and, accordingly, denies defendants motion for the Court to issue an order to show cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**'O'**

"[A] federal court properly may exercise ancillary jurisdiction 'over attorney fee disputes collateral to the underlying litigation.' " K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 968 (9th Cir. 201) (citing Fed. Sav. & Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1041 (9th Cir. 2004)).  However, whether to exercise such jurisdiction "is a matter within the trial judge's discretion" and heavily dependent upon the facts of a given case.  Moore v. Teflon Commc'n. Corp., 589 F.2d 959, 967 (9th Cir. 1978); see also K.C., 762 F.2d at 971 ("[T]he exercise of ancillary jurisdiction over an attorney's fees dispute is discretionary.").

In determining whether or not to exercise ancillary jurisdiction, district courts should consider whether the exercise of jurisdiction will enable the court "to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994).  Moreover, in evaluating district courts' decisions to exercise, and not exercise, ancillary jurisdiction over attorneys' fee disputes, the Ninth Circuit has paid particular attention to whether hearing the dispute in federal court would facilitate or delay the resolution of the underlying litigation.  See, e.g., Boykin v. McCoy, 384 F. App'x 579, 581 (9th Cir. 2010) (Holding that exercise of ancillary jurisdiction was appropriate where fee dispute "was an impediment to settlement" of the claims before the district court).  Finally, as with any inherent power, ancillary jurisdiction "must be exercised with restraint and discretion."  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

Here, the Court finds that it would be inappropriate for the Court to exercise jurisdiction over defendant's fee dispute with his former attorneys.  In particular, the Court notes that these proceedings have already been pending for over six years and have been delayed on multiple occasions as a result of disputes between defendant and his former attorneys.[1]  Hearing defendant's fee dispute would be a time-consuming task that would unnecessarily complicate defendant's trial, which has just recently begun, and could potentially result in further delays.  See also Moore, 589 F.2d at 967 ("[H]ere, the antitrust suit had been pending for six years when [counsel] moved for leave to withdraw.  The determination of fees would have been a time-consuming activity which would have subjected the opposing parties and the court to delay and vexation.  Therefore, the district court did not abuse its discretion in refusing to hear the collateral dispute between the attorneys and [plaintiff].").

---

[1] After discharging Lightfoot, Steingard, and Sadowsky, defendant was represented by the Federal Public Defenders before ultimately electing to represent himself.  With each of these changes in representation, the Court has ordered continuances of the trial date.  See Dkt. 423, 776.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Moreover, defendant provides no reason why he cannot resolve his fee dispute in state court as a state law claim for breach of contract.  See also Shapo v. Engle, 463 F.3d 641, 645 (7th Cir. 2006) ("The purpose of the ancillary jurisdiction of the federal courts . . . is not to enable a federal court to encroach on the jurisdiction reserved to the states merely because the parties would prefer to have a federal court resolve their future disputes . . .").  In fact, it has been nearly three years since the Court permitted Lightfoot, Steingard, and Sadowsky to withdraw as counsel for defendant.  During this time, defendant could have pursued a claim in state court against his former attorneys and, to the extent he is entitled to a refund of any of his fees, he likely would have recovered them by this time.  Instead, defendant has persisted in asserting that jurisdiction is appropriate in this Court, despite the Court's frequent directions to the contrary.

Finally, defendant has failed to demonstrate how hearing his fee dispute in this court, as opposed to in a state court proceeding, would facilitate the resolution of his criminal trial.  Defendant appears to argue that if this Court were to resolve his fee dispute he would have additional funds to support his defense.  But the fact that defendant may obtain a positive result from the resolution of his attorneys' fee dispute does not, in and of itself, warrant an exercise of the Court's ancillary jurisdiction.  Rather, the relevant inquiry is whether it is in the interest of the parties and the efficient resolution of the instant case to adjudicate defendant's fee dispute *in this Court*, as opposed to in a separate state court proceeding.  See also Kokkonen, 511 U.S. at 379-80 (noting that the purpose of ancillary jurisdiction is to enable the court "to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.").  Here, defendant's fee dispute has no connection with the issues that will be decided during defendant's criminal trial.  And, to the extent defendant is seeking additional funds to support his defense, he can likely obtain such funds just as efficiently in state court with considerably less disruption of his criminal trial, which is currently underway.

Accordingly, for all of these reasons, the Court declines to exercise its ancillary jurisdiction over defendant's fee dispute with his former attorneys.  The Court, therefore, **DENIES** defendant's request for the Court to issue an order to show cause to his former attorneys.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Deputy Clerk | | CMJ |