UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 09-933(A)-CAS | Date | February 3, 2016 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | X | |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S OBJECTION AND RENEWED MOTION FOR SEVERANCE/BIFURCATION OF TRIAL; OR RULING EXPLAINING DISPARATE TREATMENT FROM SIMILARLY SITUATED DEFENDANTS (Dkt. 1226, Filed February 2, 2016) |
|---|---|

On February 2, 2016, after a jury was empaneled in this case, and the night before the parties were scheduled to present opening statements, defendant filed a motion requesting that the Court bifurcate the trial of Count Three in this matter. Dkt. 1226. Count Three charges defendant with a violation of 18 U.S.C. § 2260A, which is a ten-year mandatory sentencing enhancement for committing any of the offenses charged in Counts One and Two while being required to register as a sex offender. To establish the elements of Count Three, the Government will need to present evidence of defendant's prior conviction for violations of California Penal Code § 261.5, unlawful sexual intercourse with a person under the age of 18. Defendant contends that he will suffer undue prejudice if the jury is presented with evidence of his prior conviction when they are considering defendant's guilt or innocence under Counts One and Two.

However, the Court has already ruled that evidence of defendant's prior convictions is relevant to the resolution of Counts One and Two. Specifically, the Court has ruled that this evidence is admissible for a variety of purposes pursuant to Federal Rule of Evidence 404(b). For example, the Court has ruled that this evidence is relevant to demonstrate that defendant traveled to Cambodia with the intent to engage in illicit sexual conduct with minors—a necessary element of Count One. Dkt. 424, at 8. Accordingly, regardless of whether the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

bifurcates the trial of Count Three, the jury will be presented with evidence of defendant's prior convictions during the resolution of Counts One and Two.  In fact, the Court denied an earlier request by defendant to bifurcate trial of Count Three for this exact reason.  Id. at 7 ("[U]nder the Court's prior ruling, evidence that defendant was convicted of sex crimes is admissible.  Therefore, because defendant became a sex offender registrant as a consequence of these acts, this evidence can be admitted during the trial of counts one and two and there is no need to bifurcate trial.").  Furthermore, defendant has indicated that he intends to offer evidence that he was a resident of Cambodia, both to demonstrate that he was not rquired to register as a sex-offender under the laws of California and to demonstrate that he traveled to Cambodia for a reason other than engaging in illicit sexual conduct with minors.  Accordingly, this defense is relevant to both Counts One and Three and there will be overlap between the evidence presented regarding these two counts.

Defendant directs the Court to a decision by the court in United States v. Reckzo, Case No. 07-CR-1221-GHK.  Dkt. 1226, Ex. 1.  In Reckzo, the defendant was charged with one count pursuant to section 2260A and the court found it appropriate to bifurcate the trial of that count.  Id.  Defendant contends that the Court should follow the decision in Reckzo.  The Court disagrees.  First, the decision to bifurcate falls within the discretion of the trial judge and is heavily dependant upon the facts of a given case.  See United States v. Nguyen, 88 F.3d 812, 818 (9th Cir. 1996) ("We review for abuse of discretion the district court's refusal to bifurcate").  Second, the decision in Reckzo was procedurally distinct from the instant case.  Specifically, in that case, the parties consented to bifurcate the section 2260A count and the defendant agreed to waive his right to a jury trial over that count.  Id.  Finally, and most significantly, the court in Reckzo had not ruled that evidence of the defendant's prior convictions was admissible pursuant to Rule 404(b).  Id.  Thus, the only purpose for which the jury would have considered evidence of the defendant's prior conviction in Reckzo was for adjudicating the section 2260A count.  Accordingly, the decision in Reckzo is significantly distinct from the instant case and, in any event, for the reasons already stated the Court finds that under the circumstances of this case bifurcation is not appropriate.

For the foregoing reasons, the Court **DENIES** defendant's renewed request to bifurcate the trial in this case.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |