UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 09-933(A)-CAS | | Date | February 8, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | X | |

**Proceedings:**   (IN CHAMBERS) - GOVERNMENT'S OPPOSITION TO DEFENDANT'S LATE DISCLOSED EXPERTS (Dkt. 1233, filed February 3, 2016).

On the eve of trial, defendant, Ronald Gerard Boyajian, indicated that he intended to call a number of expert witnesses in support of his defense.  The Government objects that several of these witnesses have not previously been disclosed and should, therefore, be precluded from testifying at trial on this basis.  Dkt. 1233.  Having considered the parties' arguments, the Court concludes that the following witnesses may testify in a manner consistent with this order and the Federal Rules of Evidence.

Dr. Fred Berlin

Defendant indicated that he wished to call Dr. Fred Berlin ("Berlin") to testify at trial. However, at an *in camera* session, during which Berlin appeared by telephone, Berlin indicated that due to other commitments he would be unable to testify on defendant's behalf. Accordingly, the Court **DENIES AS MOOT** defendant's request to have Berlin testify as an expert witness at trial.

Emmanuel Dialma  and Mitchell Eisen

Defendant requests that Emmanuel Dialma ("Dialma") and Mitchell Eisen ("Eisen") be permitted to testify at trial.  The Government concedes that, in a letter dated March 6, 2013, defendant's former counsel disclosed both Dialma and Eisen as potential defense experts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**'O'**

Accordingly, the Court finds that both of these witnesses have been sufficiently disclosed to the Government, and the Court **GRANTS** defendant's request to have these expert witnesses testify at trial. Nonetheless, the testimony of these witnesses will be limited to the topics for which they were originally noticed in the letter prepared by defendant's former counsel.

Marc Taylor

Finally, defendant requests that Marc Taylor ("Taylor") be permitted to testify as a DNA expert. Defendant concedes that this witness has never been disclosed to the Government. Accordingly, Taylor's testimony may properly be excluded for failure to comply with the disclosure requirements set forth under Federal Rule of Criminal Procedure 16(b)(1)(C). Moreover, even if Taylor had been timely disclosed as an expert witness, the Court would still find that his testimony was inadmissible pursuant to Federal Rule of Evidence 403 because it is only tangentially relevant to the issues in this case and carries a substantial risk of confusing and misleading the jury.

The DNA evidence in this case consists of three unmarked swabs that were collected from S.L. and submitted to Bode laboratory for testing. The swabs arrived in a single box, which was marked: "oral," "breast," and "genital/penile"; however, the individual swabs were not marked. Of the three swabs submitted, only one was susceptible to DNA testing. The DNA results for that swab indicated that there was one major female contributor and one minor contributor. It was determined that defendant was not the minor contributor. Accordingly, this DNA evidence is already exculpatory in that it shows that the DNA evidence collected from S.L. does not match defendant. The Government does not dispute this fact.

Nonetheless, Taylor contends that there are additional, and more precise, tests that can be conducted on the DNA swabs. Taylor contends that through these tests he may be able to identify the ethnicity of the specific individual who is the minor contributor on the DNA swab. Defendant argues that if Taylor can identify this individual's ethnicity, that will make the DNA evidence even more exculpatory. However, even Taylor concedes that the likelihood that he will be able to identify the ethnicity of the minor contributor is slim. And Taylor acknowledges that it is at least a possibility that additional testing could produce a match with defendant's DNA.

Moreover, even assuming that Taylor could adduce additional information regarding the minor contributor to the DNA swab, this would be only marginally relevant to defendant's case. As already stated, the swabs sent to Bode Laboratories arrived in a single box marked: "oral," "breast," and "genital/penile." The individual swabs, however, were not marked. Therefore, it is impossible to tell whether the swab tested by Bode laboratories was the "oral," "breast," or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

"genital/penile" swab.  Accordingly, even if defendant knew the identity or ethnicity of the minor contributor, it is just as likely that that person's DNA could have been transmitted to S.L. through nonsexual contact with her mouth (e.g. by sharing a drinking glass) or her breast (e.g. through inadvertent contact with S.L.'s skin).  Finally, even assuming that defendant could prove that someone else had engaged in a sexual act with S.L., that would not exonerate defendant because the Government only needs to prove that defendant engaged in illicit sexual acts with S.L.  The fact that someone else may have also engaged in a sexual act with S.L. prior to when the DNA swab was collected, does not prevent the government from proving that on another day defendant engaged in sexual acts with S.L.

In sum, the DNA evidence in this case is already exculpatory for defendant, and Taylor's proposed testimony will, at best, make this evidence only marginally more exculpatory.  On the other hand, were Taylor to testify, that would result in a time-consuming and complicated mini-trial regarding DNA evidence.  Accordingly, the Court finds that the marginal relevance of Taylor's testimony is far outweighed by the risk of confusing and misleading the jury.

In accordance with the foregoing, the Court **DENIES** defendant's request to have Taylor testify as an expert at trial.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |