UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR 09-933(A)-CAS | | Date | February 16, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian Pro Se | Not | X | | George Buehler, Standby Counsel | Not | | X |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S OBJECTION TO COURT EXCUSING GOVERNMENT WITNESSES TIM HUORN MID-TESTIMONY; MOTION TO COMPEL GOVERNMENT TO PRODUCE TIM HUORN OR IN THE ALTERNATIVE STRIKE MR. HUORN TESTIMONY OR GRANT A MISTRIAL (Dkt. 1251, filed February 8, 2016)

DEFENDANT'S OBJECTION TO EX PARTE COMMUNICATION BETWEEN INTERPRETER AND GOVERNMENT WITNESS WHILE ON THE STAND; REQUEST FOR ENFORCEMENT OF AUDIO RECORDING INTERPRETED TESTIMONIES; MOTION TO STRIKE UNRECORDED INTERPRETED WITNESS TIM HUORN (Dkt. 1252, filed February 8, 2016)

DEFENDANT'S UPDATE ON CAMBODIAN PROCEEDINGS IN PROCESS IMPACTING THIS LITIGATION; REQUEST THAT US ATTORNEY DAVID HERZOG AND ICE SA JONATHAN RUIZ BE RECUSED PENDING THE CAMBODIA'S CHIEF PROSECUTORS'S INQUIRY INTO CRIMINAL COLLUSION (Dkt. 1259, filed February 10, 2016)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

**I.    DEFENDANT'S OBJECTION TO THE COURT EXCUSING GOVERNMENT WITNESS TIM HUORN**

On February 8, 2016, defendant, Ronald Gerard Boyajian, filed a motion objecting to the Court's excusing government witness, Tim Huorn ("Huorn"). Defendant contends that it was improper for the Court to excuse Huorn and grant him permission to return home to Cambodia. Specifically, defendant states that Huorn had additional relevant testimony, which defendant had anticipated exploring on direct examination during the defense case-in-chief.

However, Huorn's testimony in this case spanned nearly two days, including several hours of cross-examination by defendant. At the end of Huorn's testimony, the Court confirmed with defendant that he had finished cross-examining Huorn and, accordingly, excused him as a witness. Defendant cannot now, after having a full opportunity to examine this witness, insist that it was improper for the Court to excuse Huorn.[1] Moreover, Huorn is a *Government* witness and, prior to the instant request, defendant had never indicated that he intended to call Huorn as a defense witness during the defense case-in-chief. Finally, the Court notes that it is within the broad discretion of the Court to control the mode and order of witnesses. See Fed. R. Evid. 611 ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence"). Accordingly, the Court finds that there was nothing improper in excusing Huorn at the conclusion of his testimony and, therefore, **DENIES** defendant's motion.

**II.   DEFENDANT'S OBJECTION TO INTERPRETER RITHY LIM**

On February 7, 2016, defendant filed a motion entitled "Objection to Ex Parte Communication Between Interpreter and Government Witness While on the Stand; Request for Enforcement of Audio Recording Interpreted Testimonies; Motion to Strike Testimony of Unrecorded Interpreted Witness Tim Huorn." Dkt. 1252. In this motion, defendant principally claims that there are improper communications occurring between the Government's interpreter, Rithy Lim, and the Government's Khmer-speaking witnesses. Defendant, therefore, requests that the Court strike the testimony of these witnesses.

However, the Court has already ruled on two separate occasions that Lim is a qualified Khmer language interpreter. Dkt. 877, 1199. And defendant provides no evidence that Lim has misrepresented the testimony of any of the witnesses in this case or that Lim has engaged in

---

[1] In fact, throughout this trial the Court has granted defendant considerable liberties in expanding the scope of his cross-examination to include topics not addressed by the Government in their direct examination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

improper communications with any witnesses.  Accordingly, defendant has presented no basis for challenging Lim's work as an interpreter in this trial.  Defendant has also requested that the Court permit him to record the testimony of Khmer-speaking witnesses, presumably so that he may evaluate the accuracy of Lim's translation at a later date.  However, it is the practice of courts in this district not to permit recordings during trial or any other court proceedings.  See C.D. Cal. L.R. 83-6.1.4 ("[U]nless expressly authorized by a judge of this court or a duly designated visiting judge, Wireless Communication Devices may not be used to take photographs or *to make or transmit audio or video recordings*") (emphasis added).

For the foregoing reasons, the Court **DENIES** defendant's motion.

## III.    DEFENDANT MOTION TO RECUSE MEMBERS OF THE PROSECUTION

On February 10, 2016, defendant filed a motion entitled "Update on Cambodian Proceedings in Process Impacting this Litigation; Request that US Attorney David Herzog and ICE SA Jonathan Ruiz be Recused Pending the Cambodia's Chief Prosecutor's Inquiry into Criminal Collusion."  Dkt. 1259.  In this motion, defendant provides the Court with what he refers to as an "Update" on various currently pending Cambodian proceedings.  Defendant appears to contend that these proceedings implicate various members of the United States Attorneys' Office in the alleged corruption of several Cambodian officials, including Cambodian Nationa Police Colonel Keo Thea.  Defendant requests that, in light of these proceedings, the Court recuse one of the lead prosecutors in this case, David Herzog, as well as FBI Special Agent Jonathan Ruiz.  The Court finds that there is no basis for the relief defendant has requested.

Defendant has made numerous allegations throughout this case regarding corruption within the United States and Cambodian Governments.  However, the Court has repeatedly rejected these allegations noting that defendant has failed to present any concrete evidence of corruption by either the United States or Cambodian Governments.  The instant motion is no different.  Accordingly, the Court finds that there is no evidence of inappropriate "collusion" between any of the prosecutors in this case and the Cambodian Government.  Therefore, there does not appear to be any basis for the Court to order either AUSA Herzog or SA Ruiz to recuse themselves from this case and defendant's motion is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |