## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR 09-933(A)-CAS | | Date | February 19, 2016 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Laura Elias | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | X | |

| Proceedings: | (IN CHAMBERS) - DEFENDANTS MOTION FOR MISTRIAL BASED ON DENIAL OF CONFRONTATION AND RIGHT TO FAIR TRIAL AND GOVERNMENT SUBORNATION OF PERJURY (Dkt. 1288, filed February 19, 2016) |
|---|---|

On February 19, 2016, defendant, Ronald Gerard Boyajian, filed a motion entitled "Motion for Mistrial Based on Denial of Confrontation and Right to Fair Trial and Government Subornation of Perjury." Dkt. 1288. In this motion, defendant contends that the Court improperly precluded defendant from using extrinsic evidence to impeach Government witness Col. Keo Thea. In this action, the testimony of Col. Thea was the subject of extensive litigation spanning several months. Throughout this litigation, defendant insisted that Col. Thea had been investigated by the Cambodian Government on allegations of corruption. Defendant wished to cross-examine Col. Thea regarding the investigation into his alleged corruption and, if Col. Thea denied these allegations, to introduce extrinsic evidence of the Cambodian Government's investigation. The Government, however, contended that the allegations of Col. Thea's corruption had been baseless and submitted evidence that Col. Thea had been exonerated at the conclusion of the Cambodian Government's investigation.

After the issue was fully briefed by the parties, the Court concluded as follows:

Despite the apparent conclusion of the Cambodian government that the corruption charges against Keo Thea . . . are meritless, there is some evidence on the record that would support the charges . . . Given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

> centrality of the government witness's credibility to the case against
> defendant and the government's opportunity to rehabilitate the witnesses, the
> Court concludes that it would be inappropriate to wholly bar cross-
> examination based on the corruption allegations.

Dkt. 1207, at 8.  Nonetheless, given the collateral nature of the corruption allegations against Keo Thea and the weight of evidence submitted by the government demonstrating that these allegations were false, the Court determined that defendant's inquiry into these allegations should be limited.  Specifically, in a direct application of Federal Rule of Evidence 608(b), the Court ruled that "[i]f these witnesses testify, defendant may ask them limited questions about the corruption charges, but will be 'stuck with whatever response' the witnesses give to those questions."  Dkt. 1207, at 9 (citing United States v. Brooke, 4 F.3d 1480, 1484 (9th Cir. 1993)).

At trial, Col. Thea testified, and he and defendant had the following exchange:

> Defendant: Mr. Thea, is there an allegation of corruption that was made
> against you in Cambodia in connection with a different case?
>
> Colonel Keo Thea: Yes.  There were perpetrators who wanted to ruin my
> honor and my name.  My superior investigated it and found no wrongdoing
> and *all those cases have been closed*.

Dkt. 1288, Ex. 1, pg. 91 (emphasis added).  After this testimony, defendant sought to introduce extrinsic evidence to demonstrate that at least one of the corruption charges against Col. Thea was still pending and was, in fact, not closed.  The Court, applying its prior order, ruled that defendant could not introduce this evidence.

Defendant now argues that it was an error for the Court to preclude him from introducing this extrinsic evidence and requests that the Court declare a mistrial.  However, as explained in the Court's prior order, the corruption investigation into Col. Thea was relevant only to attack the credibility of Col. Thea.  Rule 608(b) is clear, "extrinsic evidence is *not* admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Fed. R. Evid. 608(b) (emphasis added).  Moreover, the case law is clear, while Rule 608 authorizes courts to permit inquiry into specific instances of conduct during cross-examination," it does not permit a party to introduce extrinsic evidence challenging a witness's response.  See also United States v. Olsen, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013) (explaining that an attorney cross-examining a witness as to prior conduct bearing on truthfulness "would have been stuck with his answers and not allowed to pursue further inquiry"); United States v. Jackson, 882 F.2d 1444, 1452 (9th Cir. 1989) ("[T]he procedure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

envisioned by Rule 608(b) was that the cross-examiner could question the witness on the prior acts but ultimately would have to 'take the answer of the witness.' . . . Irrespective of whether the answer from the stand is truthful or not, the Rule plainly bars further inquiry into the substance of the bad act, either by use of evidence derived from the witness or other sources."). Accordingly, the Court finds that its ruling was not in error and, therefore, there is no basis for a mistrial.

In accordance with the foregoing the Court **DENIES** defendant's motion for a mistrial.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: