UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR 09-933(A)-CAS | | Date | March 7, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | X | |

**Proceedings:**  (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT CONDUCT; REQUEST FOR MISSING WITNESS INSTRUCTION—CAMBODIAN CLERKS OUK VIRA AND TIN SOTHEAMONY

In this trial, defendant, Ronald Gerard Boyajian, has sought to bring several witnesses who reside in Cambodia to the United States to testify in his case-in-chief.  Two of these witnesses, Ouk Vira and Tin Sotheamony, were unable to obtain visas from the United States Department of State, and thus were unable to travel to the United States to testify on defendant's behalf.  Defendant now brings the instant motion alleging that the Government improperly impeded these witnesses from obtaining visas.  Defendant requests that the Court dismiss the indictment on grounds of "outrageous Government conduct."  Dkt. 1326.

In order to dismiss an indictment for prosecutorial misconduct, the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice."  United States v. Smith, 924 F.2d 889, 897 (9th Cir. 1991) (citing United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.1983)).  Here, defendant presents no evidence to suggest that the prosecution has in any way interfered with Ouk Vira and Tin Sotheamony's applications for visas.  Moreover, as the Court has explained to defendant, neither this Court, nor the prosecutors in this case, have any control over how and under what circumstances the State Department determines to issue visas to persons who wish to travel to the United States.  Accordingly, there is no basis for charging the government with misconduct in this case, and the Court **DENIES** defendant's motion to dismiss the indictment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

      In addition, defendant has requested that the Court provide a missing witness instruction regarding Ouk Vira and Tin Sotheamony.  The Court denies this request for two reasons.  First, it is untimely.  The Court delivered the instructions to the jury on the morning of March 4, 2016; however, defendant did not file the instant request until mid-day on March 4, 2016.  Accordingly, by the time defendant requested a missing witness instruction the Court had already delivered the instructions to the jury.  Moreover, defendant was aware that these witnesses had been unable to obtain visas for over a week before the Court delivered the instructions to the jury.  Thus, defendant had ample time to raise this issue with the Court, yet he failed to do so.  Second, even had defendant's request been timely, the Court would still have found a missing witness instruction unwarranted.  As defendant himself notes, a missing witness instruction is only appropriate if "the witness is peculiarly within the power of the other party."  United States v. Ramirez, 714 F.3d 1134, 1137 (9th Cir. 2013).  However, as stated above, the prosecutors in this case hold no authority over how and under what circumstances persons may obtain visas.  Accordingly, these witnesses are not "peculiarly within the power" of the prosecution.  For these reasons, the Court **DENIES** defendant's request to issue a missing witness instruction to the jury.

      IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |