UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR09-933(A)-CAS | Date | May 10, 2016 |
|---|---|---|---|

Present: The Honorable **CHRISTINA A. SNYDER**

Interpreter   N/A

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | X | |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S EX PARTE APPLICATION FOR ORDER TO OBTAIN BUCCAL SWABS FROM COMPLAINING WITNESS MINOR SL FOR DNA PROFILING (Dkt. 1400, filed April 26, 2016)<br><br>DEFENDANT'S EX PARTE APPLICATION FOR ORDER PERMITTING DEFENSE FORENSIC EXAMINATION OF ORIGINAL SEIZED DIGITAL MEDIA EQUIPMENT (Dkt. 1402, filed April 27, 2016) |
|---|---|

## I.   EX PARTE APPLICATION FOR ORDER TO OBTAIN BUCCAL SWABS FROM S.L. FOR DNA PROFILING

On April 19, 2016, defendant Ronald Gerard Boyajian, proceeding *pro se*, filed an ex parte application for the Court to issue an order compelling the Government to produce victim-witness S.L. so that either the Government or defendant can collect buccal (i.e., oral) DNA swabs from her. Dkt. 1399. Defendant states that these DNA swabs are "needed to establish the source and chain of the DNA sample previously obtained [purportedly from S.L.], which was questioned by the government, in order to support a potential motion for new trial based on the improper exclusion of Mr. Boyajian's DNA defense." Id. at 2. The issues raised by defendant's application are familiar to the Court and have been addressed—and rejected—numerous times in the Court's prior orders. See Dkt. 1202, 1342.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

In particular, however, the Court finds that, contrary to defendant's assertion, the DNA swabs he is requesting will not "establish the source and chain" of the DNA samples in this case, which were purportedly collected from S.L.  Based on testimony elicited during trial, but outside the presence of the jury, it appears that, shortly after defendant's arrest on February 20, 2009, an employee of the non-governmental organization World Hope International ("WHI"), Va Tong, accompanied S.L. to two medical clinics in Phnom Phen, Cambodia.  At one of these clinics—the Phnom Phen Referral Clinic—a doctor and a nurse examined S.L. and collected what appeared to be DNA samples from her person.  Va Tong then observed the clinic staff place the swabs in a manilla envelope and then left the clinic *without* the envelope.  Thereafter, Va Tong claims that he observed United States officials arrive at the Phnom Phenh offices of WHI and collect an envelope containing DNA swabs.  Va Tong testified that it was his belief that this envelope was the same envelope into which he had observed the staff at the Phnom Phenh Referral Clinic deposit S.L.'s DNA swabs.

At trial, the Court concluded that evidence relating to SL's DNA swabs was inadmissible because defendant had failed to establish a proper chain of custody.  As the Court explained in a later order:

> Even assuming that the manila envelope at WHI's offices was, in fact, the same envelope Va Tong observed at the Phnom Phen Referral Clinic—a dubious proposition at best—the envelope still remained unaccounted for during the period between the time Va Tong left the clinic and the time it reappeared at WHI's offices.  Moreover, Va Tong did not accompany S.L. when the DNA swabs were purportedly collected and, therefore, he could not verify that the swabs had been collected from her person and not someone else.

Dkt. 1342, at 2.

In the instant application, defendant appears to contend that the DNA testing he is now requesting will establish that the DNA swabs collected by United States officials in Phnom Phenh originated from S.L.  However, even assuming that defendant is correct, this would still not establish a proper chain of custody.  Rather, even assuming that the DNA swabs the government collected contained S.L.'s DNA, that would not change the fact that those DNA swabs remained unaccounted for during the time they were collected at the Phnom Phen Referral Clinic and the time they were retrieved by United States Officials from WHI.  In this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

period, the swabs could have become contaminated or otherwise interfered with by an unknown third-party.[1]

Moreover, even if the requested DNA testing could establish a proper chain of custody, the DNA evidence in this case appears to be of exceedingly limited relevance. First, a total of three swabs purportedly collected from S.L. were submitted to Bode Laboratories for testing. These swabs were delivered in a box marked, "oral," "genital/penile," and "breast." However, Bode Laboratories was only able to test one of the swabs. And, while it was conclusively established that this swab did not contain defendant's DNA, it is impossible to determine whether this swab was collected from S.L.'s genital area, as opposed to her mouth or breast. Second, and more significantly, the Government was not required to establish at trial that defendant engaged in sexual conduct with S.L. during a particular time period. Given the fact that DNA material may only remain on a person's body for as little as a few days, the most the DNA evidence could establish is that defendant did not engage in sexual conduct with S.L. during the period immediately preceding his arrest. This would not preclude the Government from establishing that defendant engaged in sexual conduct with S.L. during an earlier time period.

Accordingly, the DNA testing defendant has requested does not serve the purpose he claims and, even if it did, would be of only minimal relevance. For these reasons, the Court declines to permit either defendant or the Government to collect DNA swabs from S.L., a minor child and the victim in this case. Defendant's motion is, therefore, **DENIED**.

## II.    EX PARTE APPLICATION PERMITTING DEFENSE FORENSIC EXAMINATION OF ORIGINAL SEIZED DIGITAL MEDIA EVIDENCE

On April 27, 2016, defendant filed a motion entitled "Ex Parte Application for Order Permitting Defense Forensic Examination of Original Seized Digital Media Equipment." Dkt. 1402. On May 3, 2016, the Government filed an opposition to this motion. Dkt. 1408. Defendant appears to contend that he has discovered new evidence that the digital media evidence in this case may have been tampered with or otherwise contaminated by an unknown party. Defendant requests the opportunity to examine the *original* digital media evidence in the Government's possession in order to assess whether or not it has been contaminated.

---

[1] Furthermore, as the Court has previously explained, S.L. is a minor and a victim of sexual assault. As such, the law provides her with protections and the Court has a duty to protect her from invasive searches and procedures absent a showing of compelling need. See, e.g., 18 U.S.C. § 3509 (Child victims' and child witnesses' rights).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

However, the Court has explained to defendant on countless occasions that it is standard procedure that defendants are not permitted to access the original evidence in their cases. The Court has previously declined to make an exception for defendant, and likewise declines to do so now. Moreover, the government has provided the defense team, and in particular defendant's forensic expert, Joel Fischbach, with many opportunities to examine copies of the digital media evidence and even to observe such copies being made from the original evidence. Nonetheless, defendant failed to take advantage of these opportunities. Accordingly, defendant has already been given the opportunity to assess whether there has been any contamination of the digital media evidence in this case. For these reasons, the Court **DENIES** defendant's motion.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |