UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR09-933(A)-CAS | | Date | July 27, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | X | |

**Proceedings:** (IN CHAMBERS) - VARIOUS MOTIONS

    The Court is in receipt of several motions and/or *ex parte* applications recently filed by defendant, Ronald Gerard Boyajian. First, defendant has filed two motions challenging his conviction at trial, his underlying indictment, or the conduct of the prosecution at or before trial. Specifically, defendant has filed a motion entitled "Motion to Dismiss the Prosecution With Prejudice on Due Process Grounds for Prosecutorial Misconduct," challenging the admissibility of the identification testimony offered at trial by victim-witness S.L. Dkt. 1489. And defendant has filed a motion entitled "Motion for Reconsideration of Order Denying Dismissal of Counts 1, 3 on Grounds of Rule of Speciality and Dual Criminality," requesting reconsideration of an order the Court entered on February 3, 2015 denying a motion to dismiss the indictment on grounds of speciality and dual criminality. Dkt. 1481. Nonetheless, per the Court's scheduling order, Dkt. 1459, the deadline to file post-trial motions, such as these, was May 20, 2016 and defendant did not file these motions until July—nearly two months later. Accordingly, the Court DENIES these motions as untimely.

    Next, defendant has filed three motions requesting that the Court authorize funds pursuant to the Criminal Justice Act ("CJA"). Dkt. 1485, 1490, 1496. Nonetheless, the deadline to file post-trial motions has now passed and the Court has already ruled on defendant's timely filed post-trial motions. Accordingly, the Court finds that there is no need for additional CJA funds at this time. To the extent defendant seeks additional CJA funds for his appeal, he may direct those requests to the CJA commissioner for the Ninth Circuit. Accordingly, the Court DENIES these motions as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Defendant has also filed a motion entitled "Motion for Reconsideration of Order Denying Constitutional and Statutory Rights to Randomly Drawn and Fair Composition of Grand Jury and Petit Juries." Dkt. 1477. In this motion, defendant seeks reconsideration of one of the Court's recent orders denying defendant's challenge to the composition of the grand and petit juries in his case as untimely. In that order, the Court explained that on numerous occasions throughout this action defendant had indicated that he wished to bring a jury composition challenge. Nonetheless, defendant failed to bring this motion either before trial or within the deadline set by the Court to file post-trial motions. Accordingly, the Court denied defendant's jury composition challenge as untimely. In the instant motion, defendant contends that the Court "entered into a compact" with him to permit a jury composition challenge to proceed after trial. Dkt. 1477, at 3. Defendant is mistaken. Rather, as the Court explained in its prior order, before trial defendant indicated that, in other cases, courts in the Central District of California had heard jury composition challenges after trial. Accordingly, the Court indicated that, if defendant desired, he also could bring a jury composition challenge as one of his post-trial motions. However, despite several continuances of the deadline to file post-trial motions, defendant failed to file a timely jury composition challenge. Therefore, the Court finds no basis to reconsider its prior ruling denying defendant's jury composition challenge as untimely and DENIES this motion.

Finally, defendant has filed a motion entitled "Request for Clarification Re Court's February 2016 Order to State Department Re Trial Witnesses." Dkt. 1478. In this motion, defendant asks that the Court "publish in the public docket for the record of this case the Order the Court entered for issuance to the State Department." Id. at 3. It appears that defendant believes that, at some point in this case, the Court issued an order instructing the State Department to issue visas to two defense witnesses, Ouk Vira and Tin Sotheamony. However, at no point in this case has the Court issued an order instructing the State Department to issue visas for witnesses in this case. Rather, as the Court has explained to defendant on numerous occasions, this Court has no control over how and under what circumstances the State Department determines to issue visas to persons who wish to travel to the United States. Defendant also cites a portion of a transcript in which he contends the Court stated that it would issue an order to the State Department. However, defendant misreads the Court's statements. At most the Court stated that it was prepared to authorize funds for defendant's witnesses to travel to the United States. Tr. of Hearing 2/17/16 PM at 107:16-17 ("The Court: I'm prepared to enter an order indicating that we will authorize funds to bring [the witnesses] here."). And, even in the portion of the transcript cited by defendant, the Court expressly stated that it had no authority to tell the State Department to issue visas to witnesses in this case. See Id. 108:6-7 (The Court: . . . I cannot tell the Department of State who to admit and who not to admit."). Accordingly, because the "Order" defendant is requesting the Court publish on the docket simply does not exist, the Court DENIES defendant's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

**'O'**

    In sum, for the reasons stated herein, the Court **DENIES** the following of defendant's motions and *ex parte* applications: Dkt. 1477, 1478, 1481, 1485, 1489, 1490, 1496.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |