UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR 09-933(A)-CAS | | Date | July 28, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | | X |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION FOR ACQUITTAL UNDER FRCP RULE 9 AND MOTION FOR ARREST OF JUDGMENT FOR LACK OF JURISDICTION UNDER FRCP 34 (Dkt. 1504, filed July 26, 2016)

DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION FOR ACQUITTAL UNDER FRCP 33 (Dkt. 1505, filed July 26, 2016)

On May 9, 2016, defendant filed a motion for a judgment of acquittal, Dkt. 1416, and on May 10, 2016, defendant file a motion for a new trial, Dkt. 1417. On July 11, 2016, the Court denied both of these motions. Dkt. 1488. On July 26, 2016, defendant filed motions for reconsideration of the Court's order denying his motions for acquittal and for a new trial. Dkt. 1504, 1505.[1]

In his motions for reconsideration, defendant identifies two pieces of "new evidence" which he contends warrant reconsideration of the Court's prior orders. First, defendant states that he has identified a warrant for his arrest issued by the Menlo Park Police Department in 2009 for failing to provide notification that he had changed his address, as required by the terms

---

[1] In the Court's order denying defendant's motions, it stated that, "to the extent defendant believes there is a valid basis for a motion for reconsideration," he could file such a motion by July 26, 2016. Dkt. 1488, at 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

of his sex offender registration. Defendant also attaches an exhibit which appears to be a warrant for his arrest for violations of California Penal Code §§ 290.012, 290.013—the sections of the California Penal Code which require convicted sex offenders to provide notice to local authorities whenever they change their address. Dkt. 1504, Ex. 1. In his motion for a new trial, defendant contended that the Government failed to produce this arrest warrant before trial and requested a new trial on the grounds that, had the Government made this arrest warrant available to defendant, he could have relied on it to demonstrate that he was not a resident of California when he committed the offenses charged in this case. The Court rejected this argument. First, the Court noted that defendant had submitted no evidence that the Menlo Park Police Department had actually issued a warrant for his arrest. In light of the exhibit attached to defendant's motion for reconsideration, defendant has now arguably submitted evidence that the Menlo Park Police Department did, in fact, issue a warrant for his arrest. Nonetheless, in the Court's prior order it also stated that:

> *[E]ven if the Menlo Park Police Department had issued arrest warrants for defendant for failing to notify them that he had moved, that would not warrant a new trial.* At trial, the Government was required to prove that defendant was required by California law to register as a sex offender when he traveled in foreign commerce. *Even if a warrant had issued, it would merely demonstrate that at some point in time defendant failed to comply with one aspect of his registration requirements.* Moreover, the Government submitted evidence at trial that defendant was required to register as a sex offender and, in fact, did so in Menlo Park in September 2008, prior to traveling in foreign commerce.

Dkt. 1488, at 6 (emphasis added). This reasoning is still applicable notwithstanding defendant's new exhibit.

Second, defendant presents the declaration of his DNA expert, Marc Taylor. Dkt. 1505, Ex. 1, Taylor Decl. Defendant contends that this declaration "verif[ies] the provenance of the specimens tested at Bode Labs as proven with certitude to be taken from SL." Id. at 2. In his declaration, Taylor states that he has been able to obtain a DNA sample from S.L.'s mother and that he has been able to compare that sample with the DNA swabs delivered to Bode Laboratories. Taylor contends that the swabs purportedly collected from S.L.'s mother were a "perfect match for maternity with the major female contributor to DNA in the reference sample tested by Bode in 2009." Dkt. 1505, Ex. 1, Taylor Decl. ¶ 8. However, even assuming that Taylor was able to obtain a DNA sample from S.L.'s mother, and that he was able to compare that sample to the DNA swabs collected by Bode Laboratories, Taylor's declaration still fails to address the fact that, during trial, defendant failed to establish a proper chain of custody for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

DNA swabs allegedly obtained from S.L. in Cambodia. And, even more to the point, as the Court has explained in numerous prior orders, even if defendant could establish that the relevant DNA swabs originated from S.L., the DNA evidence in this case was of "exceedingly limited relevance." Dkt. 1421, at 3. Specifically, as the Court explained in a recent order:

> [A] total of three swabs purportedly collected from S.L. were submitted to Bode Laboratories for testing. These swabs were delivered in a box marked, "oral," "genital/penile," and "breast." However, Bode Laboratories was only able to test one of the swabs. And, while it was conclusively established that this swab did not contain defendant's DNA, it is impossible to determine whether this swab was collected from S.L.'s genital area, as opposed to her mouth or breast . . . [M]ore significantly, the Government was not required to establish at trial that defendant engaged in sexual conduct with S.L. during a particular time period. Given the fact that DNA material may only remain on a person's body for as little as a few days, the most the DNA evidence could establish is that defendant did not engage in sexual conduct with S.L. during the period immediately preceding his arrest. This would not preclude the Government from establishing that defendant engaged in sexual conduct with S.L. during an earlier time period.

Id. When taken together, the limited relevance of the DNA evidence coupled with the issues regarding chain of custody, support the Court's determination that this evidence was properly excluded pursuant to Federal Rule of Evidence 403. Accordingly, the Court finds that the "new evidence" presented by defendant does not warrant reconsideration of any of the Court's prior orders.

Finally, in both of defendants motions for reconsideration he appends lengthy "replies" in support of his original motions for acquittal and for a new trial. These documents combined span roughly one hundred pages of single spaced text purportedly setting forth a basis on which the Court should either vacate defendant's convictions or grant him a new trial. The Court has done its best to decipher what defendant is attempting to assert in these replies; however, it appears that many of the arguments raised by defendant are duplicative of issues the Court has already addressed in prior hearings and orders. And, to the extent defendant has raised any new issues in these replies, the Court finds that they do not provide a valid basis for reconsideration of the Court's prior orders as defendant has failed to adequately explain why he could not, through the exercise of reasonable diligence, have included these arguments in his original briefing. See also C.D. Cal. L.R. 7-18 ("A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that *in the exercise of reasonable diligence could*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

*not have been known to the party moving for reconsideration at the time of such decision . . .*") (emphasis added).

Accordingly, the Court finds no basis to reconsider its denial of defendant's motions for acquittal and for a new trial. Defendant's motions for reconsideration are, therefore, **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |