UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR09-933(A)-CAS | Date | August 25, 2016 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | David Herzog, Not Present<br>Vanessa Baehr-Jones, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ronald Gerard Boyajian, Pro Se | Not | X | | George Buehler, Standby Counsel | Not | | X |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S EX PARTE APPLICATION FOR ORDER PERMITTING THE SETTING THE CRIMINAL DEPOSITION OF HILLARY RODHAM CLINTON (Filed August 8, 2016, Dkt. 1518)

DEFENDANT'S MOTION TO REOPEN SENTENCING, OR IN THE ALTERNATIVE TO CORRECT SENTENCE PURSUANT TO RULE 35; MOTION TO STRIKE; REQUEST FOR RESTITUTION HEARING (Filed August 15, 2016, Dkt. 1523)

DEFENDANT'S REQUEST FOR EXPEDITED ENTRY OF ORDER GRANTING HEARING ON RESTITUTION (Filed August 22, 2016, Dkt. 1527)

DEFENDANT'S REQUEST TO EXPEDITE REQUEST FOR EXPEDITED ENTRY OF FINDINGS ON DOCKET REGARDING THE TIME FOR FILING THE NOTICE OF APPEAL (Filed August 24, 2016, Dkt. 1529)

On August 1, 2016, the Court held a sentencing hearing and sentenced defendant to a term of 70 years in prison. Dkt. 1521. However, the Court's judgment did not become effective until a ruling on defendant's then-existing motion to recuse. Id. On August 11, 2016, the defendant filed a motion seeking a criminal deposition of Hillary Rodham Clinton. Dkt. 1518. On August 15, 2016, the judgment and sentence of this Court was filed and became effective. Dkt. 1525. That same day, August 15, 2016, defendant filed a motion to reopen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

sentencing. Dkt. 1523. Defendant subsequently filed two motions seeking to expedite his motion to reopen sentencing. Dkt. 1527 (filed August 22, 2016) and Dkt. 1529 (filed August 24, 2016).

Having reviewed and considered the defendant's arguments, defendant's pending motions are **DENIED**.

### I. Defendant's Notice of Appeal

The judgment and commitment order became final on August 15, 2016. Dkt. 1525. Defendant asks this Court for a 30-day extension of time to file a notice of appeal. Defendant's request for an extension is **DENIED**.

### II. Defendant's Motion for Criminal Deposition of Hillary Clinton

Citing Federal Rule of Criminal Procedure 17, defendant asks this Court to order discovery of Hillary Rodham Clinton's records and to conduct a criminal deposition of Hillary Clinton. Defendant argues that such discovery is necessary for him to "prepare an adequate defense in *post-trial* motions." Mot. for Deposition at 4. The gravamen of defendant's argument is that Clinton would offer evidence precluding him from being charged with counts one and three of the superceding indictment.

The defendant has previously attempted to depose Hillary Clinton on a similar basis. On April 6, 2015, defendant filed a Motion for an Evidentiary Hearing regarding his prior motion to dismiss Counts One and Three. Dkt. 900. Therein, defendant argued that Hillary Clinton would testify as to an extradition agreement that precluded the Government from proceeding on counts one and three of the indictment. Id. The Court rejected defendant's arguments, concluding there is no evidence to support defendant's contentions. Dkt. 940. Defendant's attempts to have the Court reconsider those arguments are without merit and the Court again rejects them. See Local Rule 7-18.

As defendant notes, the purpose of discovery is preparation for trial. A jury has already heard the defendant's defenses and unanimously reached a verdict of conviction. Accordingly, defendant's motion for discovery related to Hillary Rodham Clinton is **DENIED**.

### III. Defendant's Motion to Reopen Sentencing and Hold a Restitution Hearing

Defendant argues that the Court's sentencing hearing was held without his having been allowed to review his Pre-Sentence Report ("PSR"). Federal Rule of Criminal Procedure 32(f)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

contemplates a pro se defendant being permitted to review their PSR in order to state any objections to material therein. However, defendant *was* permitted to review his PSR and chose not to do so. Defendant has raise these arguments before and the Court has rejected them. Dkt. 1508.

The Government has submitted emails from both the USPO and the Metropolitan Detention Center ("MDC") confirming that defendant has had access to his PSR since May 2016. Specifically, the USPO confirmed that it mailed a copy of defendant's original and revised PSRs to him on May 9, 2016 and July 9, 2016, respectively. See Dkt. 1506, Ex. A. MDC confirmed that it received these copies of defendant's PSRs. Id. Ex. B. In addition, once defendant's PSRs arrived at MDC, MDC staff notified defendant that, for his own security as a sex offender, he would not be permitted to keep the PSR in his cell, but that upon request he could view his PSR at any time. Id. MDC staff also asked defendant if he wanted the PSR mailed anywhere else; defendant apparently provided MDC with an address and MDC mailed the PSR to this address. Id.

Defendant admitted during the sentencing hearing that he simply had not gone to review his PSR:

> [I]f you're saying some possible accommodation that I could have gone to their office . . . and sat there on a chair somehow made notes from it, I guess that's possible. . . . *I'm not saying they would have declined to do that. I'm sure that I would have been allowed to do that* not really operating in lawyerly fashion I'm assuming these things are quite detailed can't walk in there and just sit around all the staff are watching. . . .
> Hearing Transcript (emphasis added).

Having determined that defendant was permitted access to his PSR but declined to review it, the Court finds no merit in defendant's argument to reopen sentencing on that basis.

Next, the defendant argues he was denied sufficient time to prepare for argument regarding restitution and was never provided a basis for the restitution calculation. On June 3, 2016, the Court set defendant's sentencing hearing for July 25, 2016. Dkt. 1459. The Court later continued the hearing to August 1, 2016. Dkt. 1491. On July 20, 2016, defendant filed a motion to continue his sentencing hearing because he had not received his PSR. Dkt. 1498. The Court denied that motion because, as outlined above, defendant had been permitted access to his PSR and had chosen not to review it. Dkt. 1508. On July 11, 2016, the Government filed a brief setting forth the basis for the restitution calculation, Dkt. 1487 (entitled "Government's Restitution and Victim/Witness Impact Submission"), and the exhibits (under seal) supporting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

its restitution calculation, Dkt. 1495. These documents were served upon defendant on July 11, 2016. Id. At the hearing, the Court ordered $50,000 in restitution to be paid to defendant's victims based upon a detailed restitution calculation and victim impact statements submitted by the Government. Dkt. 1521. The defendant cites no authority for his apparent contention that nearly three weeks was insufficient time to review and challenge the calculation of restitution. Accordingly, the Court concludes that the defendant was provided a basis for the restitution calculation and sufficient time to prepare for his sentencing hearing.

Defendant's motion to reopen sentencing and for a further hearing on restitution is **DENIED**.

**IV. Conclusion.**

Accordingly, the Court finds no basis upon which to reopen or correct defendant's sentence, permit discovery related to Hillary Clinton, or extend defendant's time to file a Notice of Appeal. Defendant's motion for further discovery is **DENIED**. Defendant's motion to reopen or correct his sentence is **DENIED**.[1] Defendant's motions for expedited entry of an order reopening sentencing are **DENIED AS MOOT**. Furthermore, the defendant's request for an extension of time to file notice of appeal is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

[1] The defendant also attempts to challenge the underlying calculation of his restitution and sentence. To the extent he has preserved any of these objections, defendant may decide to appeal the Court's sentencing calculations. The Court finds the objections raised in his pending motions untimely and does not reach them.