UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

| Case No. | 2:09-cr-00933-CAS-1 | Date | May 24, 2022 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Chief of the Criminal Division - Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter | Assistant U.S. Attorney |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN | NOT | X | | | | | |

**Proceedings:**  (IN CHAMBERS)

DEFENDANT'S EX PARTE MOTION FOR SELF-DISQUALIFICATION AS A MATTER OF LAW (Dkt. 1703, filed April 11, 2022)

DEFENDANT'S EX PARTE MOTION FOR EXPEDITED ENTRY OF RULING ON SELF-DISQUALIFICATION (Dkt. 1705, filed May 15, 2022)

DEFENDANT'S PRO SE EX PARTE MOTION FOR STAY OF ALL COLLECTION OF RESTITUTION PENDING DISPOSITION OF APPEAL (Dkt. 1706, filed May 18, 2022)

    The Court is in receipt of defendant Ronald G. Boyajian's "Ex Parte Motion for Self-Disqualification of District Judge Christina A. Snyder as a Matter of Law" (Dkt. 1703 ("Disq. Mot.")), defendant's "Ex Parte Motion for Expedited Entry of Ruling on Self-Disqualification of District Judge Christina A. Snyder as a Matter of Law" (Dkt. 1705 ("Exp. Mot.")), and defendant's "Pro Se Ex Parte Motion for Stay of All Collection of Restitution Pending Disposition of Appeal" (Dkt. 1706 ("Stay Mot.")).  The Court finds defendant's motions are appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.

    The basis for defendant's motion for "self-disqualification" is that the Ninth Circuit bans "partial recusals." Disq. Mot. at 1-2.  According to defendant, the Court "is obligated to withdraw from any further involvement in this case" as a result of the Court's decision to decline ancillary jurisdiction over defendant's fee dispute with his former attorneys. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL** 'O'

Moreover, defendant states that Dkts. 1693, 1696, 1698, 1701—the orders wherein the Court declined to exercise ancillary jurisdiction over defendant's fee dispute with his former attorneys—must be vacated. Id.

The Court finds that defendant's motion for self-disqualification is without merit. The purported basis for defendant's motion, 28 U.S.C. § 455, requires disqualification where there is an appearance of impartiality, but there is no reason that this Court's decision to decline ancillary jurisdiction over defendant's fee dispute with his former attorneys would suggest that the Court is not impartial. See United States v. Winston, 613 F.2d 221, 222 (9th Cir. 1980) ("[T]he trial judge is required to recuse himself only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."). Additionally, while "recusal must be from a whole proceeding," United States v. Feldman, 983 F.2d 144, 145 (9th Cir. 1992), the Court's decision to decline ancillary jurisdiction over defendant's fee dispute with his former attorneys is not a recusal pursuant to 28 U.S.C. § 455, and there remains no basis for recusal here.

Defendant also moves for a stay of all collection of restitution pending his appeal. See Stay Mot. Federal Rule of Criminal Procedure 38(e)(1) states that "if the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556." Fed. R. Crim. P. 38(e)(1). Accordingly, "[u]nder Rule 38(e)(1), the Court has the discretion to stay restitution pending appeal, and to set whatever terms the Court considers appropriate during the pendency of the stay." United States v. Alvarez, No. 14-cr-1748-GPC, 2015 WL 13187313, at *2 (S.D. Cal. Apr. 10, 2015). Here, the Court's August 15, 2016 judgment and commitment order imposed "restitution in the total amount of $50,000.00, pursuant to 18 U.S.C. § 3663A." Dkt. 1522.

Defendant argues that "invoking Rule 38(e)(1) while on appeal where his claim on appeal necessarily implicates nullification of the restitution order is sufficient grounds for the Court to grant relief in the form of a stay of its restitution order." Id. at 7. The Court disagrees. Although defendant is appealing the Court's restitution order, "a pending appeal by itself does not stay enforcement of a restitution judgment." United States v. Maillet, No. 1:14-cr-00004-MR-WCM, 2021 WL 4976711, at *2 (W.D.N.C. Oct. 26, 2021). Additionally, defendant "has offered no compelling reason for this Court to impose a stay." Beardslee v. United States, No. C-01-0397-DLJ, 2008 WL 4334711, at *3 (N.D. Cal. Sept. 19, 2008). In sum, the Court finds that imposing a stay in this case is inappropriate at this time.

In accordance with the foregoing, the Court **DENIES** defendant's "Ex Parte Motion for Self-Disqualification of District Judge Christina A. Snyder as a Matter of Law," **DENIES AS MOOT** defendant's "Ex Parte Motion for Expedited Entry of Ruling on Self-Disqualification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**         'O'

of District Judge Christina A. Snyder as a Matter of Law," and **DENIES** defendant's "Pro Se Ex Parte Motion for Stay of All Collection of Restitution Pending Disposition of Appeal."

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |