UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                'O'

| Case No. | 2:09-cr-00933-CAS-1 | | Date | April 4, 2024 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | David Friedman, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Atty for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD BOYAJIAN | NOT | X | | PRO SE | | | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO VACATE FEBRUARY 1, 2024 ORDER (Dkt. 1753, filed on March 8, 2024)

## I.     INTRODUCTION

Presently before the Court is defendant Ronald Gerard Boyajian's motion to vacate the Court's February 1, 2024 Order.

The facts and history of this case are well known to the parties. In March 2016, a jury convicted defendant of multiple sex offenses. Dkt. 1332. In February and March of 2019, he filed six motions for a new trial based on allegedly newly discovered evidence. Dkts. 1664, 1666, 1667, 1668, 1669, 1670. The Ninth Circuit affirmed defendant's conviction and issued its mandate on October 20, 2023. Dkt. 1744.

On February 1, 2024, the Court denied each of defendant's six motions for a new trial. Dkt. 1748.

On February 8, 2024, defendant filed an *ex parte* application requesting the Court suspend proceedings relating to his six motions for a new trial. Dkt. 1749. On February 23, 2024, the Court denied defendant's motion as moot. Dkt. 1752.

On March 8, 2024, defendant filed the instant motion to vacate the Court's February 1, 2024 Order denying defendant's six motions for a new trial. Dkt. 1753 ("Mot."). On March 13, 2024, the government filed an opposition. Dkt. 1754 ("Opp."). On March 15, 2024, defendant filed a notice of appeal regarding the February 1, 2024 Order. Dkt. 1755. On March 25, 2024, defendant filed a reply in support of his motion to vacate. Dkt. 1757 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**        'O'

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. DISCUSSION

Defendant asks that the Court "vacate its February 1, 2024 order, and set a briefing schedule allowing defendant reasonable opportunity to participate" or, alternatively "extend by 30 days the time within which to file a notice of appeal." Mot. at 1-2. In his reply brief, defendant also "moves for transfer of proceedings to the Southern District of Indiana, Terre Haute." Reply at 1.

### A. Right to Counsel

Defendant argues that the Court prematurely denied defendant's motions for new trial "without first attending to [d]efendant's asserted (and herein reasserted) right to counsel through professional representation." Mot. at 5. He argues that he had previously raised his "need[] and desire[] [for] retained counsel of choice to litigate [] several motions for new trial" in filings from 2021 and 2022. Id. (citing Dkt. 1689). Those filings pertain to an attorney fee dispute between defendant and his former attorneys. See e.g., Dkt. 1689. The Court ultimately "decline[d] to exercise its ancillary jurisdiction over defendant's fee dispute with his former attorneys." Dkt. 1693. Defendant characterizes this decision as a "blanket disregard of [d]efendant's requests for assistance of counsel under his Sixth Amendment right to counsel for the purpose of these Rule 33 proceedings."[1] Mot. at 6.

Defendant also argues that the Court was "procedurally obligated . . . to advise [d]efendant that he is entitled to appointment of counsel [after] conducting [an] inquiry [as to] whether counsel is being requested or affirmatively waived, as mandated by § 3006(A)(b)." Id.

In opposition, the government notes that the Court has "repeatedly informed defendant that it will not exercise jurisdiction over [the fee dispute with defendant's former attorneys], and the Ninth Circuit affirmed that decision." Opp. at 2 (citing United States v. Boyajian, No. 16-50327, 2023 WL 3915966, at *2 (9th Cir. June 9, 2023)). It also argues that, "[u]nder § 3006A(a)(2), a district court may appoint counsel to litigate certain types of post-conviction motions when 'the interests of justice so require,' but a Rule 33(b)(1) motion is not one of them." Id. Additionally, "defendant has waived his right to counsel, and insisted on proceeding *pro se*, in both this Court and in the Ninth Circuit." Id.

---

[1] In the instant motion, defendant notes that he "objects to proceeding pro se, and does so involuntarily. He renews and reasserts his right to counsel[.]" Mot. at 1. However, the Court finds that defendant waived his right to counsel by failing to assert it at the time he filed his motions for new trial, as explained below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**        'O'

    In reply, defendant argues that the Court "must appoint counsel[] if it does not disgorge the . . . unearned portions of the . . . [contested] retainer fee so that qualified retained private counsel can appear on behalf of [d]efendant[.]" Reply at 3 (citing Menefield v. Borg, 881 F.2d 696, 698-99 (9th Cir. 1989)). He contends that a "defendant who proceed[s] to trial *pro se* [i]s entitled to appointed counsel in connection with his new trial motion" because "new trial motions are a critical stage of [] criminal proceedings." Id. at 3-4. He asserts that "a pretrial waiver of right to counsel is no bar to post-trial invocation of [a defendant's] right to counsel on a new trial motion." Id. He additionally claims that § 3006A(1) "mandates the district court *shall* appoint counsel" "in this stage of [d]efendant's felony criminal proceedings." Id. at 6. Finally, defendant claims that he has not executed a Faretta waiver of the right to counsel with respect to the new trial proceedings or before the Ninth Circuit on appeal. Id. at 8-9.

    The Court finds that its February 1, 2024 Order should not be vacated for failure to resolve defendant's alleged request for counsel. In Menefield, the Ninth Circuit held that, "in the absence of extraordinary circumstances, an accused *who requests an attorney at the time of a motion for a new trial* is entitled to have one appointed, unless the government can show that the request is made for a bad faith purpose." 881 F.2d at 701. Defendant now claims he was denied his right to counsel in connection with his motions for a new trial because the Court declined to resolve the fee dispute between him and his former attorneys.

    As a threshold matter, the Ninth Circuit has already held that this Court "did not abuse its discretion in declining to exercise ancillary jurisdiction over the fee dispute." Boyajian, 2023 WL 3915966, at *2. Additionally, it does not appear that defendant "request[ed] an attorney at the time [he filed his] motion[s] for a new trial."[2] See Menefield, 881 F.2d at 701. While defendant claims that he requested assistance of counsel in his briefing regarding the fee dispute, such briefing cannot be construed as a request for counsel. For one thing, defendant does not actually request *court-appointed counsel* in any of the cited briefing; rather, defendant requested that the Court adjudicate the fee dispute such that defendant could use the funds to "retain[] counsel of choice to litigate [] several motions for new trial."[3] Dkt. 1689. Moreover, the timing of the fee dispute briefing belies defendant's claim. Defendant argues that he requested counsel in motions that were filed in October 2021, November 2021, and January 2022, but his motions for a new trial were filed in March of 2019. See Dkts. 1664, 1666, 1667,

---

[2] The Ninth Circuit has confirmed that defendant "knowingly and voluntarily waived his Sixth Amendment right to counsel" at trial. Boyajian, 2023 WL 3915966, at *2.

[3] To the extend defendant requested assistance of counsel in other post-verdict briefing, he never sought assistance of counsel in connection with his motions for a new trial. Rather, in one instance, defendant moved for appointment of counsel "for the limited scope of litigating all aspects of these ancillary proceedings [regarding the fee dispute] inclusive of the instant motions for reconsideration and for judicial disclosure." Dkt. 1697 at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**   'O'

1668, 1669, 1670, 1689, 1697, 1699. Finally, even if defendant had requested assistance of counsel at the time he filed his motions for a new trial (he did not), the Court finds that the defendant has a history of making various legal claims without merit. Accordingly, any request for counsel would have been made for a bad faith purpose such that the request should be denied.

The Court also finds that it satisfied its obligations under 18 U.S.C. § 3006A regarding advisement of defendant about his right to counsel. Section 3006A(b) provides:

> In every case in which a person entitled to representation under a plan approved under subsection (a) appears without counsel, the United States magistrate judge or the court shall advise the person that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him.

18 U.S.C. § 3006A(b).

Here, defendant was advised of his right to counsel before and at trial pursuant to § 3006A. See e.g., Dkt. 731. The Court found, and the Ninth Circuit affirmed, that defendant "knowingly and voluntarily waived his Sixth Amendment right to counsel" at trial. Boyajian, 2023 WL 3915966, at *2. As discussed above, at no point between the end of trial and the filing of defendant's motions for a new trial did defendant request assistance of counsel. Accordingly, the Court **DENIES** defendant's request that the February 1, 2024, Order be vacated for either failure to resolve defendant's alleged request for counsel or failure to advise defendant of his right to counsel pursuant to § 3006A.

### B.   Alleged Failure to Serve

Defendant also asks that the February 1, 2024, Order be vacated or that the deadline for appeal be extended because "[t]he Court did not serve [d]efendant its February 1 order." Mot. at 2. On March 15, 2024, defendant appealed the February 1, 2024 Order to the Ninth Circuit out of "an abundance of caution." Dkt. 1755 at 19.

In opposition, the government argues that defendant had notice and reasonable opportunity to be heard, as he was "permitted to file six lengthy motions for a new trial . . . that collectively spanned around 100 pages." Opp. at 1. It contends that defendant "had *four years* to apprise the Court of any pertinent factual and legal developments or discovery issues" that may have arisen. Id. (emphasis in original). It also asserts that defendant "cho[se] to file a baseless motion to 'suspend proceedings' . . . rather than file a reply." Id. The government

does not oppose defendant's request that the Court extend the deadline for defendant to file a notice of appeal.  Id.

The Federal Rules of Appellate Procedure provide that, in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. Pro. 4(b)(1)(A).  Additionally, "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Id. at 4(b)(4).  Here, defendant claims that he was not served with the February 1, 2024, Order.  While the docket reflects that the order was delivered by First Class U.S. Mail to defendant's address in Terre Haute, Indiana, the Court finds that defendant has shown good cause and **GRANTS** defendant's request that the deadline for appeal be extended by 30 days.  Accordingly, defendant was obligated to file his appeal by March 16, 2024, 44 days after February 1, 2024.  Defendant filed his notice of appeal on March 15, 2024, and has thus met the newly extended deadline.  See Dkt. 1754.  The Court orders the clerk to mail an additional copy of the February 1, 2024 Order (Dkt. 1748) to defendant's address.

### C.    Request for Transfer

In his reply brief, defendant argues that this case should be transferred to the District Court of the Southern District of Indiana.  He contends that transfer is warranted because "several jurists currently on the bench of this district were previously prosecutors who worked on and or supervised [d]efendant's prosecution." Reply at 10.  He also asserts that the case should be transferred for the convenience of the parties and in the interests of justice because he "is in custody thousands of miles from the Court and cannot meaningfully and effectively participate in the proceedings." Id. at 12.

The Court finds that transfer is not warranted in this case.  Defendant cites Federal Rule of Criminal Procedure 21(b) which governs transfers for trial.  Here, trial has long been completed.  The Court does not find any other grounds justifying transfer of these proceedings.  Accordingly, the Court **DENIES** defendant's request for transfer.

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                                              'O'

## III.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part and DENIES in part** defendant's motion.  The Court **GRANTS** defendant's request that the deadline for appeal be extended by 30 days.  The Court orders the clerk to mail an additional copy of the February 1, 2024 Order (Dkt. 1748) to defendant's address.  The Court **DENIES** defendant's request to vacate the February 1, 2024 Order and **DENIES** defendant's request for transfer.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

**cc:   Ronald Gerard Boyajian, Pro Se**
**REG NO 33900-112**
**USP TERRE HAUTE**
**Inmate Mail**
**P.O. BOX 33**
**TERRE HAUTE, IN 47808**