UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL   'O'

| Case No. | 2:09-cr-00933-CAS | Date | September 26, 2024 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Chief of the Criminal Division Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape No. | Assistant U.S. Attorney |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorney for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERARD BOYAJIAN (PRO SE) | NOT | X | | | | | |

**Proceedings:** **(IN CHAMBERS)** - DEFENDANT RONALD BOYAJIAN'S PRO SE SECOND REQUEST TO EXTEND TIME TO RESPOND TO GOVERNMENT OPPOSITION [1771] (Filed 7/26/2024)

DEFENDANT RONALD BOYAJIAN'S PRO SE MOTION FOR RECONSIDERATION OF THE COURT'S JULY 25 ORDER 1770 DENYING LEAVE TO PREPARE AND SUBMIT BRIEF IN REPLY TO GOVERNMENT OPPOSITION AND DENYING RECONSIDERATION AND CORRECTION OF THE MAY 29 ORDER [1765] [1773] (Filed 8/13/2024)

REQUEST TO SET A BRIEFING SCHEDULED ON THE ISSUE OF TOLLING AEDPA 1-YEAR LIMITATION IN WHICH TO FILE SECTION 2255 MOTION FOR HABEAS CORPUS RELIEF [1779] (Filed 9/16/2024)

REQUEST for Order to Set a Briefing Schedule on the Issue of Reconsideration of the Court's July 25 Order [1780] (Filed 9/17/2024)

## I.   INTRODUCTION AND BACKGROUND

Presently before the Court are defendant Ronald Gerard Boyajian's motion for reconsideration of the Court's July 25, 2024 Order denying reconsideration and correction of the Court's May 29, 2024 Order and denying leave to prepare and submit a reply to the Government's opposition, dkt. 1773 ("Mot. for Recon."), motion for tolling of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year limitation in which to file §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                              'O'

2255 motion for habeas corpus relief, dkt. 1775 ("Mot. for Tolling"), request to set a briefing schedule on the issue of tolling, dkt. 1779 ("Req. for Tolling Briefing"), and request to set briefing on the issue of reconsideration of the Court's July 25, 2024 Order ("Req. for Recon. Briefing").

The facts and history of this case are well known to the parties. In March 2016, a jury convicted defendant of multiple sex offenses. Dkt. 1332. In February and March of 2019, he filed six motions for a new trial based on allegedly newly discovered evidence. Dkts. 1664, 1666, 1667, 1668, 1669, 1670. The Ninth Circuit affirmed defendant's conviction and issued its mandate on October 20, 2023. Dkt. 1744.

On February 1, 2024, the Court denied each of defendant's six motions for a new trial. Dkt. 1748.

On February 8, 2024, defendant filed an *ex parte* application requesting the Court suspend proceedings relating to his six motions for a new trial. Dkt. 1749. On February 23, 2024, the Court denied defendant's motion as moot. Dkt. 1752.

On March 8, 2024, defendant filed a motion to vacate the Court's February 1, 2024 Order denying defendant's six motions for a new trial and also to extend the deadline to appeal the order by thirty days. Dkt. 1753.

On March 15, 2024, defendant filed a notice of appeal regarding the February 1, 2024 Order. Dkt. 1755.

On April 4, 2024, the Court denied defendant's motion to vacate and granted defendant's request to extend the deadline to appeal until March 16, 2024. Dkt. 1758. Accordingly, the Court deemed defendant's March 15, 2024, notice of appeal to be timely. Id. at 5.

On April 22, 2024, defendant filed a notice of reconsideration. Dkt. 1759. On April 24, 2024, the Court construed defendant's filing as a request to file a motion for reconsideration and granted the request. Dkt. 1760. The Court ordered defendant to file his motion for reconsideration by May 15, 2024. Id.

On May 17, 2024, defendant filed three motions for an evidentiary hearing, for a case management conference, and for recusal, respectively. Dkts. 1761, 1762, 1763. On May 29, 2024, the Court issued an order finding that it "lacks jurisdiction over the[se] motions" because "[t]he filing of a notice of appeal 'divests the district court of its control over the aspects of the case involved in the appeal.'" Dkt. 1765 at 2 (quoting United States v. Vroman, 997 F.2d 627, 627 (9th Cir. 1993)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

On June 14, 2024, and June 24, 2024, defendant filed two copies of a motion for reconsideration of the Court's May 29, 2024 Order. Dkts. 1766, 1767. On July 25, 2024, the Court issued an Order denying defendant's motion for reconsideration and his motion for an extension of time to file a reply to the government's opposition of that motion. Dkt. 1770.

On August 13, 2024, defendant filed the instant motion for reconsideration of the Court's July 25, 2024 Order denying leave to submit a reply brief to the government's opposition and reconsideration and correction of the May 29, 2024 Order. Mot. for Recon. On September 4, 2024, defendant filed the instant motion for tolling of the AEDPA one-year statute of limitation in which to file a § 2255 motion for habeas corpus relief. Mot. for Tolling. On September 11, 2024, the government filed its opposition to defendant's motion for tolling. Dkt. 1777 ("Opp. to Tolling"). On September 13, 2024, the government filed its opposition to defendant's renewed motion for reconsideration. Dkt. 1778 ("Opp. to Reconsid."). On September 16, 2024, defendant filed his request to set a briefing schedule on the issue of tolling. Req. for Tolling Briefing. On September 17, 2024, defendant filed a request for an order setting a briefing schedule on the issue of reconsideration. Req. for Recon. Briefing.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     DISCUSSION

### A.     Motion for Reconsideration

Defendant argues first that the Court overlooks binding precedent that gives the Court jurisdiction over aspects of the case other than those on appeal, that is the Court maintains jurisdiction as to all aspects of the case besides the merits of defendant's Rule 33(b)(1) new trial motions. Mot. for Recon. at 6. Defendant argues that the Supreme Court has said that district courts can decide aspects of cases that would aid in an appeal and do not change the status quo in the Court of Appeals. Id. citing Newton v. Consolidated Gas Co. of N.Y., 258 U.S. 165, 177-78. Therefore, defendant argues, the Court is "empowered to entertain and fully resolve [d]efendant's Sixth Amendment assistance of counsel and Fifth Amendment procedural due process and substantive due process concerns." Id. at 7.

Defendant next argues that the Court fails to appreciate that in this context, jurisdictional rules are judge-made and are to be used with the goal of judicial economy. Id. The Supreme Court, defendant argues, "divests the district court of jurisdiction particularly and only as to '*those aspects*' of the case submitted to appellate review, expecting the district court to resolve other aspects of the case." Id. at 8 (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Defendant contends that here, the same issues are not before this Court and the Ninth Circuit simultaneously, and that the Court's July 25, 2024 Order failed to

distinguish that there were distinct aspects of the case other than those decided in the Court's February 1, 2024 Order on defendant's motion for a new trial. Id. at 9. Thus, defendant argues, the Court has overlooked and failed to follow binding precedent that it retains subject matter jurisdiction to decide motions related to other aspects of the case. Id. at 10.

Defendant argues that the Court retains jurisdiction for any litigation that aids the appeal, and that the Court would aid the appeal by deciding his motions, dkts. 1761-1763. Id. He argues that "[t]he Court of Appeals would certainly benefit from the district court resolving the contested issues about framework – counsel, access to the court, and impartial tribunal – resulting in the February 1 merits decision now on appeal." Id. at 11-12. Defendant also contends that if any court involved is lacking in jurisdiction it is the Ninth Circuit. Id. at 12. Defendant argues that the February 1, 2024 Order is not final because it lacks indicia of a final order and because the process resulting in the order was not reliable. Id. at 13-14. Finally, defendant renews his standing objections. Id. at 14.

In opposition, the government argues that the "Court should deny defendant's motions for reconsideration for the same reason as his previous motions for reconsideration: '[a]ll of defendant's numerous subsequent motions ultimately arise out of an attempt to relitigate the Court's February 1, 2024 Order denying defendant's motions for a new trial.'" Opp. to Recon. at 1 (quoting dkt. 1770 at 3). The government argues that "defendant's position is that the three motions filed at docket entries 1761, 1762, and 1763 show that the February 1, 2024 [O]rder was the product of an unreliable process and wrongly decided," and thus he acknowledges that the motions stem from the issues decided therein, which are now being appealed, divesting this Court of jurisdiction. Id. at 1-2. The government argues that the proper way for defendant to challenge the Court's February 1, 2024 Order is to litigate his appeal in the Ninth Circuit. Id. at 3.

The Court agrees with the government's position. Defendant's filing of a notice of appeal of the February 1, 2024 Order divests this Court of jurisdiction to reconsider any new motions for reconsideration pertaining to that Order. The Court does not find that defendant's motions, dkts. 1761-1763, are unrelated to the February 1, 2023 Order as defendant contends. Accordingly, the Court **DENIES** defendant's motion for reconsideration of the July 25, 2024 Order denying reconsideration and correction of the May 29, 2024 Order. Because the Court finds that no argument presented in defendant's proposed reply, dkt. 1773, Exh. B, would be able to overcome the jurisdictional barrier to the Court's consideration of his motions, it also **DENIES** defendant's motion for reconsideration of the Court's July 25, 2024 Order denying leave for defendant to submit a reply brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**           'O'

### B.     Motion for Tolling of § 2255 Statute of Limitations

Defendant argues that the one-year AEDPA statute of limitations should be equitably tolled for the entire time he pursued Rule 33(b)(1) proceedings, Mot. for Tolling at 3, and that equitable tolling is appropriate until the outcome of his petition for certiorari is determined, id. at 4. Defendant argues that he is not able to file a timely § 2255, motion because he has been deprived access to his legal file and experienced issues with his appointed standby counsel. Id. at 4-19. Defendant includes a detailed explanation of his efforts to access his legal file and case law he argues supports tolling given the difficulties he alleges. Id. at 19-23. Defendant argues that clerical mishandling led to his default on the Ninth Circuit's final deadline by which to petition for rehearing, and that without this mishandling, "the AEDPA 1-year limitations period would not have been triggered to run until a substantially later date." Id. at 24. Defendant contends that this would not have happened had his appointed appellate attorney not "exhibited bad faith, disloyalty, divided loyalty, and then open[] abandonment palpable in the run up to and especially following oral argument May 10, 2023." Id. at 24-25. Defendant thus argues he is entitled to statutory tolling pursuant to 28 U.S.C. § 2255(f). Id. at 30. Finally, defendant contends that the court should consider the numerous factors beyond his control in determining the question of tolling. Id. at 33.

In reply, the government argues that defendant's motion should be denied without prejudice to renewal once he has filed a motion for relief under 28 U.S.C. § 2255. Opp. to Tolling at 1. The government contends that there is no authority to allow the Court "'to preemptively extend the deadline to file a § 2255 motion.'" Id. at 1 (citing U.S. v. Awdatalla, 2023 WL 3948317, at *2 (W.D. Wash. June 12, 2023)). The government argues that defendant may eventually argue that equitable tolling applies "or that the deadline did not start until after his appeal was rejected due to an 'impediment,' § 2255(f)(2)," but that these arguments cannot be considered until defendant's § 2255 motion has been filed. Id. at 2. Deciding the issue before a motion has been filed, the government contends, would violate the case or controversy requirement of Article III. Id. at 3.

The Court agrees with the government that a ruling on equitable tolling or tolling pursuant to § 2255(f) of defendant's filing deadline is not proper at this stage, given defendant has not yet filed any § 2255 motion. The Court finds that it is appropriate to deny defendant's request and permit him to renew his arguments at the time such a filing is made.

Accordingly, the Court **DENIES** without prejudice defendant's motion for tolling of the AEDPA one-year statute of limitation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                                      'O'

### III.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for reconsideration, dkt. 1773, and defendant's motion for tolling of the AEDPA one-year limitation in which to file a § 2255 motion for habeas corpus relief, dkt. 1775.

Given that the Court finds it is able determine these issues on the basis of the papers already submitted by the parties, the Court **DENIES** defendant's requests to set briefing schedules on his two motions, dkts. 1779, 1780.

Further the Court's denial of reconsideration of the July 25, 2024 Order denying leave to extend defendant's deadline to file a reply renders defendant's second request to extend time to respond, dkt. 1771, moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |