UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL        'O'

| Case No. | 2:09-cr-00933-CAS | Date | February 10, 2025 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Chief of the Criminal Division – Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attys. for Defts: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RONALD GERALD BOYAJIAN | NOT | X | | PRO SE | | | |

**Proceedings:**    (IN CHAMBERS) - NOTICE OF MOTION AND MOTION FOR RECONSIDERATION [1787] (Filed October 18, 2024)

## I.    INTRODUCTION AND BACKGROUND

Presently before the Court are the following filings: defendant Ronald Gerald Boyajian's ("defendant") reply to the government's opposition on the issue of tolling the AEDPA one-year limitation in which to file a § 2255 motion for habeas corpus relief, dkt. 1782; defendant's reply to the government's opposition to reconsideration of the Court's July 25, 2024 order, dkt. 1783; defendant's second motion for reconsideration of the Court's July 25, 2024 order and motion for clarification of the Court's September 26, 2024 order, dkt. 1785; defendant's notice of errata, dkt. 1786; defendant's motion for reconsideration of his request for equitable tolling, dkt. 1787 ("Mot."); the government's opposition thereto, dkt. 1788 ("Opp."); defendant's reply on equitable tolling, dkt. 1791 ("Reply"); defendant's ex parte application for appointment of counsel, dkt. 1789; and defendant's notice of intent to file a motion for release of funds to retain counsel, dkt. 1792.

Defendant's motions for tolling of the AEDPA one-year limitation in which to file a § 2255 motion for habeas corpus relief, dkts. 1775, 1777, 1782, for reconsideration of the Court's July 25, 2024 order, dkts. 1773, 1778, 1783, and for reconsideration of his tolling motion, Mot., Opp., Reply, are fully briefed. The Court decides these motions herein and reserves judgment on the other pending motions until fully briefed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**            'O'

The facts and history of this case are well known to the parties. In March 2016, a jury convicted defendant of multiple sex offenses. Dkt. 1332. In February and March of 2019, he filed six motions for a new trial based on allegedly newly discovered evidence. Dkts. 1664, 1666, 1667, 1668, 1669, 1670. The Ninth Circuit affirmed defendant's conviction and issued its mandate on October 20, 2023. Dkt. 1744.

On February 1, 2024, the Court denied each of defendant's six motions for a new trial. Dkt. 1748.

On February 8, 2024, defendant filed an *ex parte* application requesting the Court suspend proceedings relating to his six motions for a new trial. Dkt. 1749. On February 23, 2024, the Court denied defendant's motion as moot. Dkt. 1752.

On March 8, 2024, defendant filed a motion to vacate the Court's February 1, 2024 Order denying defendant's six motions for a new trial and also to extend the deadline to appeal the order by thirty days. Dkt. 1753.

On March 15, 2024, defendant filed a notice of appeal regarding the February 1, 2024 Order. Dkt. 1755.

On April 4, 2024, the Court denied defendant's motion to vacate and granted defendant's request to extend the deadline to appeal until March 16, 2024. Dkt. 1758. Accordingly, the Court deemed defendant's March 15, 2024, notice of appeal to be timely. Id. at 5.

On April 22, 2024, defendant filed a notice of reconsideration. Dkt. 1759. On April 24, 2024, the Court construed defendant's filing as a request to file a motion for reconsideration and granted the request. Dkt. 1760. The Court ordered defendant to file his motion for reconsideration by May 15, 2024. Id.

On May 17, 2024, defendant filed three motions for an evidentiary hearing, for a case management conference, and for recusal, respectively. Dkts. 1761, 1762, 1763. On May 29, 2024, the Court issued an order finding that it "lacks jurisdiction over the[se] motions" because "[t]he filing of a notice of appeal 'divests the district court of its control over the aspects of the case involved in the appeal.'" Dkt. 1765 at 2 (quoting United States v. Vroman, 997 F.2d 627, 627 (9th Cir. 1993)).

On June 14, 2024, and June 24, 2024, defendant filed two copies of a motion for reconsideration of the Court's May 29, 2024 Order. Dkts. 1766, 1767. On July 25, 2024, the Court issued an Order denying defendant's motion for reconsideration and his motion for an extension of time to file a reply to the government's opposition of that motion. Dkt. 1770.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

On August 13, 2024, defendant filed a motion for reconsideration of the Court's July 25, 2024 Order denying leave to submit a reply brief to the government's opposition and reconsideration and correction of the May 29, 2024 Order. Dkt. 1773. On September 4, 2024, defendant filed a motion for tolling of the AEDPA one-year statute of limitation in which to file a § 2255 motion for habeas corpus relief. Dkt. 1775. On September 16, 2024, defendant filed his request to set a briefing schedule on the issue of tolling. Dkt. 1779. On September 17, 2024, defendant filed a request for an order setting a briefing schedule on the issue of reconsideration. Dkt. 1780. On September 26, 2024, the Court issued an Order denying defendant's motions and requests to set briefing. Dkt. 1781.

On October 4, 2024, defendant filed his reply to the government's opposition to his motion for tolling. Dkt. 1782. On October 10, defendant filed his reply to the government's opposition to his motion for reconsideration. Dkt. 1783. On October 18, 2024, defendant filed his second motion for reconsideration of the Court's July 25, 2024 Order and motion for clarification of the Court's September 26, 2024 Order. Dkt. 1785. On October 23, 2024, defendant filed a notice of errata, explaining several amendments he seeks to make to his motion for reconsideration and clarification. Dkt. 1786. Therein, he expresses his intent to file an amended motion forthwith. Id.

Also on October 18, 2024, defendant filed a motion for reconsideration of his request for tolling. Mot. On November 1, 2024, the government filed its opposition to the motion for reconsideration. Opp. On December 3, 2024, Boyajian filed his reply. Reply.

On November 13, 2024, Boyajian filed an *ex parte* application making a renewed request for the appointment of counsel. Dkt. 1789. On December 24, 2024, defendant filed notice of intent to file a motion to request release of funds to retain counsel, which he notes might bear on the request made in his *ex parte* application made on November 13, 2024. Dkt. 1792.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  DISCUSSION

### A.  Defendant's Replies

The Court has considered defendant's replies regarding both his motion on the issue of tolling the AEDPA 1-year statute of limitations and his motion for reconsideration. Dkts. 1782, 1783.

The Court finds that the arguments defendant presents in his reply do not alter the Court's findings in its September 26, 2024 Order which addressed the underlying motions and preceded defendant's filing of these replies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**　　　　'O'

**B.　　Defendant's Motion for Reconsideration of Tolling**

Defendant seeks to have the Court reconsider its September 26, 2024 Order denying equitable tolling of the one-year AEDPA statute of limitations. Mot. Defendant restates much of the argument put forth in his previous motion and reply. See generally, id. He contends that the Court "commits clear error by failing to consider and follow binding circuit authority approving prospective tolling." Id. at 10. Defendant argues that this Court must follow its decision granting prospective tolling in Peeters, No. 09-cr-00932-CAS, and that the Court commits clear error by failing to do so. Id. at 15. This, defendant argues, amounts to a denial of equal protection of the laws. Id. at 16-17. The Court, defendant argues, also fails to recognize and apply the doctrine of judicial estoppel, which is appropriate in this context because defendant relied on what the Court did in Peeters, and he should not be treated differently when his case for tolling is stronger than was Peeters'. Id. at 17. Defendant argues that the Ninth Circuit's Beeler case (Calderon v. U.S. Dist. Ct. for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283 (9th Cir. 1997)) controls and shows that the Court has jurisdiction to grant prospective tolling, and that law from other circuits supports this conclusion. Id. at 10-14. Defendant argues that the Court's denial of prospective tolling works manifest injustice against him, causes prejudice to him because he requires certainty about the relevant deadline in order to avoid miscalculation, and that he at least needs the Court to rule that he faces an impediment, in the form of restricted access to his legal file, that is keeping him from being able to timely file. Id. at 20-22. He argues that the government has not disputed that deprivation of his legal file is an impediment to his filing. Id. at 21. Finally, defendant argues that the government has waived the statute of limitations defense and that the Court has ignored relevant Supreme Court precedent with regard to waiver. Id. at 22. The government, defendant argues, would not suffer prejudice from tolling the deadline for twelve months, and the government does not refer to prejudice of any kind. Id. at 23, 29.

In opposition, the government argues that "the Court's tolling under Peeters was unreasoned and lacks any precedential value." Opp. at 1. The government argues that defendant's suggestion that the government consented to tolling in Peeters is not supported by the record, because there is no indication that defendant there ever obtained the government's position. Id. The government argues that defendant's reliance on Beeler is misplaced because it did endorse prospective tolling of habeas deadlines but was overruled at least in part a year later. Id. (citing Beeler, 128 F. 3d 1283; Calderon v. U.S. Dist. Ct. for the Cent. Dist. of Cal. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998) (en banc)). The government contends that in Smith v. Davis, 953 F.3d 582 (9th Cir. 2020) (en banc), the Ninth Circuit "implicitly rejected the concept of equitable tolling." Id. at 1-2. There, the government contends, the Ninth Circuit held that a petitioner has to show diligence in his efforts to file, "'up to the time of filing,'" which "is clearly inconsistent with deciding a year (or more) in advance that defendant is entitled to equitable tolling." Id. at 2. The government also argues that denial of the motion

would not result in manifest injustice and may save judicial resources, because the Court's order would be merely advisory in the event that defendant never ultimately files a habeas petition. Id. Finally, the government contends that even if the Court has jurisdiction, it should defer consideration of the request for tolling pursuant to its discretion to do so, because this "type of flexible and fact-specific inquiry should not be conducted in advance – at least not in this case given the nature of defendant's reasons for tolling." Id. at 3.

In reply, defendant argues that the government is committing a fraud on the Court because it is empowered to prospectively toll the limitations period and the government "misleads the Court about the state of the law" and "seeks to continue to manipulate this Court into violating [d]efendant's civil rights." Reply at 1-2. Defendant argues that Kelly V did not overrule the relevant portion of Beeler. Id. at 2. Defendant contends that Smith also did not overrule prospective tolling permitted by Beeler and that the government also misrepresents that holding because the case did not address prospective tolling. Id. at 2-3. Defendant cites a case wherein the government did not oppose equitable tolling, arguing that the government is "currently acceding to prospective tolling throughout the circuit …." Id. at 3-4. Defendant reiterates that the government "had waived and forfeit to present affirmative defenses to tolling" both in Peeters and in these proceedings. Id. at 4. Defendant contends that the government "presses the Court to discretionarily deprive [d]efendant of rights and privileges that it accords to other defendants similarly situated," and that the government "fails to refute directly on point authorities cited … holding that once affirmative defenses are waived, as here, this Court's scope of action is ordinarily narrow, limited to mere grant of prospective tolling, just as in Peeters." Id. at 4-5. The government, defendant argues, does not dispute that he has stronger ground for tolling than Peeters. Id. at 5. Defendant reiterates the request in his motion for briefing and an evidentiary hearing should the Court deny prospective tolling. Id.

There are only three possible grounds for a motion for reconsideration: (a) a material difference in fact or law; (b) the emergence of new material facts or a change of law; or (c) failure to consider material facts presented to the Court. L.R. 7-18. "In asking for a motion for reconsideration, a party may not merely urge the court to reconsider past arguments or present new arguments it failed to make prior to the issue of an order." Sewchez Int'l Ltd. v. CIT Grp./Com. Servs., Inc., No. CV-07-1211-SVW-JWJx, 2008 WL 11337382, at *2 (C.D. Cal. June 3, 2008).

The Court concludes that this motion must be denied because defendant has not complied with the basic requirements warranting reconsideration. The Court finds that it was not wrong as a matter of law to deny prospective tolling in the first instance. The gravamen of defendant's argument in this motion is that the Court failed to properly consider his arguments and the case law on which he relied in his original motion for equitable tolling. See generally, Mot. These arguments are improper on a motion for reconsideration. See L.R. 7-18 ("No motion for

reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."). To the extent that defendant is raising new facts and arguments here, the Court sees no reason that defendant should not have raised them in his original motion to be considered at that time.

Despite this conclusion, the Court addresses the fact that defendant revisits and expands upon the arguments made in his original motion about the applicability of Peeters. Dkt. 1775 at 2-3; Mot. at 15-17. Though defendant points out that both Peeters and the instant case were brought in 2009, were brought pursuant to the same statutes, both "involve Cambodian nationals where the respective foreign soil allegations were transferred from Cambodian courts of competent jurisdiction to the United States for trial," the circumstances surrounding the requests for tolling are not the same. Mot. at 17. In Peeters, defendant filed a motion for extension of time to file for habeas relief on the basis of lockdowns of unforeseeable length due to the Covid-19 pandemic. Case No. 09-00932 dkt. 267. In his motion, Peeters explained that his institution had "been in various forms of lockdown" since April 1, 2020 to the time of filing on November 18, 2020, and that the institution was "currently still in lockdown for the foreseeable future due to Covid-19." Id. at 1-2. Accordingly, the Court granted prospective tolling. Case No. 09-00932 dkt. 268. Here, the circumstances are not the same. Defendant argues that his "case presents a far more substantial basis than in Peeters for tolling, namely (1) [d]efendant has never had access to the files necessary to conduct the litigation, (2) he is in the midst of Rule 33(b)(1) litigation which the Court ruled is a critical stage of the criminal case, (3) he is imminently filing a certiorari petition to the Supreme Court from the direct appeal, (4) the direct appeal was terminated unlawfully, (5) the confluence of these factors." Mot. at 17-18. Additionally, the Court notes that the motion in Peeters was unopposed, while defendant's original motion was opposed, as is the instant motion. Dkt. 1777; see generally Case No. 09-00932. The Court concludes that reconsideration on this basis is not warranted, as its original assessment that "it is appropriate to deny defendant's request and permit him to renew his arguments at the time [a § 2255 motion is filed]" is not altered by defendant's more extensive argument about the alleged similarity of his circumstances to those in Peeters. Dkt. 1781. The Court concludes that the factual inquiry into defendant's circumstances and whether any late filing is excused is more properly conducted after such filing. Accordingly, the Court does not find reconsideration on the basis of defendant's arguments about purported similarity to Peeters appropriate.

## III.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for reconsideration of his motion for tolling of the AEDPA one-year limitation in which to file a § 2255 motion for habeas corpus relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES – GENERAL             'O'

The Court **RESERVES JUDGMENT** on all other pending motions until such time as they are fully briefed.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |